UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| WARD DEAN, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3;19cv3362MCR-EMT |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR DAMAGES CAUSED BY
UNAUTHORIZED IRS TAX COLLECTION ACTIVITIES**

Plaintiff Ward Dean is a Social Security beneficiary who never

receives benefits.  Each month, Internal Revenue Service employees have

seized his benefits and applied them to his purported tax debts.  But those

tax debts had a 10-year collection period that expired two years ago.  At

that time, the IRS (1) expunged the underlying liabilities, (2) extinguished

the related assessments, and (3) released the associated tax liens. Yet other

IRS employees continue to collect on those non-existent tax debts.

FILED USDC FLND PN
AUG 29 '19 PM3:55

The on-going seizures of Dean's monthly Social Security   benefits are unlawful and damaging.  Dean therefore sues to recover his damages.

## I.    PRELIMINARY STATEMENT

1.    The Court must decide whether defendant United States of America is liable to Plaintiff Dean, under 26 U.S.C. §§ 7433(a) and (b), for **$64,818.00**.  Dean would be entitled to recover that sum if the Court finds that he suffered actual and direct economic damages from certain IRS employees' unauthorized collection activities.

2.    Dean will show the Court that—

(a)  those IRS employees have seized his entire Social Security benefit payment each month for the past two years;

(b)  those IRS employees applied his benefit payments to tax debts with a 10-year tax collection period that expired two years ago; and

(c)  the IRS concedes that those tax debts, their recorded assessments, and their statutory tax liens, had been respectively expunged, extinguished, and released, also two years ago.

2

3.     The United States will not challenge Dean's factual showings; it will dispute their legal effect. Defendant will claim that the IRS has the legal power to seize Social Security benefits forever.  That's troubling.

## II.    JURISDICTION AND VENUE

4.     Plaintiff Dean brings his complaint under 26 U.S.C. § 7433(a), in which statute Congress waived the United States' sovereign immunity from suit.

5.     This Court has subject matter jurisdiction over this civil action under 28 U.S.C. §§ 1331 and 1340.

6.     Plaintiff Dean exhausted administrative remedy with his submission on August 12, 2019, to the proper IRS office, of his Notice of Administrative Claim Under I.R.C. § 7433(d) and C.F.R. § 301-7433-1(e).

a.     Dean's Administrative claim provided the IRS with all information required under C.F.R. §§ 7433-1(e)(2)(i – v).

b.     This complaint is timely under the provisions of C.F.R. §

301.7433-1(d)(2) as Dean's Administrative Claim was filed within the last

six months of the period of limitations described in C.F.R. § 301.7433-1(g).

7.     Venue is proper in this Court, under 28 U.S.C. § 1391(b)(2),

because a substantial part of the events giving rise to the claim occurred in

the Northern District of Florida.

### III.  PARTIES

8.     Plaintiff, Ward Dean, is an individual whose address is 6708

Plantation Road, Ste C-1, Pensacola, Florida, 32504.

9.      Defendant is the United States of America.  On information

and belief, Defendant's counsel, the U.S. Department of Justice, has its

offices located in this district at 21 East Garden Street, Suite 400, Pensacola,

Florida.

10.     Defendant's agent, the Commissioner of Internal Revenue,

maintains his Area Director's office in this district at 7180 N. 9th Avenue,

Pensacola, FL 32504.

4

## IV.  INDIVIDUAL IRS EMPLOYEES WHOSE
## TAX COLLECTION ACTIVITIES ARE AT ISSUE

10.    Defendant's agents, the individual IRS employees whose tax

collection activities caused this action are:

a.    **IRS Revenue Officer Catherine Sands**.  The name

Catherine Sands is an IRS pseudonym.  Plaintiff does not know her

legal name, but her Employee ID number is 59-08390. Her last known

address is 7189 N. 9th Avenue, Pensacola, FL 32504. Ms. Sands was

the primary IRS collections officer involved in the collection of

Plaintiff's 1997 through 2005 liabilities. Her pseudonymous signature

appears on the June 27, 2013 Notice of Levy sent to the Social Security

Administration.

b.    **IRS employees R.A. Mitchell and C. Nichols**. C.

