# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| WARD DEAN, | ) |
| Plaintiff, | ) Case No. 3:19-CV-3362-MCR-HTC |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## UNITED STATES' COMBINED MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) AND SUPPORTING MEMORANDUM

The United States respectfully moves this Court to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

Plaintiff's allegations of unauthorized tax collection and assessment activity after the Collection Statute Expiration Date ("CSED") are incorrect. The IRS levy of Plaintiff's Social Security benefits ("Benefits") was a one-time event that occurred prior to the CSED. The levy, issued in 2013, seized Plaintiff's right to receive future Benefits to satisfy a portion of his tax debt. Those Benefits are paid monthly, not in a lump sum. After its levy, the IRS extinguished the remainder of its tax lien and ceased other collection activity. The ongoing payment of Benefits to the Treasury and related IRS action is not, as Plaintiff claims, an action to collect an unenforceable debt. Rather, it is a timely action to collect funds owed to

the United States. Thus, Plaintiff's Complaint fails to state a claim upon which relief can be granted and therefore should be dismissed.

## ISSUE PRESENTED

<u>Legal Entitlement to Recover Damages for Unauthorized Tax Collection</u>

To recover damages from the United States under 26 U.S.C § 7433(a), a plaintiff must show that an officer or employee of the IRS disregarded a provision of Title 26 of the US Code (The Internal Revenue Code).[1] Plaintiff's incorrect allegations about a valid one-time levy executed years ago do not show that an officer or employee disregarded Title 26. Has Plaintiff pled sufficient facts to show he is legally entitled to recover damages?

## FACTUAL SUMMARY

Plaintiff owed the United States "substantial federal income tax and additions to tax for the years 1997 through 2005." *Pltf's Compl*, ¶ 11. In June of 2013, the IRS issued a notice of levy against Plaintiff seizing his Social Security Benefits. *Pltf's Compl*, ¶17. As stated by Plaintiff: "That notice of levy … seize[d] [Plaintiff's] July 2013 Social Security Benefit payment – all of it – and his entire Social Security benefit payment for each month thereafter." *Id*. *See also* Exhibit

---

[1] Plaintiff also has a duty to mitigate his damages and to exhaust his administrative remedies.

A.[2] Following the execution of this levy, the IRS released its tax lien on Plaintiff's remaining property on August 23, 2017. *See Pltf's Compl,* ¶20.

# MEMORANDUM

**Plaintiff's Complaint Should Be Dismissed Because Plaintiff Is Not Legally Entitled to His Claim for Damages.**

The levy of Plaintiff's future Benefits was a one-time levy executed within the CSED. The IRS levied the entirety of the payment stream at one time, redirecting all future payments. Plaintiff cannot show any facts that the previously executed levy violated Title 26. Because Plaintiff's Complaint fails to state a claim that plausibly supports his claim for relief, the Complaint should be dismissed.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim *showing* that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–678 (2009) (emphasis added). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id*. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader

---

[2] The levy issued against Plaintiff, as referenced in his complaint, is integral to this claim and can be considered by this Court within a Rule 12(b)(6) motion without converting the motion to a Rule 56 motion. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999).

3

is entitled to relief.'" *Id.*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (emphasis added).

The IRS levied Plaintiff's Benefits in June of 2013. This was a timely and authorized collection activity on an enforceable tax debt. Despite these facts, Plaintiff seemingly portrays the IRS's levy as continuous, rather than a one-time action, in order to assert that the IRS is unlawfully collecting a debt after the CSED. The distinction is irrelevant. Even if payments continue to be diverted to this day, the levy causing that diversion was completed years ago and is valid. The IRS seized the entirety of Plaintiff's future Benefits, meaning that Plaintiff no longer has any right to claim the Benefits.

### A. The IRS Can Levy Plaintiff's Future Social Security Benefits Through a One-time Levy Action.

One-time levies are used for assets that have a fixed and determinable value at the time of the levy. The asset can be readily valued, so collection activities can occur to satisfy a taxpayer's debt. *See* 26 U.S.C. § 6335. Conversely, continuous levies are, generally, used for assets that are not necessarily fixed and determinable at the time of the levy, such as wages. *See* 26 U.S.C. § 6331(e). The IRS can levy future streams of payments through a one-time levy:

> … a one-time levy may seize a future stream of payments if the taxpayer's right to the payments is fixed and determinable without any requirement for the provision of future services.

*Bowers v. United States*, 860 F. Supp.2d 921, 922-923 (C.D. Ill.) *aff'd,* 498 F. App'x 623 (7th Cir. Dec. 20, 2012).

A levy of future payment streams includes future payment of Benefits. Comparable to this matter, the plaintiff in *Hines* alleged that "the levy on his social security retirement benefits was illegal because it violated the fifteen percent cap on 'continuous' levies imposed by 26 U.S.C § 6331(h)." *Hines v. United States*, 658 F. Supp. 2d 139, 145-46 (D.D.C 2009). The court rejected this argument:

> Plaintiff's right to receive periodic payments for his Social Security retirement benefits *was a vested interest.* The amount of benefits are *calculable* – they are based on earnings averaged over a plaintiff's lifetime and *determinable* based upon a complex formula. The Social Security Administration's ongoing payment of a specific amount of retirement benefits to plaintiff every month therefore was an 'obligation [] existing at the time' the levies attached under 26 U.S.C. § 6331(b). … The United States has shown that the levies were not continuous levies, because the Social Security Administrative was already obligated to make the periodic payments. … The levies were not unlawful.

