IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| WARD DEAN, | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Case No. 3:19-CV-3362-MCR-HTC |
| | ) |
| UNITED STATES OF AMERICA, | ) |
|     Defendant. | ) |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION
## TO UNITED STATES' COMBINED MOTION TO DISMISS
## PURSUANT TO RULE 12(b)(6) AND SUPPORTING MEMORANDUM

This case asks whether the IRS's post-collection statute of limitations levy on Ward Dean's entire monthly Social Security benefits shall end with death, taxes, or damages.

Dean sues the United States, under 26 U.S.C. § 7433(a), for the $64,818 in damages that certain IRS employees caused him through their unlawful levy. Dean's complaint states four plausible claims that, should he prove any of them, entitle him to that damages sum—and then some.

The United States' motion to dismiss, then, is the filing that fails.

1

## I. INTRODUCTION

The Defendant alleges in his Motion to Dismiss that Plaintiff's allegations of unauthorized tax collection actions are incorrect because the levy that began in 2013 was in fact a "one-time" event that seized all of Plaintiff's future Social Security benefits on the levy date and that the already seized future benefits are simply being paid monthly, but belong entirely to the United States. (D's Motion, ECF 12, pg. 1)

Essentially Defendant is saying, in a triumph of form over substance, that the current ongoing monthly seizure of Dean's Social Security benefit is not really a "collection action" at all. The entire action took place in 2013 when the Notice of Levy was served on the Social Security Administration.

The key fact that Defendant must ignore, and which is undisputed and well pled, is that Dean's debt was satisfied when the Collection Statute Expiration Date (CSED) passed over two years ago. (Complaint, ECF 1, ¶ 20) The IRS agreed. It abated the assessments on Dean's related IRS accounts. Dean no longer owes the tax debts that appear on the 2013 Notice

2

of Levy and has not owed them since the September 3, 2017 CSED. (Complaint, ECF 1, ¶ 20)

The IRS, however, continued and continues still to collect against those non-existent debts in a related monthly collection action by posting new debts to Dean's account for satisfaction by the ongoing levied payments. (Complaint, ECF 1, ¶ 23) IRS posts those new debts as "interest" to Dean's satisfied 1997 account in violation of numerous I.R.C. provisions stated in the Complaint. (Complaint, ECF 1, ¶¶ 31, 32, 33)

With no tax debt owing, Dean's seized monthly benefits have no debt to satisfy. So the IRS makes up interest charges every month against a zero balance and posts them to Dean's account. (Complaint, ECF 1, ¶ 31) Defendant refers to this as a "related IRS action." (D's Motion, pg. 1) It is clearly an inseparable part of the original 2013 Levy collection action. To take that action when Dean owes no tax, the IRS must disregard numerous I.R.C. requirements in order to create post-CSED liabilities to which the ongoing levy payments are applied. The IRS's disregard of I.R.C.

requirements concerning the calculation, assessment, and collection of those liabilities is inextricably connected to and part of the ongoing collection action against Plaintiff's Social Security benefits. Plaintiff is not challenging those charges for assessment defects—he is challenging the unlawful posting of the charges that are clearly related ongoing collection actions on the 2013 Levy for satisfied debts.

Defendant's notion that the levy was a "one-time event" raises several questions of dispositive law that the Defendant leaves unanswered in the Motion.

Furthermore, Defendant admits that an ongoing collection action is indeed occurring in relation to the original levy. While claiming the 2013 Levy was a one-time collection action, defendant refers to "The ongoing payment of Benefits to the Treasury and related IRS action...." (D's Motion, pg. 1) (emphasis added)

It is precisely this "related IRS action" that Plaintiff alleges is an unauthorized collection action. Because Dean now owes none of the debts

that appear on the 2013 Levy, the IRS must play fast and loose with the

I.R.C. to post new liabilities for the levied SS payments to satisfy. These

related actions are clearly "collection actions" by any standard as collection

would be impossible without new debts to satisfy and the actions involved

relate to the now-satisfied debts on the original Notice of Levy.

These actions cannot be reasonably separated from the original 2013

Levy. The IRS's disregard of I.R.C. requirements in creating new liabilities

for Plaintiff out of thin air is inextricably connected to the original Levy

collection action.

If Plaintiff's complaint failed to adequately articulate the facts and

grounds surrounding the IRS' unlawful collection actions, Plaintiff would

like to avail himself of the opportunity to amend it. But Plaintiff believes

the facts he alleged in the complaint are soundly pled, arise from unlawful

collection actions by IRS employees, and state a plausible claim for relief.

