IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| WARD DEAN, | ) |
|     Plaintiff, | ) Case No. 3:19-CV-3362-MCR-HTC |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
|     Defendant. | ) |

**<u>UNITED STATES' MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER LOCAL RULE 7.1</u>**

The United States respectfully moves this Court for leave to file a reply in support of its motion to dismiss this matter for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) based on extraordinary circumstances.

1. Under Northern District of Florida Local Rule 7.1(i): "A party ordinarily may not file a reply memorandum in support of a motion. … in extraordinary circumstances, the Court may grant leave to file a reply memorandum in support of [a] motion. … When leave to file a reply memorandum is required, a party must obtain leave before tendering the reply memorandum."

2. While "extraordinary circumstances" are not defined within Local Rule 7.1, Local Rule 56.1, in the context of motions for summary judgment, provides an applicable standard: "The moving party should [file a reply

memorandum] only if the opposing memorandum raised new matters not addressed in the original supporting memorandum."

3. The United States filed its motion to dismiss Plaintiff's Complaint for failure to state a claim on November 15, 2019. Plaintiff filed a response on December 13, 2019. The memoranda in response raises or expands several arguments that could not have been anticipated in filing the motion to dismiss. This includes misunderstanding the history of Plaintiff's disputes with the United States and asserting without any legal support that he has a property right in his Social Security Benefits based on the release of the tax levy by the IRS.

4. The levy of Plaintiff's entire Social Security Benefit, including all future payments, was completed prior to the expiration of the collection statute. Plaintiff admits this. *See* Complaint, ¶ 17, Response, page 6.

5. Plaintiff's recitation of additional facts and arguments completely disregards this basic fact and instead takes an unsupported position that the expiration of the collection statute of limitations ("CSED") reverses the completed levy of benefits and somehow restored Plaintiff's property interest. This conclusion arises from an erroneous legal position: That following the CSED, if the IRS is in possession of any rights or assets that were legally seized to satisfy a debt, the IRS is required to return those items, even if they were to be applied to a legally assessed tax debt.

6. The CSED does not extinguish or satisfy a tax debt, it only prevents future collection activities by the IRS. *See* 26 U.S.C. § 6502. The IRS' levy of Plaintiff's future right to receive Social Security Benefits went towards satisfying his debt that the IRS is no longer authorized to initiate new collection activities to satisfy. Reversing that levy, as Plaintiff describes, defeats the underlying purpose of the levy and would retroactively negate the IRS's lawful tax collection activities.

WHEREFORE, the United States of America respectfully asks the Court for leave to file a reply memoranda to address the newly raised arguments identified in Plaintiff's response memoranda.

Dated: December 20, 2019            Respectfully submitted,

                                                             RICHARD E. ZUCKERMAN
                                                             Principal Deputy Assistant Attorney General

                                                             */s/ Conor P. Desmond*
                                                             CONOR PATRICK DESMOND
                                                             DC Bar Number 1531356
                                                             FL NextGen CM/ECF: 6133699
                                                             Trial Attorney, Tax Division
                                                             U.S. Department of Justice
                                                             P.O. Box 14198
                                                             Ben Franklin Station
                                                             Washington, D.C.  20044
                                                             202-616-1857 (v) | 202-514-4963 (f)
                                                             Conor.P.Desmond@usdoj.gov

                                                             Of counsel:
                                                             LAWRENCE KEEFE, US Attorney
                                                             Northern District of Florida

## WORD COUNT CERTIFICATION

Pursuant to Northern District of Florida local rule 7.1(F) this combined motion to dismiss and memorandum of support contains 494 words, not including the case style, signature block and certificates.

## NO ATTORNEY CONFERENCE

Because this motion relates to a motion that may decide the outcome of the case, no conference between parties occurred.

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing Motion for leave to file a Reply Memoranda was served on December 20, 2019 through the Court's CM/ECF system, which automatically sends email notification of such filing to all CM/ECF users. Further, a copy of the motion was emailed to Plaintiff as well as mailed to the below address on the same date:

Dr. Ward Dean
6708 Plantation Rd.
Ste C-1
Pensacola, FL 32504

/s/ Conor P. Desmond
CONOR P DESMOND
Trial Attorney, Tax Division
U.S. Department of Justice