IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| WARD DEAN, | ) |
|     Plaintiff, | ) Case No. 3:19-CV-3362-MCR-EMT |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
|     Defendant. | ) |

## UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO DISMISS

The United States replies to Plaintiff's response to the Motion to Dismiss.

The passing of the Collection Statute Expiration Date ("CSED") does not extinguish a tax liability. It merely prevents the IRS from initiating collection activities. It also does not retroactively reverse a completed collection action or restore property rights as Plaintiff claims. Plaintiff fails to state a claim for which relief can be granted and therefore this matter should be dismissed.

## ARGUMENT

For tax years 1997 through 2004, Plaintiff owed, and failed to pay in full, his individual Federal Income Taxes due to the United States. On June 27, 2013, the IRS issued the "Notice of Levy on Wages, Salary, and Other Income" a copy of which is attached to the United States' Motion to Dismiss as Exhibit A. This levy was timely and lawful. This is not challenged by Plaintiff. *See* Response, Pages 6,

11. The levy attached to Plaintiff's <u>entire</u> future Social Security benefits. Multiple courts have recognized this is permissible. *Bowers v. United States*, 860 F. Supp.2d 921, 922-923 (C.D. Ill.), *aff'd*, 498 F. App'x 623 (7th Cir. Dec. 20, 2012); *see also Enax v. Commissioner of Internal Revenue*, 2011 WL 8150645 at *1 (M.D. Fla. Jan 14, 2011); *Hines v. United States*, 658 F. Supp. 139, 145-46 (D.D.C. 2009); *Holland v. United States*, 2019 WL 1077123 (E.D. Mich. Mar 7, 2019). How the IRS tracks payments collected from this levy is irrelevant.

Plaintiff's response presents two issues outside the United States' motion: 1) Plaintiff misunderstands the history of his tax liabilities and 2) Plaintiff now claims that he has a property right to his future Social Security Benefits. Plaintiff's presentation of the case is incorrect and based upon a flawed legal theory.

First, Plaintiff asserts:

> Dean's debt was satisfied when the [CSED] passed over two years ago. … The IRS agreed. It abated the assessments on Dean's related IRS accounts. Dean no longer owes the tax debts that appear on the 2013 Notice of Levy...

Plaintiff's Response, page 2-3 (citations omitted.)

This is incorrect. The passage of the CSED does not extinguish tax liability, even if the IRS struck the related assessments or withdrew any related liens, it merely prevents the IRS from initiating new collection activity. 26 U.S.C. ¶ 6502.

IRS assessments do not create tax liabilities. *Romano-Murphy v. Comm'r*, 816 F.3d 707, 710 (11th Cir. 2016), *see also* 26 U.S.C § 6203. Tax obligations

arise immediately under the relevant statute once the stated event occurs. *Manning v. Seely Tube & Box Co. of New Jersey*, 338 U.S. 561, 565-66 (1950). Assessments are "bookkeeping" functions, and have nothing to do with the imposition of tax liability. *See Williams-Russell & Johnson, Inc. v. U.S.*, 371 F.3d 1350. The IRS will retain paid or seized amounts paid prior to the "expiration of limitations periods" because a taxpayer "either owes the taxes or [does] not." *See Principal Life Ins. Co. and Subs. v. U.S.*, 95 Fed. Cl. 786, 806-08 (Fed. Cl. 2010).

Plaintiff's tax liabilities for his individual federal income taxes came into existence on April 15 the following year for the years at issue (1997 – 2004). *See* Exhibit A, Defendant's Motion to Dismiss. Plaintiff does not dispute that he owed the liabilities. Further, there is no dispute that the CSED has passed. Where the dispute arises is what the effect of the passage of the CSED has here.

The IRS' withdrawal of the liens and abatement of the assessments from Plaintiff's accounts with the IRS is a bookkeeping function. *See Williams-Russell & Johnson, Inc.*, 371 F.3d at 1353. How the IRS handles its tracking of payments, including how it processes money received from the Social Security Administration, is irrelevant as to Plaintiff's tax liability. *See id.* The IRS must withdraw liens either when the debt is satisfied or when the underlying liability "becomes unenforceable by reason of lapse of time." 26 U.S.C. § 6322. Plaintiff did not satisfy his lien, the IRS only withdrew the lien because of the CSED.

Legally, this withdrawal did not satisfy or extinguish Plaintiff's tax liability. The debt still exists. However, the withdrawal effectively ended Plaintiff's tax debt to the United States in the sense that while the liability exists, the United States cannot take any action to enforce it. From his perspective, Plaintiff's tax debt does not exist because the IRS cannot take any action regarding the tax debt, hence why it could be described as a "previously" owed tax debt. Further, the tax debt is no longer listed on the IRS' books because the IRS cannot take any new actions to collect on these actions. By striking the assessments from its books, the IRS takes no further collection actions to try and collect on the debt. Effectively, the tax debt is written off as a loss. That does not negate that the liability exists.