Nichols is an IRS pseudonym. R.A. Mitchell's signature appears on

the Notice of Lien filed on September 19, 2007. Mitchell signs that

notice "for" IRS employee "C. Nichols" who is identified as a

"revenue officer." Plaintiff does not have either Mitchell's nor Nichols' Employee ID number or contact information, other than the phone number that appears on the 2007 notice for Nichols, 850-430-1110, ext 1110.

          c.      **The IRS employee who signed the August 23, 2017 Certificate of Release of Lien.**  Name and Employee ID unknown, except for an illegible signature and title "Operations Manager, Central Lien Operation" that appear on the Certificate. The name could be "Joan Flash," or "Jean Flach," or something similar.

          d.      **IRS Employees Unknown to Plaintiff**.  Those IRS employees who, unknown to Mr. Dean, assisted in seizing Plaintiff's Social Security benefits within the last two years.

      //////////////////////////////////////////////////////////////////////

## IV. STATEMENT OF FACTS

### A.   ASSESSMENT

11.   Following assessments made on September 3, 2007 Ward Dean owed the United States substantial federal income tax and additions to tax for the years 1997 through 2005.

12.   On September 3, 2007, the IRS—

(a) assessed tax liabilities against Dean for each of those years,

(b) notified Dean that—

(i)  each tax liability had been assessed, and that

(ii) a statutory lien had attached to all his property, and rights to property, up to the amount of each assessed tax liability,

(c)  demanded that he pay each assessed liability within 10 days, and

(d) warned him that the IRS would take enforced collection action against his property, and his rights to property, if Dean did not timely pay those assessed liabilities.

**B.   NOTICE OF FEDERAL TAX LIEN**

13.   True to its word, the IRS filed a Notice of Federal Tax Lien to secure payment of Dean's 1997 through 2005 tax liabilities.  The Clerk of the Court for Escambia County (Florida) recorded that Notice of Federal Tax Lien on September 19, 2007.

14.   The IRS filed the Notice of Federal Tax Lien on its Form 668(Y) (c), which was signed by IRS employee R.A. Mitchell "for" IRS Revenue Officer "C. Nichols."

15.   The IRS's Notice of Federal Tax Lien notified the public that—

(a)  Dean owed the United States substantial sums for the years 1997 through 2005 in federal income taxes and related amounts;

(b)  the IRS had assessed those tax liabilities on September 3, 2007; and

(c) if the IRS did not refile its Notice Federal Tax Lien on or before October 3, 2017, then the Notice itself would legally "operate as a certificate of [lien] release."

16.    In the next six years, Dean made payments, from his Social Security benefits and from other sources, on one or more of his tax liabilities.  But he could not satisfy either of them.

## C.    NOTICE OF LEVY

17.    For that reason, in June 2013, the IRS took its next enforced collection action against Dean. This time, IRS Revenue Officer Catherine Sands served the Social Security Administration with an IRS Notice of Levy.  That Notice of Levy purported to, and did in fact, seize Dean's July 2013 Social Security benefit payment—all of it—and his entire Social Security benefit payment for each month thereafter.

18.    Come September 2017, the IRS's Notice of Levy remained in effect against Dean's monthly Social Security benefit payment.  At that

point, Dean noticed that the IRS was acting differently toward him, and for good reason.

## D.   EXPIRATION OF THE COLLECTION STATUTE OF LIMITATIONS

19.   On September 3, 2017, the 10-year statutory period that the IRS had to collect Dean's 1997 through 2005 tax liabilities expired.

20.   The IRS knew that September 3, 2017, represented what it calls the Collection Statute Expiration Date (CSED) for Dean's tax liabilities.  To anticipate that date, the IRS took three legal actions. First, it expunged Dean's tax liabilities from its records. Second, it extinguished its recorded tax assessments from the IRS's accounts receivable. Third, it released the associated tax liens that the United States held against Dean's property and property rights.