*Hines*, 658 F.Supp at 146-47 (citations omitted) (emphasis added).

Other courts agree: "social security payments represent a present, vested right to receive such benefits in fixed monthly payments for the rest of [plaintiff's] life." *Bowers*, 861 F.Supp.2d at 923. "'The amount of [these] benefits are calculable,' and therefore … the IRS could seize the plaintiff's 'entire stream of [social security] payments [through] a one-time levy pursuant to §§ 6331(a) – (b)." *Holland v. United States*, 2019 WL 1077123 (E.D. Mich. Mar 7, 2019) (quoting *Bowers*, 861 F. Supp. 2d at 923). *See also O'Donnell v. United States*, 2014 WL

5

5350448, at *3 (S.D. Ill. Oct 21, 2014) ("[A] levy may seize a future stream of payments to which the taxpayer has an unqualified fixed right" and there is "nothing wrong with" the IRS' levy on plaintiff's "right to receive future social security or pension payments."), *aff'd* 611 F. App'x 879 7th Cir. May 26, 2015).

There is no statutory prohibition preventing the levying of a taxpayer's future stream of Benefits. *Enax v. Commissioner of Internal Revenue*, 2011 WL 8150645 at *1 (M.D. Fla. Jan 14, 2011); *see also Clift v. United States Internal Revenue Service*, 2017 WL 417123, at *2 (W.D. Wash. Feb 8, 2017); *Beam v. United States Government*, 2007 WL 1674083, at *1 (D. Ore. June 6, 2007).

The IRS is empowered to levy Benefits through a one-time action because the value of the future benefits received from Social Security are fixed, effectively guaranteed, and Plaintiff would have an unqualified right to them.

### B. Because the Levy of Plaintiff's Benefits was Lawful, Plaintiff Cannot Plead Sufficient Facts to Show He Has a Plausible Claim.

The collection actions taken by the IRS here were valid and Plaintiff has failed to plead sufficient facts to show he has a plausible claim for relief otherwise. Because the IRS timely issued the one-time levy of all future Benefits prior to the CSED, the levy was valid. *See* 26 U.S.C. § 6331. The monthly payment of the Benefits to the Treasury is not a separate collection action on an unenforceable debt every month as Plaintiff alleges. *See Pltf's Compl,* ¶ 23. The full value of his

future Benefits were levied in 2013; the payment of those benefits simply continue to occur as the payments are issued by the Social Security Administration.[3]

The stream of payments is permanently levied and that action occurred within the applicable statute of limitation. As the levy was proper, no violation of Title 26 is properly shown in Plaintiff's Complaint.

### C. Plaintiff's Allegations of Improper Assessments are Irrelevant

Finally, Plaintiff's assertion that the IRS is required to issue him a notice and demand monthly for the seized Benefits is incorrect. Plaintiff's Benefits have been seized by the IRS to satisfy a previously owed tax debt to the United States. While Social Security payments continue, and Plaintiff receives notice of those payments being made to the Treasury, the Benefits were validly levied by the IRS in June of 2013. The notices only are of the administrative transfer of the Benefits to the Treasury. No collection or assessment of tax is occurring through these notices, as the IRS is merely receiving the stream of payments from the Social Security Administration pursuant to its timely levy. Sections 6303(a), 6331(a) and 6601(e)(1) are inapplicable to Plaintiff's situation as he has no legal claim to the Benefits by virtue of the June 2013 levy.

---

[3] Social Security Benefits are paid monthly. The IRS can only collect the monthly payment from the Social Security Trust Fund as Plaintiff would not be entitled to withdraw his entire future stream of Benefits from the Trust Fund.

## CONCLUSION

Plaintiff's Complaint does not sufficiently identify any part of title 26 that has been disregarded. Therefore, Plaintiff's Complaint fails to plead sufficient facts to support his claim for relief under 26 U.S.C. § 7433(a).

WHEREFORE, the United States of America respectfully requests that Plaintiff's Complaint be dismissed for failure to state a claim upon which he is entitled to relief.

Dated: November 15, 2019

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Conor P. Desmond*
CONOR PATRICK DESMOND
DC Bar Number 1531356
NDFL NextGen CM/ECF
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington, D.C.  20044
202-616-1857 (v)
202-514-4963 (f)
Conor.P.Desmond@usdoj.gov

Of counsel:
LAWRENCE KEEFE
United States Attorney
Northern District of Florida

## WORD COUNT CERTIFICATION

Pursuant to Northern District of Florida local rule 7.1(F) this combined motion to dismiss and memorandum of support contains 1725 words, not including the case style, signature block and certificates.

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing Combined Motion to Dismiss Pursuant to Rule 12(b)(6) and Supporting Memoranda was served on November 15, 2019 through the Court's CM/ECF system, which automatically sends email notification of such filing to all CM/ECF users. In addition, a copy of this motion and attached exhibit was sent via US Mail to the below address of record on November 15, 2019.

WARD DEAN
6708 Plantation Rd
Suite C-1
Pensacola, FL 32504

                                             */s/ Conor P. Desmond*
                                             CONOR P DESMOND
                                             Trial Attorney, Tax Division
                                             U.S. Department of Justice