Plaintiff's complaint meets the very low pleading bar to justify a full and

fair hearing of the case by this court.

5

## II. REPLY TO DEFENDANT'S FACTUAL SUMMARY
## AND ADDITIONAL FACTS

Defendant summarizes the facts in the 65 paragraph Complaint in a

single paragraph. Defendant mentions only three facts, all taken directly

from the Complaint. (D's Motion, ECF 12, pg 2 last ¶; Complaint, ¶ 11)

The key fact that Defendant ignores is that <u>Plaintiff no longer owes</u>

<u>the taxes shown on the original Notice of Levy, nor has he since September</u>

<u>3, 2017.</u> (Complaint ¶¶ 22 and 58)

Second, Defendant did indeed issue a 100% levy against Dean's

Social Security benefits to collect what were then unpaid liabilities. (Ibid;

Compl. ¶ 17)  Dean does not challenge Defendant's authority to take up to

100% of a Social Security benefit payment.  Plaintiff challenges Defendant's

claim to "ownership in its entirety" of all of Dean's future Social Security

benefits when Dean owes no taxes, and he challenges the unlawful manner

in which the IRS is collecting and applying those payments to newly

created debt.

Defendant admits that he currently takes "related action[s]" to create

new liabilities for currently levied payments to satisfy,  (D's Motion, pg. 1) and admits that he is ignoring the I.R.C. to do so. (D's Motion, pg. 7, "No... assessment of tax is occurring through these notices.")

The IRS certified that Dean's debts for 1997 through 2005 have been satisfied. (Complaint, ECF 1, ¶¶ 20, 21)  Because Dean has no liabilities against which the IRS can credit the monthly Social Security levy payments, IRS employees must disregard the statutes and regulations identified in Complaint Counts I through IV when they take related collection actions to create new liabilities for posting to Dean's 1997 account for satisfaction as each levied payment comes in.

Finally, the Defendant contradicts his claim that the ongoing collection "is a timely action to collect funds owed to the United States" when he says further on in his Motion, "Plaintiff's Benefits (sic) have been seized by the IRS to satisfy a previously owed tax debt to the United States." (D's Motion, pg. 7, Sec. C)

Plaintiff is unaware of any statute, and Defendant has cited none,

granting the United States the authority to forcibly collect "previously

owed tax debts" from anyone, although he agrees that it would be

wonderfully lucrative for the Defendant to be able to do so.  The reality is

that IRS, in "related actions" to the original levy, is unlawfully creating

new liabilities for each newly arrived levy payment to satisfy. Defendant

admits these new liabilities, that are part of a related collection action, have

"no assessments." (D's Motion, pg. 7.) The related collection action clearly

violates provisions of the I.R.C. and § 7433.

### III. MEMORANDUM

A Motion to Dismiss under Fed. R. Civ. P. Rule 12(b)(6) tests the

sufficiency of the complaint against the standard set forth in Rule 8, which

requires: "a short and plain statement of the claim showing that the pleader

is entitled to relief." (Fed. R. Civ. P. 8(a)(2)) It is axiomatic that the Court

"must accept the well pleaded facts as true and resolve them in the light

most favorable to the plaintiff." *Paradise Divers, Inc. v. Upmal,* 402 F.3d 1087,

1089 (11th Cir. 2005) (internal quote omitted).  The Court must construe the

8

pleadings broadly and view the allegations of the Complaint "in the light most favorable to the plaintiff." *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007). The Court should not dismiss a case "unless it appears <u>beyond doubt</u> that the plaintiff can prove no set of facts in support of his claim." *Beck v. Deloitte & Touche,* 144 F.3d 732, 735-36 (11th Cir. 1998) (<u>emphasis added</u>).

To survive a 12(b)(6) Motion, the Complaint must simply "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting, *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). All that is required is that Plaintiff present "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim and provide "plausible" grounds for recovery. *Twombly,* 550 U.S. at 556. In accord, *Maledy v. City of Enterprise,* 2012 WL 1028176 at *1 (M.D. Ala. Mar. 26, 2012) (a complaint need not contain 'detailed factual allegations,' but rather 'only enough facts to state a claim to relief that is plausible on its face.'")

(quoting, *Twombly,* 550 U.S. at 570.

Also in this circuit, the District Court of the Middle District of

Alabama held that in reviewing a 12(b)(6) Motion "a court should assume

[the allegations'] veracity and then determine whether they plausibly give

rise to an entitlement to relief." *Ala. State Conference of the NAACP v.*

*Alabama,* 264 F. Supp. 3d 1280, 1284 (M.D. Ala. 2017) (emphasis added;

citing, *Ashcroft,* 556 U.S. at 679).