Regardless, withdrawal of liens or striking of assessments did not reverse the IRS' completed executed collection actions of seizing Plaintiff's future Social Security benefits. As detailed in the United States' Motion to Dismiss and supporting memoranda, the levy of Plaintiff's future Social Security Benefits was a one-time levy, executed prior to the passage of the CSED. The IRS seized <u>all</u> of Plaintiff's future rights to receive social security benefits in 2013 prior to the CSED. The value of all future benefits was applied towards Plaintiff's tax liabilities owed to the United States as described in the 2013 Notice of Levy. *See* Exhibit A, Defendant's Motion to Dismiss. Even if payment of those benefits continues to this day, as a related action, these payments are not separate collection

actions because the IRS can only receive what Plaintiff would be entitled to receive prior to the IRS' seizure of his property right to benefits.

This raises Plaintiff's second point, that he retained a property interest in his Social Security Benefits:

> Dean's right [to Social Security Benefits] was encumbered by Defendant's 2013 Notice of levy, not transferred. ... Dean ... retains his property right in those benefits. ... No full and perpetual transfer to the United States of Dean's property rights in his Social Security benefits ever occurred.

Plaintiff's Response, page 14.

This new argument, that Plaintiff retained a property interest in his future Social Security benefits, contradicts his complaint and his own admissions in his response. *See* Complaint, ¶ 17 (the "Notice of Levy purported to, and did in fact, seize Dean's ... entire Social Security benefit payment for each month thereafter."), *see also* Response, page 11 ("Plaintiff doesn't deny that Social Security levies can work as Defendant alleges.")

Plaintiff asserts that the 2013 levy of his "entire social security benefit" merely encumbered his property right to the receipt of future benefits, rather than a seizure of the entire stream. *See* Plaintiff's Response, page 14. This argument is unsupported and is contrary to the notice of levy Plaintiff received in July of 2013. The case law cited by the United States in its Motion to Dismiss supports that the IRS can seize a taxpayer's "entire stream of [social security] payments." *See* Defendant's Motion to Dismiss, page 5.

Plaintiff's attempts to distinguish the cited cases in the motion to dismiss misstates the factual posture of this case. *See* Response, page 12. The IRS took no collection action after the CSED; all actions took place prior to the CSED. The IRS did not extinguish Plaintiff's liability; the liability exists independent of any lien release or bookkeeping changes. While the IRS abated its assessment, that is irrelevant to the existence of the liability. None of these facts retroactively negate the IRS' previous seizure of Plaintiff's entire future Social Security benefits.

Plaintiff's conclusory claim that the levy merely "encumbered" his property right to his future benefits is unsupported by his complaint. He has not identified any legal basis to support his claim of restoration of his property rights. Plaintiff's failure to identify any legal or factual basis to support his claim that the passage of the CSED somehow restored his property rights supports the United States' assertion that Plaintiff has failed to state a claim upon which relief can be granted.

## CONCLUSION

Plaintiff's Complaint and additional arguments do not identify any part of title 26 that has been disregarded. Therefore, Plaintiff's Complaint fails to plead sufficient facts to support his claim for relief under 26 U.S.C. § 7433(a).

WHEREFORE, the United States of America respectfully requests that Plaintiff's Complaint be dismissed for failure to state a claim upon which he is entitled to relief.

Dated: January 6, 2020                              Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Conor P. Desmond*
CONOR PATRICK DESMOND
DC Bar Number 1531356
FL NextGen CM/ECF: 6133699
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington, D.C.  20044
202-616-1857 (v) | 202-514-4963 (f)
Conor.P.Desmond@usdoj.gov

Of counsel:
LAWRENCE KEEFE
United States Attorney | N.D. Fla.

## WORD COUNT CERTIFICATION

Pursuant to Northern District of Florida local rule 7.1(F) this combined motion to dismiss and memorandum of support contains 1413 words, not including the case style, signature block and certificates.

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing Reply in Support of the Motion to Dismiss Pursuant to Rule 12(b)(6) and Supporting Memoranda was served on January 6, 2020 through the Court's CM/ECF system, which automatically sends email notification of such filing to all CM/ECF users. A copy of the attached was also sent via US Mail on January 6, 2020 to the following address:

WARD DEAN
6708 Plantation Rd.
Suite C-1
Pensacola, FL 32504

>*/s/ Conor P. Desmond*
>CONOR P DESMOND
>Trial Attorney, Tax Division
>U.S. Department of Justice