21.   The IRS announced all three of its legal actions in a Certificate of Release of Lien dated August 23, 2017.  The IRS sent that Certificate for filing to the Clerk of the Court for Escambia County (Florida), the same state office in which the IRS had filed its related Notice of Federal Tax Lien.

10

22.     To Dean and the IRS the September 3, 2017 Collection Statute Expiration Date was significant.  It caused the IRS to concede that he did not have any unpaid tax liabilities, to acknowledge that its tax assessments against him were no longer collectible, and to announce that the United States no longer had a lien against his property and property rights.  At last, Dean had a federal tax fresh start.

## E.     THE IRS LEVY CONTINUES PAST THE CSED

23.     Almost.  Publicly, the IRS had announced that Dean had no liability, nor an assessment, nor a lien, on which it could lawfully collect a tax.  Privately, the IRS continued to seize his Social Security benefit payments after September 3, 2017.  Every month.  Every payment.  Every dollar.

24.     Dean's right of action therefore accrued on September 3, 2017, the date that the statutory 10-year period for the IRS to collect his 1997 through 2005 tax liabilities expired.

**F.    ACTIONS THAT WOULD TOLL OR EXTEND THE CSED**

25.    Dean has not taken any action that would have legally extended that statutory 10-year tax collection period beyond September 3, 2017.

26.    Dean has taken no action that would have legally tolled the statutory 10-year tax collection period or extended it beyond September 3, 2017.

27.    The United States did not bring a tax collection suit against Dean to collect his 1997 through 2005 tax liabilities before September 3, 2017.

28.    Dean is compliant with all his post-2005 federal income tax filing and payment obligations.

**G.    MITIGATION OF DAMAGES**

29.    In the last two years, Plaintiff knew of no action—other than a bankruptcy petition— that he could have taken to mitigate the damages

that he suffered from the IRS's monthly seizures of his Social Security benefit payments.

30.   Dean did not file a bankruptcy petition in the last two years.

## H.   ASSESSMENT AND NOTICE IRREGULARITIES

31.   Since September 3, 2017, the IRS has seized Dean's monthly Social Security   benefit payment and applied it to tax year 1997 "interest" charges.

32.   In each month since September 3, 2017, generally, the IRS will purport to assess a 1997 "interest" charge against Dean in the exact amount of his soon-to-be seized Social Security benefit payment.

33.   In each month since September 3, 2017, alternatively, the IRS will purport to assess Dean's seized Social Security benefit payment as if it was a tax year 1997 "interest" charge.

34.   The "interest" charges, each purportedly assessed in anticipation of, and in the exact amount of each of the IRS's post-September

3, 2017 seizures were not embraced within totals shown on the June 2013 Notice of Levy.

35.     The IRS purportedly assessed and actually collected the tax year 1997 interest amounts from Dean without ever sending or giving him a statutory notice and demand for their payment.

## I.     ACTUAL DIRECT ECONOMIC DAMAGES

36.     On and after September 3, 2017, the above named and described IRS employees engaged in reckless, or intentional, or negligent, tax collection activities against Dean. They thereby caused him to suffer the following actual and direct economic damages:

(a)  In Calendar Year 2017

After September 3, 2017, the IRS seized Dean's entire Social Security benefit payment, in the amount of $2,732.50, for the months of September, October, November, and December 2017.

**Total Calendar Year 2017 Damages = $10,930.**

(b)  In Calendar Year 2018

The IRS seized Dean's entire Social Security benefit payment, in the amount of $2,630, for each of the twelve months in 2018.

14

**Total Calendar Year 2018 Damages = $31,560**.

(c)  In Calendar Year 2019

The IRS seized Dean's entire Social Security benefit payment, in the amount of $2,791, for each of the first 8 months in 2019.

**Total Calendar Year 2019 Damages = $22,328.**

32.    **Dean, therefore, suffered total actual and direct economic damages in the amount of $64,818. He claims that amount in this action**.