<u>Dismissal is highly disfavored</u> and only appropriate "where it is

certain that no relief could be granted under any set of facts that could be

proved." *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 249–50 (1989)

(<u>emphasis added</u>).  Indeed, "[t]he threshold of sufficiency that a complaint

must meet to survive a motion to dismiss is exceedingly low… ." *Spanish*

*Broad. Sys. of Fla., Inc. v. Clear Channel Communications, Inc.,* 376 F.3d 1065,

1070 (11th Cir. 2004).

The Eleventh Circuit has expressed a strong preference for affording

plaintiffs the opportunity to present their cases fully, and disfavors ending

cases in the preliminary stages. The United States asserts that Dean has

failed to plead sufficient factual allegations to state valid claims. But

Defendant must cherry pick a very few of the Complaint's factual

allegations and ignore the others to do so.

Contrary to Defendant's allegations, it is the United States that

cannot meet the high burden required to dismiss this action.  Plaintiff

respectfully submits that he has pled valid legal claims and supports those

claims with sufficient facts to meet pleading standards under the Federal

Rules of Civil Procedure. Plaintiff urges this Court to deny Defendant's

Motion seeking dismissal.

In further support Plaintiff directly addresses Defendant's Motion

arguments using the subhead lettering of Defendant's Motion:

**A. Plaintiff Doesn't Deny That IRS Can Levy a Stream of Social
Security Benefits Through a One-Time Levy. The Question is Whether
IRS Can Do So Perpetually, by Performing Unlawful Related
Collection Actions That Occur After the Levied Debt Has Been
Satisfied.**

Plaintiff doesn't deny that Social Security levies can work as

Defendant alleges. But the cases Defendant offers in support <u>don't relate to</u>

this one. All are factually distinguishable. Unlike the other § 7433 cases that the United States cites as authority, this case involves collection actions that the IRS took (a) after the CSED, (b) after it extinguished the taxpayer's liability, (c) after it abated its assessment, (d) after it released its lien, and (e) after it filed a lien release certificate. These five facts were not present in any of the § 7433 cases that Defendant cited in his Memorandum, section A. The cited cases do not relate in any meaningful way to this one.

The claimed violation of § 7433 lies, not in the lawfulness of the original levy, but in the IRS's related post-CSED collection actions in which it unlawfully creates and collects new monthly liabilities for Plaintiff.

The question is not, as Defendant argues, whether the IRS may seize by levy a future stream of fixed and determinable payments to satisfy valid tax debts; it is whether, after the debts for which the original levy was imposed have been satisfied, the IRS may continue in "related actions" to accept levied payments by creating new liabilities to match the incoming payments, and do so <u>without reference to the determination, assessment</u>

<u>and collection requirements</u> of the I.R.C. (Complaint, ECF 1, Counts I though IV)

This is exactly what the IRS is doing in this case. (Complaint, ECF 1, ¶¶ 31-35) The IRS's related collection action requires that it ignore I.R.C. requirements concerning the creation, assessment and collection of new liabilities.  Defendant admits that its employees create liabilities in collection actions related to the original Levy with "no assessments." (D's Motion, pg. 7)  These facts concerning IRS' related collection actions are clearly alleged in the Complaint. (Complaint, ECF 1, ¶¶ 31-35)

Those facts must be accepted by this court as true and be construed in a light most favorable to the Plaintiff. (*Paradise Divers, Inc. v. Upmal,* supra.)

The 2013 Levy was lawful up until the CSED. The willful or negligent disregard of I.R.C. requirements began on September 3, 2017, as it had to, because there is no procedurally proper way to disregard one statutory requirement in order to enforce another.

Finally, Defendant asserts: "The IRS is empowered to levy Benefits

through a one-time action because the value of the future benefits received

from Social Security are fixed, effectively guaranteed, and Plaintiff would

have an unqualified right to them."

   The statement is actually an admission, contrary to Defendant's

claim, that Plaintiff still has a property right in his SS benefits. Dean's right

was encumbered by Defendant's 2013 Notice of Levy, not transferred.  If

the levy were removed, Dean's claim to his benefits would once again be

perfectly lawful and obvious. The SSA would simply start sending the

payments to Dean, who retains his property right in those benefits. No

transfer of property rights from Defendant to Dean would be necessary. No

full and perpetual transfer to the United States of Dean's property rights in

his Social Security benefits ever occurred.