**J.      EXHAUSTION OF ADMINISTRATIVE REMEDY**

33.    Mr. Dean sent a Notice of Administrative Claim Under I.R.C. § 7433 and C.F.R. § 301-7433-1(e) stating issues identical to those in this Complaint, on August 12, 2019, to both the North Florida Area Director's Office, per the regulation, and to the IRS Advisory Group for North Florida per IRS Publication 4235.

34.    Mr. Dean has receipts showing delivery of the claim to both offices on August 13 and 14, 2019 respectively.

35.    Plaintiff's claims complied with C.F.R. § 7433-1(e) by providing accurate contact information for him, his social security number, facts, grounds, and documentation for his claim, and the dollar amount of his claim, including a protective claim for payments that would occur up until the statute of limitation date for the claim. The claim was properly signed.

36.    Because Plaintiff's administrative claim was made during the last six months of the two year period allowed by C.F.R. § 301.7433-1(g) this Complaint is being filed under the terms of C.F.R. § 301.7433-1(d)(2), which allows the filing of a district court action at any time after filing the administrative claim and before the expiration of the two year statute of limitations even if no determination has been made on the administrative claim before the action is filed.

37.    As of this writing Dean has not received a decision on his administrative claim, but under the statute he has exhausted his administrative remedies sufficiently to allow this action to proceed.

## COUNT I

### Reckless, Intentional, or Negligent, Disregard
### Of 26 U.S.C. § 6502(a) and 26 C.F.R. § 301.6502-1(a)
### (26 U.S.C. § 7433(a))

38.    Dean realleges and incorporates by this reference the allegations set forth in paragraphs 1 through 37, above.

39.    The IRS employees both identified and described above took tax collection activities against Dean that were reckless, or intentional, or in negligent disregard of 26 U.S.C. § 6502(a)  and 26 C.F.R. § 301.6502-1(a). Specifically, those IRS employees maintained the June 27, 2013 Notice of Levy against Dean's Social Security benefit payments for each month after September 3, 2017, until this month.  Those IRS employees so acted although each knew, or each should have known, that:

(a) the 10-year statutory and regulatory period to collect those liabilities had expired on September 3, 2017, and

(b)  both 26 U.S.C. § 6502(a) and 26 C.F.R. § 301.6502-1(a) barred collection of any 1997 through 2005 income tax liabilities from Dean's Social Security benefit payment at any time after September 3, 2017.

40.    The IRS employees identified and described herein revealed their actual and constructive knowledge that 26 U.S.C. § 6502(a) and 26 C.F.R. § 301.6502-1(a) barred them from collecting Dean's 1997 through 2005 income tax liabilities from his Social Security benefit payments when they on August 23, 2017 —

(a)  expunged those tax liabilities from the IRS's records;

(b)  extinguished the related tax assessments from the IRS's accounts receivable; and

(c)  released the associated United States' liens on Dean's property and property rights.

41.    Despite their actual and constructive knowledge of what 26 U.S.C. § 6502(a) and 26 C.F.R. § 301.6502-1(a) required them to do, the IRS

employees identified and described herein did not cease their levy against Dean's Social Security benefit payments.

42.     Instead, those IRS employees chose to maintain the IRS's Notice of Levy and thereby caused monthly, successive, unlawful seizures of Dean's Social Security   eenefit payments.

43.     Those IRS employees knew, or should have known, that after September 3, 2017, no internal revenue law or regulation authorized them to subject Dean's Social Security benefit payments to an indefinite, perpetual, or interminable levy or seizure.

44.     The collection actions that the IRS employees identified and described above took against Dean's Social Security benefit payments were in reckless, intentional, or negligent disregard of both 26 U.S.C. 6502(a) and 26 C.F.R. § 301.6502-1(a).  Dean suffered damages from those unauthorized collection activities, in the amount of $64,818 to which he is entitled to recovery under I.R.C. § 7433.