   The statement is also an admission that Defendant believes that

statutory collection limitations are determined by the type of property

being levied. That is to say, debts that are satisfied by levy of fixed and

determinable cash flows will not benefit from the collection statute while

levies of other types of revenue streams must stop at the CSED. The Defendant offers no authority for that notion. Plaintiff argues that <u>there is no such authority</u>.

Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." (*Neitzke v. Williams*, 490 U.S. 319, 326 (1989)) Defendant has cited no dispositive law for his claims concerning ownership of Dean's SS benefits and Dean's lack of a claim to them now.

But once again, the question is not whether a Levy can reach future payments. The question is, can the IRS continue to collect those future payments when the taxpayer no longer owes the levied debt, by creating new liabilities each month to correspond to each new payment, and to create those liabilities outside the limits of the I.R.C.?  Nowhere does the I.R.C. contemplate, let alone authorize, a perpetually collectible tax debt to be satisfied in that manner.

**B. Plaintiff Does Not Challenge the Lawfulness of the 2013 Levy. The Lawfulness of the Levy Is Not at Issue. The Issue Is That IRS Employees Disregard the Law In Conducting Related Collection Actions After the CSED When the Original Debt Has Been Satisfied. Defendant Has Admitted They Do.**

Defendant offers no authority for the legal theory under which the United States claims an absolute ownership of Dean's life-time Social Security (SS) benefit. Additionally, if the claim is true, any amount not applied already to Dean's former debt now far exceeds Dean's current liability, which is <u>zero</u>. Dean's zero balance makes the United States' claim to have taken possession of "the entirety" of Dean's lifetime SS benefits legally problematic.

That fact could be easily demonstrated by the IRS's releasing the 2013 Notice of Levy to the SSA. In that event payments would immediately revert to Dean, their rightful owner. No transfer of ownership from the United States back to Dean of those benefits would be necessary. If the United States were the legal owner of Dean's future payments, the release of the levy would have no effect at all. After the levy was released,

payments would continue to flow to the United States as their rightful owner. This simple truth confounds Defendant's claim to ownership of all of Dean's future SS payments through the "one-time" action of the 2013 Levy. It is a question of law that deserves to be reviewed by this Court.

Plaintiff does not address the question of whether the United States' ownership of all of Dean's future benefits when he owes no tax represents an overpayment of tax under the Code. But it is a question that will arise in regard to Defendant's claim of ownership.

Defendant states that "The monthly payment of the Benefits to the Treasury is not a separate collection action on an unenforceable debt every month as Plaintiff alleges." That may or may not be so, but what is certainly correct is that Dean no longer owes any tax debts covered by that levy, and through related collection actions the IRS is unlawfully creating liabilities against him every month to accommodate newly arriving levy payments. It is not in the original collection action that Dean's claim lies. It lies in the post-CSED related collection actions that occur as each new

17

payment comes in.

Defendant also offers no authority for his claim that he can "permanently" levy any fixed and determinable stream of revenue when the taxpayer from whom the funds are being taken owes no tax.

Defendant's claim to a perpetual right to levy based on the type of property being levied is nothing but a self-serving conclusion of law. Respondent served the Notice of levy on Form 668-W, which is styled "Notice of Levy on Wages, Salary, and Other Income." (D's Motion, Affidavit of Catherine Sands) IRS claims to be making a "one-time levy with continuous effect," but it well knows that such a continuous levy must stop at the CSED if it is issued to an employer. In the case of the Social Security benefits, however, the IRS claims the CSED has no effect at all. Defendant offers no controlling citation or authority for this conclusion. Plaintiff alleges there is no such authority. No statute in the I.R.C. contemplates a perpetual tax debt or collection of already satisfied debts.

**C. Plaintiff's Allegations of Improper Assessments are Entirely Relevant When the IRS is Taking Them from A Taxpayer Who Owes No Tax and Using Bogus Interest Charges to Do It. Plaintiff Makes No Challenge to the Improper Assessments. Plaintiff Challenges the Role the Improper Charges Play in the Related Post-CSED Collection Actions.**

Defendant denies that when he creates new liabilities every month as Dean's levied payments arrive that it must issue notice and demand for the new liabilities. Defendant says that is so because "Plaintiff's Benefits have been seized by the IRS to satisfy a "previously owed tax debt to the United States." (D's Motion, pg. 7, Sec. C) This statement directly contradicts the statement on pg. 1 of the Motion that the IRS levy "is a timely action to collect funds owed to the United States."