## COUNT II

### Reckless, Intentional, or Negligent, Disregard
### Of 26 U.S.C. § 6331(a) and 26 C.F.R. § 301.6331-1(a)(1)
### (26 U.S.C. § 7433(a))

45.     Dean realleges and incorporates by this reference the allegations set forth in paragraphs 1 through 44, above.

46.     The IRS employees both identified and described above took tax collection actions against Dean that were reckless, or intentional, or in negligent disregard of 26 U.S.C. § 6331(a) and 26 C.F.R. § 301.6331-1(a)(1). Specifically, those IRS employees maintained the June 27, 2013 Notice of Levy against Dean's Social Security benefit payments for each month after September 3, 2017, until this month. Those IRS employees did so even though each knew, or each should have known, that:

(a)  the 10-year statutory and regulatory period to collect those liabilities had expired on September 3, 2017;

(b)  neither 26 U.S.C. § 6331(a) nor 26 C.F.R. § 301.6331-1(a)(1) authorized them to maintain the IRS's Notice of Levy in force and effect

against Dean's monthly Social Security benefit payment past September 3, 2017 or to maintain a continuous levy; and

(c) Dean did not either neglect or refuse to pay the purported assessment of 1997 "interest" against which they applied Dean's seized monthly Social Security payment.

47.   Those IRS employees knew, or should have known, that after September 3, 2017, no internal revenue law or regulation authorized them to subject Dean's Social Security benefit payment to a continuous, indefinite, perpetual, or interminable, levy or seizure.

48.   Despite their actual and constructive knowledge of what 26 U.S.C. § 6331(a) and 26 C.F.R. § 301.6331-1(a)(1)) required of them, the IRS employees identified and described herein did not cease their unauthorized collection activities against Dean's Social Security benefit payments.

49.   Instead, those IRS employees chose to maintain the IRS's Notice of Levy and thereby caused monthly, successive, unlawful seizures of Dean's Social Security benefit payments.

50.     The collection activities that the IRS employees identified and described herein took against Dean's Social Security benefit payments were in reckless, intentional, or negligent, disregard of both 26 U.S.C. § 6331(a) and 26 C.F.R. § 301.6331-1(a)(1).  Dean suffered damages from those unauthorized collection activities, in the amount of $64,818 which he is entitled to recover under I.R.C. § 7433.

### COUNT III

**Reckless, Intentional, or Negligent, Disregard
of 26 U.S.C. §§ 6601(e), (g) and 26 C.F.R. § 301.6601-1(a) and (f)
(26 U.S.C. § 7433(a))**

51.     Dean realleges and incorporates by this reference the allegations set forth in paragraphs 1 through 50, above.

52.     The IRS employees both identified and described above took tax collection activities against Dean that were reckless, or intentional, or in negligent disregard of 26 U.S.C. §§ 6601(e), (g) and 26 C.F.R. § 301.6601-1(f).

53.     The IRS employees identified and described herein did not assess and collect tax year 1997 "interest" amounts in the same manner as they assessed and collected the underlying federal income tax liability.

54.     No internal revenue law or regulation authorized those IRS employees to assess tax year 1997 "interest" amounts, after September 3, 2017, in aid of its tax collection activities taken against Dean.

55.     Those IRS employees knew, or should have known, that with respect to any tax year 1997 interest amounts, 26 U.S.C. § 6601(g) provided:

> "Interest prescribed under this section on any tax may be assessed and collected at any time during the period within which the tax to which such interest relates may be collected."

56.     Those IRS employees knew, or they should have known, that with respect to any tax year 1997 interest amounts, 26 C.F.R. § 301.6601-1(f) counseled:

> "Interest on a tax may be assessed and collected at any time within the period of limitation on collection after assessment of the tax to which it relates. For rules relating to the period of limitation on collection after assessment, see section 6502."

57.     And finally, under 26 C.F.R. § 301.6601-1(a) interest may only be calculated against "unpaid amount[s] of tax".

58.     The IRS employees identified and described herein knew or should have known, that after September 3, 2017 there were no unpaid amounts of tax for Plaintiff's tax year 1997. They nevertheless, in reckless, deliberate, or negligent disregard of C.F.R. § 301.6601-1(a) continued to calculate, allegedly assess, and post to Dean's 1997 income tax account monthly interest charges in amounts that anticipated the exact Social Security benefit levy payments.