His argument appears to be that because the IRS is collecting a previously owed tax debt it is therefore not obliged, when a taxpayer's previously owed debts have been satisfied, to follow any of the I.R.C.'s requirements for issuing and collecting new debts, and that it may create these new liabilities by simply posting them to Dean's account every month for the rest of his life. None of the I.R.C. requirements for creation, assessment, and collection apply.

Plaintiff's questions would be, first, how many times can the IRS collect a tax debt? Defendant doesn't say, but apparently it is more than once. And, second, when a taxpayer owes no tax, how may the IRS create new monthly liabilities as part of a related collection action without reference to the requirements of the law or without disregarding those legal requirements? These are questions of law that Plaintiff's Complaint is sufficient to bring before this court.

I.R.C. 6331(a) authorizes collection by levy of "unpaid" tax debts. There is no provision in the law for the forced collection of "previously owed tax debt" regardless of the propriety of the issuance of the initial levy.

Defendant now claims a 100% ownership interest in Dean's future Social Security benefits to the exclusion of any claim to them by Dean. Defendant offers no authority for his claim.

This statement is also a clear admission that the Defendant is collecting funds against liabilities that no longer exist and making no new assessments for the charges posted for payment by the monthly levy.

20

Defendant further admits that despite the fact that Dean owes no tax, and each of Dean's monthly Social Security benefits is delivered to Defendant, "No collection or assessment of tax is occurring through these notices [of levy payments], as the IRS is merely receiving the stream of payments from the Social Security Administration pursuant to its timely levy."

This is a direct admission that IRS employees in conducting collection actions related to the 2013 Levy, are disregarding statutory requirements every month since September 2017. Plaintiff wants to be clear that he is not challenging the validity of any assessment or lack of an assessment under § 7433. He is challenging the lawless related collection actions that have occurred after the CSED of the debts on the 2013 Levy.

## CONCLUSION

Defendant admits that Dean owes no tax. (Complaint, ECF 1, ¶ 20) Defendant admits the IRS is posting monthly liabilities against Dean without assessments or notice to match its levy payments. (Complaint, ECF

1, ¶¶ 31-35; D's Motion, pg. 7) Defendant admits IRS is posting new

monthly liabilities to Dean's closed 1997 account without notice and

demand. (Ibid.) Defendant admits that posting these charges is part of a

"related IRS action" to the original 2013 Levy. (D's Motion, pg. 1) Those

related IRS collection actions are unlawful as they require that IRS

employees disregard numerous I.R.C. requirements to create the new

liabilities. (Complaint, counts I- IV)

On these facts, it is impossible for all the IRS employees involved

with this case to be following all required statutes and regulations.

Without willful or negligent disregard of the I.R.C. the factual

situation laid out in the Complaint and admitted by Defendant in his

Motion would not be possible.

This Court is obliged to accept the Complaint's factual allegations as

true for the purposes of this Reply to D's Motion. The facts supporting the

IRS' disregard of the law are sufficiently clear in Dean's Complaint to

support a fair hearing of his case. (Complaint, entire document)

The facts Dean states in his Complaint are more than sufficient to meet the very low bar necessary for his Complaint for damages under § 7433 to be fully reviewed by this court.

FOR REASONS STATED, Plaintiff urges this Court to deny Defendant's Motion and allow the case to proceed.

Respectfully submitted this 13th day of December, 2019.

By: _Ward Dean_

Ward Dean, plaintiff, pro se
6708 Plantation Road, Ste C-1
Pensacola, Florida 32504
Phone 850-293-0278
Email: warddeanmd@protonmail.com

**WORD COUNT CERTIFICATION**
Pursuant to Northern District of Florida local rule 7.1(F) this **MEMORANDUM IN OPPOSITION TO UNITED STATES' COMBINED MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) AND SUPPORTING MEMORANDUM** contains 3,894 words, not including the case style, signature block and certificates.

## CERTIFICATE OF SERVICE

On December 13, 2019, I certify that a copy of this **MEMORANDUM IN OPPOSITION TO UNITED STATES' COMBINED MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) AND SUPPORTING MEMORANDUM** was served on Defendant's counsel by certified U.S. Mail to:

Conor P. Desmond
NDFL NextGen CM/ECF Trial Attorney,
Tax Division U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station Washington, D.C. 20044
202-616-1857 (v)
202-514-4963 (f)

Plaintiff sent a courtesy copy of this Reply by email on December 13, 2019 to Defendant's counselor to this email address: Conor.P.Desmond@usdoj.gov

By: _____

Ward Dean, plaintiff, pro se