59.     These employees' disregard of I.R.C. § 6601 provisions and regulations has harmed Plaintiff in the amount of $68,818, to which he is entitled to recovery under I.R.C. § 7433.

## COUNT IV

**Reckless, Intentional, or Negligent, Disregard
Of 26 U.S.C. § 6303(a) and 26 C.F.R. § 301.6303-1(a)
(26 U.S.C. § 7433(a))**

60.     Dean realleges and incorporates by this reference the allegations set forth in paragraphs 1 through 59, above.

61.    The IRS employees both identified and described above took tax collection activities against Dean that were reckless, or intentional, or in negligent disregard of 26 U.S.C. §§ 6303(a), and 26 C.F.R. § 301.6303-1(a).

62.    The IRS employees identified and described herein failed to send Dean a statutory notice and demand for payment of the purportedly assessed tax year 1997 "interest" amounts that were calculated and posted to his account each month after the CSED of September 3, 2017.

63.    Yet those IRS employees knew, or should have known, that three statutes required them to send Dean a statutory notice and demand before it could collect from him any tax year 1997 "interest" amount—

(a)  26 U.S.C. § 6303(a);

(b)  26 U.S.C. § 6331(a); and

(c)  26 U.S.C. § 6601(e)(1).

64.    Those IRS employees also knew, or should have known, that three Treasury regulations required them to send Dean a statutory notice and demand before it could collect from him any tax year

1997 "interest" amount—

    (a)  26 C.F.R. § 301.6303-1(a)

    (b)  26 C.F.R. § 301.6331-1(a)(1); and

    (c)  26 C.F.R. § 301.6601-1(f).

65.    These employees' reckless, deliberate, or negligent disregard of statutes and regulations specified above requiring notice and demand before collection actions may ensue has harmed Plaintiff in the amount of $68,818, to which he is entitled to recovery under I.R.C. § 7433.

///////////////////////////////////////////////////////////////////////////////

//////////////////////////////////////////////////////////

///////////////////////////

## PRAYER FOR RELIEF

On and after September 3, 2017, in each month for the nearly two years that followed, certain IRS employees have seized Dean's Social Security benefit payments to satisfy tax liabilities that are legally uncollectible, unassessed, unsecured, and non-existent. Those IRS employees' collection activities against Dean caused him to suffer substantial actual and direct economic damages.

WHEREFORE, Plaintiff Ward Dean respectfully prays for the following relief:

1.      a finding that each IRS employee identified and described herein recklessly, or intentionally, or negligently, violated the statutes and regulations that underlie Counts I, II, III, and IV, of this complaint;

2.      a conclusion that, under 26 U.S.C. § 7433(a), Dean is entitled to recover from the United States of America his direct, actual, economic damages caused by its IRS employees' unauthorized tax collection activities taken against his monthly Social Security benefit payments;

3.     a judgment, under 26 U.S.C. § 7433(b), against the United States

of America, in in the amount of $64,810; plus, (a) the costs of bringing this

action and (b) statutory interest from September 3, 2017, until the judgment

is satisfied; and

4.     all other relief to which Dean is entitled and which the Court

deems just and appropriate.


Respectfully submitted this 29th day of August, 2019


Ward Dean, Plaintiff *pro se*
6708 Plantation Road, Ste C-1
Pensacola, Florida 32504
Phone 850-293-0278
E-mail: warddeanmd@protonmail.com

## **Certificate of Service**

I certify that on this 29th day of August, 2019, I sent via certified mail a copy of the above-styled Complaint for Damages to:


U.S. Department of Justice
Office of Attorney General
ATTN: Civil Process Clerk
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

United States of America
c/o Lawrence Keefe, United States Attorney
Northern District of Florida * Pensacola Division
ATTN: Civil Process Clerk
21 East Garden Street
Suite 400
Pensacola, FL 32502

The Commissioner of Internal Revenue
Attn: Civil Process Clerk
1111 Constitution Ave., NW
Washington, DC 20224


Respectfully submitted,

Ward Dean
Plaintiff, Pro Se
6708 Plantation Rd, Ste C-1
Pensacola, FL  32504
850-293-0278