# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA

## PENSACOLA DIVISION

WARD DEAN,                 )

  Plaintiff              )

                        )

         v.          )  Case No. 3:19-CV-3362-MCR-HTC

                        )

UNITED STATES OF AMERICA,  )

Defendant             )

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT

The IRS believes that its levy of Plaintiff's Social Security benefits against debts that have been extinguished by the passage of the Collection Statute Expiration Date (CSED) can continue forever. Plaintiff believes that the Internal Revenue Code does not authorize a perpetual levy under any circumstances.

The undisputed material facts show that since the passage on September 3, 2017 of the Collection Statue Expiration Date (CSED) for Plaintiff's (Mr. Dean, Dean) 1997-2005 tax liabilities, against which a 100% levy of his monthly Social Security benefit payment has been in effect since

FILED USDC FLND PN
JAN 17 '20 PM12:11

2013, IRS employees have willfully or negligently disregarded portions of the Internal Revenue Code to create new monthly "interest charges." The Service then posts the charges to Dean's 1997 account, which otherwise shows no unpaid balance. The newly created liabilities are then "satisfied" with the already levied and posted Social Security payment.

The IRS levy is no longer collecting on debt shown on the original levy. That debt is no longer collectible. It no longer exists on IRS records. The IRS is using the 2013 levy to collect on new debt. The IRS creates that debt in negligent or willful disregard of I.R.C. requirements for determining, assessing, and collecting tax debts. The IRS' lawless creation of procedurally defective liabilities to satisfy post-CSED levied payments is an inseparable part of the levy collection action that began properly in 2013 and went bad after the CSED. Plaintiff is entitled to damages under 26 U.S.C. §§ 7433(a) and (b), of $64,818.00 from Defendant as of August 23, 2019. Plaintiff moves the Court for summary judgment in his favor in that amount plus any statutory additions, interest, or costs available by law.

## I.   Memorandum in Support

### Introduction

Plaintiff Ward Dean owed substantial taxes for the years 1997 through 2005. (Declaration of Ward Dean, (DWD) ¶ 41, Exhibit F) Those taxes were assessed on September 3, 2007. (DWD ¶ 41, Ex. F) Dean did nothing to extend or toll the Collection Statute of Limitations. (DWD ¶ 19)

The IRS recorded liens against the debts in Dean's home county. (DWD ¶ 41, Ex. F) The IRS began a levy of Dean's Social Security benefits in June of 2013. (DWD ¶ 39, Exhibit D)

The United States claims that it levied Dean's future Social Security benefits in their entirety with that notice and that it was a "one-time" levy with continuous effect because the payments come in monthly from the Social Security Administration. (ECF 12, pg. 3, 2nd ¶) Dean disagrees that the IRS levied ALL of his future Social Security benefits without limit. He does not dispute that the original levy was procedurally proper up until the Collection Statute expired.

September 3, 2017 was the Collection Statute Expiration Date, or CSED as the IRS refers to it for Dean's 1997 – 2005 debts. On or about that date the IRS released its liens and extinguished the debts on Dean's account transcripts. (DWD ¶ 13 and 40, Exhibit E, Certificate of Release of Lien)

The IRS implies that because the levy was against Social Security retirement benefits, which it deems a "fixed and determinable" source of revenue, that I.R.C. § 6502(a)(1) does not apply but does not argue it. (See ECF 12, Memorandum, Section A, pg. 4-6) Because the "one-time" levy began in 2013 before the CSED, the Service claims it can receive Dean's levied Social Security payments indefinitely without regard to the CSED. Thus far the government has offered no statutory authority for this legal theory. (entire record)

The IRS, however, is not applying the levied payments to the debts shown on the 2013 levy. IRS records show that those debts were written off as uncollectible, essentially extinguished for accounting purposes, on the IRS' records when the CSED passed. (DWD ¶ 37, 38, Exhibits B & C)

Every month since the CSED passed, however, the IRS creates what it calls "interest charges" in the exact amount of Dean's incoming levied Social Security payment. It then posts them to Dean's tax year 1997 account. (DWD ¶ 37, Exhibit B, pg. 9,10) It creates these charges, by the government's admission, with "no assessments." (ECF 12, pg. 7, 2nd ¶)

Consequently, the 2013 levy payments that the IRS receives from the SSA every month do not satisfy the debts shown on the original levy. The payments are used to satisfy new debt that the IRS creates in disregard of the I.R.C.'s requirements. (DWD ¶ 37, Ex. B pg. 9,10)

Mr. Dean argues that the IRS' disregard of the I.R.C. to create the new liabilities is related to and part of an ongoing collection action that willfully, negligently or recklessly disregards the I.R.C. to maintain a collection action that by law should have ended with the CSED.

**Summary of Undisputed Material Facts**

1.  Plaintiff's 1997 through 2005 tax liabilities were assessed on September 3, 2007. (DWD ¶ 41, Ex. F)

2.   The IRS recorded its statutory liens against those debts on September 19, 2007 with the Escambia, Florida Clerk of Court. (DWD ¶ 41, Ex. F)

3.   The IRS issued a Notice of Levy against Dean's 1997 through 2005 debts on June 27, 2013 to the Social Security Administration (SSA). (DWD ¶ 39, Ex. D)

4.   The IRS has received Dean's entire Social Security benefit payment each month since the service of the Notice of Levy. (DWD ¶ 37, Ex. B)

5.   Dean did nothing to extend or toll the statute. The Collection Statute of Limitations expired on Dean's liabilities on September 3, 2017. (DWD ¶¶ 19, 37, 38, Ex. B, pg. 9, Ex. C end of each tax year.)

6.   When the CSED passed the IRS released its liens and wrote off Dean's debts as uncollectible by passage of time. (DWD ¶ 40, Ex. E, ¶ 37, Ex. B, pg. 9, ¶ 38, Ex. C, end of each year)

7.   When first monthly payment after the CSED arrived from the SSA on September 25, 2017, there was no open balance to which the IRS could apply it. (DWD ¶ 37, Ex. B, pg. 9)

8.   On October 16, 2017 the IRS posted a TC 196 "Interest charged for late payment" in the exact amount of the September 16 payment and applied the September payment to it. (DWD ¶ 37, Ex. B, pg. 9)

9.   That pattern of receiving a levied Social Security payment and posting a newly created interest liability to Dean's 1997 account was repeated monthly through the entire 24-month period of limitations for this suit, the last payment transaction under the limit occurred on August 23, 2019. (DWD ¶ 37, Ex. B, pg. 9, 10)

10.  The United States has admitted that the new interest charges are posted without assessments. (ECF 12, pg. 7, 2nd ¶)

11.  Plaintiff properly mitigated damages, exhausted his administrative remedy, and filed this action timely and properly under the terms of 26 U.S.C. § 7433(d)(3). (DWD ¶¶ 19, 23, 24, 25)

12.  The United States has damaged Dean in the amount of $68,818, which has been unlawfully collected since September 3, 2017. (DWD ¶ 37, Ex. B, pg. 9,10)

## II. Summary Judgment Evidence

1.  DECLARATION OF WARD DEAN IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

2.  **Exhibit A**, IRS Forms 4506-T Request of Transcript of Tax Return dated Dec. 2, 2019, requesting Plaintiff's 1997-2004 Account Transcripts.

3.  **Exhibit B,** IRS Account Transcript for Dean's tax year 1997, dated December 28, 2019 and received in reply to Exhibit A.

4.  **Exhibit C,** IRS Account Transcripts for Dean's tax year 1998 through 2004, dated December 28, 2019 and received in reply to Exhibit A

5.  **Exhibit D,** IRS Form 668-W, Notice of Levy on Wages, Salary, and Other Income dated June 27, 2013.

6.  **Exhibit E,** IRS Certificate of Release of Lien, dated August 23, 2017.

7.  **Exhibit F,** IRS Form 668(Y)(c), Notice of Federal Tax Lien dated 9/19/07.

Dean's Declaration relates the circumstances of his receipt of each of these exhibits, which qualify for an exemption to hearsay under the Federal Rules of Evidence Rules 803(6) as business records, and/or as the statements of a party-opponent.  See FRE 803(6) and 801(d)(2)(B), [C], (D)."

### III.   Statement of the Issues

1. The parties disagree concerning several important questions of law:

    a. Does the passing of the CSED extinguish the liabilities to which it applies, or does it merely make them uncollectible, and is there a difference between no liability and an uncollectible liability for purposes of the collection statute of limitations?

    b. Does the posting of "interest charges" to Plaintiff's 1997 IRS account after the CSED to satisfy incoming payments for which there are no open liabilities constitute a separate but related "collection action" concerning the one time levy issued in 2013, that Defendant collects monthly from Plaintiff.

    c. Does Defendant's posting of "interest charges" to Plaintiff's account to match incoming payments without regard for I.R.C. requirements for determination, assessment, notice, demand and collection of interest charges constitute a "willful or negligent disregard" of the I.R.C. when those charges are posted in relation

to and as a necessary part of an earlier, one time collection action?

d. Does the Plaintiff retain a property interest in his future Social Security benefits, or did the Levy initiated in 2013 by the IRS effectively transfer the ownership of those benefits to the government forever?

e. Does the application of I.R.C. § 6502 depend on the type of property subject to levy?

f. When tax debts that are shown on a Notice of Levy become uncollectible, and the government's liens on them are released, may the IRS continue its levy on a source of fixed and determinable payments indefinitely by simply creating unassessed "charges" in the taxpayer's account to match the levied payments?

## IV.   Discussion

**Summary Judgment is appropriate when no material facts are in dispute.**

1.   Summary judgment is proper if the pleadings, discovery and disclosure materials, and affidavits show no genuine issues of material fact in

dispute, and that the movant is entitled to judgment as a matter of law. FRCP 56(c); *Celotex Corp v. Catrett*, 447 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); *Politicastro v. Northwest Airlines, Inc.*, 297 F.3d 535, 538 (6th Cir. 2002; *Baton Rouge Oil & Chem Workers Un. v. Exxon Mobile Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).

2.   In making this determination, the Court "view[s] the evidence and all factual inferences in the light most favorable to the non-moving party, and resolve[s] all reasonable doubts about the facts in favor of the non-movant." (*Kingsland v. City of Miami*, 382 F.3d 1220, 1226 (11th Cir. 2004)).

3.   Nevertheless, the nonmoving party must not rest on mere allegations to overcome a properly supported motion for summary judgment. *Moses v. American Nonwovens, Inc.*, 97 F.3d 446,447 (11th Cir. 1996), cert. denied, 519 U.S. 1118 (1997). Rather, the nonmoving party must produce "sufficient evidence of every element that he or she must prove." (*Rollins v. Techsouth*, 833 F.2d 1525, 1528 (11th Cir. 1987)).

4.  Moreover, the mere existence of some factual dispute will not preclude entry of summary judgment. (*Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 255 (1986)). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." (Id. at 248).

5.  Summary judgment is particularly appropriate when the questions to be decided are issues of law. *Flath v. Garrison Pub. Sch. Dist.*, 82 F.3d 244, 246 (8th Cir. 1996) When there are no fact issues concerning the beginning and ending dates of the Collection Statute of Limitations, as here, summary judgment is applicable. *BellSouth Telecomm., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 609 (2nd Cir. 1996); See *McIntosh v. Antonio*, 72 F.3d 29, 33 (1st Cir. 1995).

6.  As the U.S. stated in its Reply in Support of It's Motion to Dismiss, "Further, there is no dispute that the CSED has passed. Where the dispute arises is what the effect of the passage of the CSED has here." (ECF 19, Defendant's Reply, pg. 3, 2nd p.)

7.   The issues before the Court are exclusively questions of law. Summary

judgment is appropriate under the facts of the case.

**When the IRS "writes off" a tax debt from a taxpayer's account because
the CSED passes, whether that debt no longer exists or is no longer
collectible makes no difference.**

8.   IRS transcripts of Dean's 1997 through 2005 accounts show that that the

entire unpaid balance for each year was written off when the CSED

passed on September 3, 2017.  (DWD ¶ 37, 38, Exhibits B, pg. 9 and C,

last page each tax year)

9.   Under I.R.C. § 6203 valid assessments result from "recording the

liability of the taxpayer in the office of the Secretary in accordance with

rules or regulations prescribed by the Secretary." After the CSED there

are no liabilities recorded in the office of the Secretary against Dean. The

Commissioner wrote them off. And those that the IRS has created every

month since the CSED are not created "in accordance with rules or

regulations…" issued by the Secretary.

10.  Whether Dean is still liable for debts that may not be collected is

meaningless. There is no balance due from Dean in IRS records. There is

no lien. In short, though there may be a liability, as the U.S. alleges, there is no evidence of it in IRS records or anywhere else. Payments cannot be applied to debt for which there is no evidence.

**The issue is not whether Dean's liability survived the release of liens against it, it is whether the IRS' creation of new liabilities after the CSED to satisfy incoming levied payments is a collection action performed in disregard of IRC requirements.**

11.   After the CSED, and as part of a related collection action, the IRS had to and did create charges to which the newly arrived levied payments could apply. (DWD ¶¶ 29, 30, 37, Exhibit B, pg. 9, 10) Because the CSED had passed, the IRS had to disregard several IRC requirements to create those liabilities. (see for example, 26 U.S.C. § 6601(g); 26 C.F.R. § 301.6601-1(f))

12.   IRS creates the required monthly 'interest charges' in disregard of the I.R.C., as it must, because the IRS cannot lawfully charge interest if there is no unpaid balance, (§ 6601(a); 26 C.F.R. § 301.6601-1(a)) just as it cannot determine, assess, or collect interest after the CSED, (§ 6601(g); 26 CFR § 301.6601-1(f)), or without notice and demand for payment. (DWD

¶ 32; 26 U.S.C. § 6303(a); 26 C.F.R. § 301.6303-1(a); 26 U.S.C. § 6331(a); 26

C.F.R. § 301.6331-1(a)(1); 26 U.S.C. § 6601(e)(1); 26 C.F.R. § 301.6601-1(f))

13.   The United States admits in its transcripts that it creates an "Interest

charge for late payment" every month, (DWD ¶ 30, 37; Ex. B pg. 9, 10)

14.   The United States admits that "no assessment" is involved in doing so.

(DE  12, pg. 7, 2nd ¶.)

15.   The United States argues, however, inexplicably citing § 6502, that when

the debts were 'written off' after the CSED the liability was not

extinguished, only the IRS's ability to initiate new collection actions

against that debt was extinguished.

   a.   "The passage of the CSED does not extinguish tax liability, even if
        the IRS struck the related assessments or withdrew any related
        liens, it merely prevents the IRS from initiating new collection
        activity." 26 U.S.C. § 6502. (ECF 19, pg.2, 2nd to last ¶)

16.   The U.S. goes on to say:

   a.   "Legally, this withdrawal did not satisfy or extinguish Plaintiff's
        tax liability. The debt still exists. However, **the withdrawal
        effectively ended Plaintiff's tax debt to the United States in the
        sense that while the liability exists, the United States cannot**

**take any action to enforce it.**" (ECF 19, U.S. Reply, pg. 4, 1st ¶)
**(emphasis added)**

17. The United States further alleges that the U.S. is not taking action to

enforce collection by creating new interest liabilities each month for

Dean's levied Social Security benefit payments to satisfy.

    a. "The ongoing payment of Benefits to the Treasury and **related IRS
action** is not, as Plaintiff claims, an action to collect an
unenforceable debt. Rather, **it is a timely action to collect funds
owed to the United States**." (ECF 12, MDT, pg. 1, last paragraph,
**emphasis added**.)

18. There are two problems with the statement.

    a. First, it is not the "ongoing payment of Benefits" that is an

       unauthorized collection action. It is the "related IRS action" of

       conjuring up debt out of thin air to receive the "ongoing payment

       of Benefits" that is a new action to collect an otherwise

       unenforceable debt.

    b. And second, according to IRS records, **Dean owes no funds to the**

       **United States.** (DWD ¶ 37, 38, Ex. B & C)

19. The United States claims that the entire collection action occurred in

August of 2013 when the first Notice of Levy was served on the Social Security Administration (ECF 12, pg. 6-7, "The full value of his future Benefits were levied in 2013") and that nothing is happening now but the "administrative transfer" of payments. (ECF 12, pg. 7, Sec. C, first paragraph) That's just not so.

20. And the United States admits in the sentence cited above (¶ 17. a.) that there is "related IRS action" connected to the 2013 levy. It is that related IRS collection action, the creation of unassessed interest liabilities, that provides the IRS with a debt to which it can apply Dean's levied payments. There is no question that this is a "related" and "new" collection action that the IRS undertook in disregard of the I.R.C. in every month since September of 2017.

21. The unassessed Account Transcript entries are identified with the Transaction Code (TC) 196, "Interest charged for late payment." There is, however, no unpaid balance against which the proper interest rate can be calculated and applied. (26 U.S.C. § 6601(a))

22.   The United States urges the Court to believe that its monthly creation of new "interest charges," in complete disregard of IRC procedures for creating and collecting such debts is not part of or related to the 2013 Levy collection action. It would like us to believe that the "related IRS action" it mentions exists solely as part of "the administrative transfer of the Benefits to the Treasury." (ECF 12, pg. 1)

23.   Plaintiff argues that the procedurally defective creation of interest charges is not a legitimate means of administratively transferring benefits to the U.S. Treasury. On the contrary and by Defendant's admission, it is clearly a current, closely "related IRS [collection] action" to that commenced in June of 2013.

24.   The very reason the IRS is creating interest debt out of thin air is to provide an imaginary "unpaid liability" to which to apply the Social Security payments levied with the 2013 levy. There is no debt to apply the payments to otherwise.

25.   The 2013 levy was for the express purpose of, and limited to, collecting

the liabilities listed on the June 27, 2013 Notice of Levy. But those

liabilities were written off as uncollectible in September of 2017.

26.   The levied funds from the 2013 levy cannot be lawfully applied to

"debts" created in disregard of the I.R.C. and after the CSED which also

do not appear on the face of the original Notice of Levy. (26 U.S.C. §

6331(a); Treas. Reg. § 301.6331-1(a)(1); § 6303(a); § 6601(a))

27.   Creating these alleged liabilities is an inseparable part of an effort to

create a perpetually collectible debt. But they are currently created

without regard to the law. There is no proper IRS function that operates

entirely outside the confines of the I.R.C., far less one that can generate

an indisputable, unassessed liability without notice to the taxpayer.

28.   Plaintiff is not challenging those charges for assessment defects, though

the defects are abundant—he is challenging the unlawful posting of the

charges in what are clearly and admittedly related, ongoing collection

actions on the 2013 Levy for what are now uncollectible debts.

**The United States has misstated the effect of a levy under 26 USC § 6331
on legal ownership claims. Levied property comes into the constructive**

**or actual possession of the government. The government does not acquire title to levied property. The government's interest is that of a lienor, not an owner. Dean retains his property interest in his future Social Security benefits to any extent that they exceed his liabilities.**

29.   The United States appears to be confused about the effect of a levy on the ownership of levied property. It claims full ownership of Dean's future Social Security benefits:

  a.  "The IRS levied the entirety of the payment stream at one time, redirecting all future payments" (ECF 12, pg. 3)

  b.  "The IRS seized the entirety of Plaintiff's future Benefits, **meaning that Plaintiff no longer has any right to claim the Benefits.**" (ECF 12, pg. 4) **(emphasis added)**

30.   These statements express a surprising misunderstanding of the purpose and effect of an IRS levy. Plaintiff challenges the government's claim that its seizure of his future Social Security benefit extinguished Dean's claim and property interest in those benefits. Supreme Court precedent says that's just not so.

31.   According to the Supreme Court:

  a.  "The enforcement provisions of the Internal Revenue Code of 1954, 26 U. S. C. §§ 6321-6326 (1976 ed. and Supp. V), do grant to

the Service powers to enforce its tax liens that are greater than those possessed by private secured creditors under state law. See *United States v. Rodgers*, 461 U. S. 677, 682-683 (1983); id., at 713, 717-718, and n. 7 (concurring in part and dissenting in part); *United States v. Bess*, 357 U. S. 51, 56-57 (1958). **But those provisions do not transfer ownership of the property to the IRS."** (*U.S. v. Whiting Pools, Inc.*, 462 US 198, 210-211 (1983)) (**emphasis added**)

32.  The court explained the purpose and effect of a levy so well that it is useful to quote the *Whiting* court at some length here:

a.  **"The Service's interest in seized property is its lien on that property.** The Internal Revenue Code's levy and seizure provisions, 26 U. S. C. §§ 6331 and 6332, are special procedural devices available to the IRS to protect and satisfy its liens and are analogous to the remedies available to private secured creditors. **They are provisional remedies that do not determine the Service's rights to the seized property, but merely bring the property into the Service's legal custody.** See *United States v. Sullivan,* 333 F. 2d, at 116 ("the Commissioner acts pursuant to the collection process in the capacity of lienor as distinguished from owner"). **The IRS is obligated to return to the debtor any surplus from a sale.** 26 U. S. C. § 6342(b). **Ownership of the property is transferred only when the property is sold to a bona fide purchaser at a tax sale. In fact, the tax sale provision itself refers to the debtor as the owner of the property after the seizure but prior to the sale.** Until such a sale takes place, the property remains the debtor's...". (*U.S. v. Whiting Pools, Inc. supra*) Internal

citations omitted *(**emphasis added***)*

33. The United States is mistaken in its claim that the 2013 levy on Dean's Social Security benefits permanently seized the entire value of that future revenue stream. Because "the Commissioner acts pursuant to the collection process in the capacity of lienor as distinguished from owner," (*U.S. v. Sullivan*, supra) and because "[t]he Service's interest in seized property is its lien on that property,"(*U.S. v Whiting Pools*, supra.) and because there is no lien against Dean's property, (DWD ¶ 40, Ex. E) the United States' claim to Dean's future Social Security benefits cannot exceed the value of the lien. A non-existent lien has no value.

34. Dean's property interest in his Social Security benefits is the same as it ever was. That interest would be fully restored on the IRS' release of the notice of levy. No actual transfer of ownership would be necessary to restore the flow of payments to Mr. Dean because Dean's property interest is not changed by the IRS' levy. (*U.S. v. Whiting*, supra.)

35. The value of Dean's future Social Security benefits now far exceeds Dean's collectible liabilities, and certainly exceeds the value of any lien

the United States has against them.

**The controlling statutory authority for collection time limits is § 6502(a)(1). The type of property subject to levy cannot lawfully change how long the IRS may take levy action. Each post CSED assessment of liability, and application of levied payments to it, is a prohibited post CSED collection action that is inseparable from the 2013 levy that generates the payments.**

36.   There is no statutory authority in the I.R.C. for a levy that continues indefinitely or until the liability is paid, and the United States has not cited any. (Internal Revenue Code, entire; case record thus far, entire)

37.   There is also no authority in the I.R.C. allowing a levy against liabilities for specific tax years to continue when the lawful right to collect those liabilities has expired, the IRS has written the debts off, and the liens against them have been released. (Exhibits B and C, IRS Account Transcripts; Exhibit E, Certificate of Release of Lien)

38.   "At no point does the Service's interest in the property exceed the value of the lien." (*United States v. Rodgers*, 461 U. S., at 690-691; id., at 724 (concurring in part and dissenting in part)) There is no lien currently in place against Dean. Under *U.S. v Rogers*, the Defendant's claim cannot exceed the zero value of a non-existent lien.

**The controlling statutory authority for collection time limits is §
6502(a)(1) and its regulations.**

39. As in this case, when no exemptions or CSED extensions are in play,
(DWD ¶¶ 19 & 20) I.R.C. § 6502(a)(1) specifies the time period in which
the IRS may collect tax and addition to tax. In pertinent part that I.R.C. §
6502(a)(1) states:

   a. "...such tax [a timely assessed tax] may be collected by levy or by a
   proceeding in court, but only if the levy is made or the proceeding
   begun— (1) within 10 years after the assessment of the tax,"

40. I.R.C. § 6502(a)(1) controls the time limits for collection of properly and
timely assessed liabilities. Under that section, the statutory period
begins on the assessment date. The "assessment date" is the date that an
assessment as contemplated in I.R.C. § 6203 has been recorded in the
records of the Secretary. For all liabilities subject to the June 27, 2013
Notice of Levy, the assessment date is September 3, 2007. (DWD ¶ 41,
Exhibit F)

41. For all liabilities the IRS has created since the CSED for "interest
charges" to Dean's 1997 account, there are no assessment dates, because

there are no assessments.  (ECF 12, pg. 7, last paragraph: "No collection

or assessment of tax is occurring through these notices...")

42.   I.R.C. § 6502(a)(2)(A) and (B), and the flush language of that statute

describe the only circumstances under which a levy may be maintained

after the passage of the CSED. The extensions are related to installment

agreements, or by agreement with a post-CSED release of lien. The

statute can also be extended if the Secretary of the Treasury begins a

collection suit in district court before the CSED. None of those

circumstances apply in this case and no such suit was filed. (DWD, ¶¶

19 and 20)

43.   The statute allows that if a court proceeding is begun pre-CSED, then a

levy may be made post-CSED. The reverse, however, is not true. A post-

CSED levy collection action does not allow the government to bring a

post-CSED suit. No statute authorizes an indefinite, or perpetual levy

against any type of property and the government has not cited one.

(I.R.C. entire; Record of this case thus far, entire)

44. Clearly Congress intended for suits and levies to go together; if the government cannot sue, then the IRS cannot levy. Even a district court judgment has a 20-year collection limit. Yes, it can be extended an additional 20 years by the government; yet even though collection limits can be extremely long and renewable, the Internal Revenue Code nowhere contemplates a perpetually collectible tax liability.

**Congress expressed its intent that there are time limits for collecting ALL federal tax debt in the IRS Reform and Restructuring Act of 1998.**

45. Up until the IRS Reform and Restructuring Act of 1998, the IRS routinely coerced taxpayers into signing waivers to extend the CSEDs for all taxes, including those considered uncollectible.

46. Congress ended that practice, when it struck from I.R.C. § 6502(a), language that read "The [tax collection waiver] period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon." (Pre-1998 I.R.C. § 6502(a))

47. Congress made that change because it believed that a 10-year CSED was

enough.  See H.R. Rep. No. 105-364, at 69-70 (1998); Joint Tax Committee on Taxation, General Explanation of Tax Legislation Enacted in 1998 (Nov. 24, 1998). 144 Cong. Rec. S4147-01, S4184 (May 4, 1998) (statement of Sen. Roth).

48.  Congress no longer allows taxpayers to even VOLUNTARILY extend the CSED, except when the taxpayer and the IRS enter into certain installment agreements. That general prohibition shows that Congress disfavors the old open-ended CSEDs that the United States says apply in this case.

### The type of property subject to levy cannot lawfully change how long the IRS may take levy action.

49.  The IRS appears to rest its post-CSED levy actions on a legal position that claims that the duration of a levy depends on the type of property subject to levy. That position is not consistent with the law.

50.  The law authorizes the IRS to levy on "property and rights to property." I.R.C. § 6331(a). But I.R.C. § 6502(a) does not empower the IRS to vest each type of property and type of property right with a different tax

collection limitation period. (26 U.S.C. § 6502(a) and regulations)

51.   The Notice of Levy served on June 27, 2013 self-identifies as a "levy on
      wages, salary or other income" that the SSA "has now or is obligated to
      pay you." (DWD ¶ 39, Exhibit D).

52.   The IRS did indeed issue its Notice of Levy to the Social Security
      Administration before the CSED of September 3, 2017. (DWD ¶ 39,
      Exhibit D; DWD ¶ 10, 11) That levy properly seized Dean's future Social
      Security benefits, up to the value of the lien, (*United States v. Rodgers,* 461
      U. S., at 690-691; id., at 724 ) for as long as those debts remained
      collectible. (26 U.S.C. § 6502(a)) And, after that 2013 levy date, Dean's
      Social Security benefits were paid to the IRS. (DWD ¶ 37, Exhibit B;
      DWD ¶ 11)

53.   But those facts together do not allow the IRS to disregard the ten-year
      tax collections period that I.R.C. § 6502(a)(1) imposes, and certainly not
      based on the triple legal fictions that Dean's tax 1997 through 2005
      liabilities remain collectible, that newly created, procedurally defective

liabilities not included among the original levied debts may be substituted for the original debts, and that because the cash flow under levy is fixed and determinable, § 6502(a)(1) does not apply to it.

54. The plain language of the collection limitations statute makes no distinctions between "fixed and determinable" cash flows and other types of property. The time limits stated in the statute apply to all types of property. There is no statutory authority for the exception the United States claims for its 2013 levy.

**The monthly payments levied after the CSED satisfy new liabilities created without regard to procedural requirements, not the liabilities against which the levy was issued. The liabilities subject to payment by the 2013 levy have not been collectible since September of 2017.**

**The new liabilities are not and never were collectible.**

55. According to IRS records and notices, the IRS may no longer collect any of the liabilities that appear on the original 2013 Notice of Levy. (DWD ¶¶ 37, 38, 39, 40, Exhibits, B, C, D and E)

56. The United States agrees that Dean's liabilities for 1997 through 2005 are no longer collectible and that the IRS may not take any new collections

actions to collect them. "… the tax debt is no longer listed on the IRS' books because the IRS cannot take any new actions to collect on these actions." (ECF 19, pg. 4)

57. Nevertheless, the IRS takes new collection action every month to create and collect debts not among those included on the original levy. Levy payments are then applied to the new charges. ((DWD ¶ 37, Exhibit B, pgs. 9, 10; Exhibit D, Notice of Levy; DWD ¶¶ 30)

58. The IRS admits it creates the new debt in disregard of I.R.C. requirements. Referring to "notices"[1] that Dean allegedly receives of the IRS' ongoing collection action in which the IRS creates the interest charges, the government states: "No collection or assessment of tax is occurring through these notices…" (ECF 12, pg. 7, last paragraph)

---

[1] Dean has not received notices from the IRS concerning the monthly creation of interest charges in his 1997 Account since the CSED. (DWD ¶ 33) The only "notices" he receives concerning the levy are annual Forms 1099 from the Social Security Administration. He used those notices to calculate his actual economic damages. (ECF 1, Complaint, pg. 14 Section I)

59. The 2013 levy, however, was against tax debts that are now uncollectible. (DWD ¶¶ 37, 38, 39, Exhibits B, C and D)  The creation of monthly liabilities is the "related IRS action" that is also a new collection action aimed at providing a liability for each new payment to satisfy. Those new liabilities were not and could not have been part of the debt that is subject to the 2013 Notice of Levy.

60. And because those debts were created after the CSED and in complete disregard of the I.R.C. they are themselves not collectible and never have been.

61. Even if the 2013 levy was indeed a "one-time levy" as the United States claims, (ECF 19, pg. 4) the liabilities against which the levied payments could apply have been uncollectible for over two years. **The IRS applies payments still arriving for that one-time levy to improperly created debts that were no part of the original notice.** The improper creation of those debts is part of a new collection action that the IRS takes in disregard of IRC requirements.

**Although the United States has admitted that interest charges the IRS newly creates after the CSED involve 'no assessment,' in order to inadvertently avoid waiver of any argument concerning these charges, Plaintiff will demonstrate in the following sections why creating these charges disregards requirements of I.R.C. requirements.**

**IRS disregard of 26 U.S.C. § 6502(a), 26 C.F.R. § 301.6502-1(a)**

62.  I.R.C. 26 U.S.C. § 6502(a) states:

   a. §6502. Collection after assessment

      (a) Length of period

      Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but **only if the levy is made or the proceeding begun-**
      **(1) within 10 years after the assessment of the tax. (emphasis added)**

63.  Certain exceptions and extensions apply, such as an installment agreement for the debt, § 6502(a)(2)(A), a release of levy under § 6343 with certain timing requirements, § 6502(a)(2)(B), or a timely suit by the government to reduce the liability to judgment begun before the CSED. (§ 6502(a)).

64.  None of those circumstances exist in this case. (DWD ¶¶ 19, 20)

65.  The ten-year collection period for Dean's 1997 tax year ended on

September 3, 2017. (DWD ¶¶ 37, 39, Exhibits B, E; DWD ¶¶ 12, 13)

66. Nevertheless, as part of and related to the Notice of Levy served on June 27, 2013, the IRS created and posted to Dean's tax year 1997 Account interest charges to match the amounts of incoming levy payments in each month after the 10 year statutory collection period had passed. (DWD ¶ 37, Exhibit B, pg. 9, 10; DWD ¶¶ 29, 30)

67. IRS records and notices show that the IRS employees responsible for creating and collecting those interest charges knew or should have known that the CSED had passed and that their collection action against Dean was not in compliance with 26 U.S.C. § 6502(a) or its regulations. (DWD ¶ 39, 40, Exhibits D and E)

68. Those IRS employees willfully, negligently or recklessly disregarded 26 U.S.C. § 6502(a) and its regulations in connection with the collection action they were undertaking against Dean by creating and collecting for charges after the CSED. They thus violated 26 U.S.C. § 7433 and caused direct economic damage to Mr. Dean in the amount of

$68,818.00, which he is entitled to recover in this action.

**IRS disregard of 26 U.S.C. § 6331(a) and 26 C.F.R. § 301.6331-1(a)(1) and
26 U.S.C. §§ 6303(a), and 26 C.F.R. § 301.6303-1(a) concerning notice
and demand for payment.**

69.   In pertinent part, 26 U.S.C. § 6331(a), Levy and distraint, states:

    a. (a) Authority of Secretary

       If any person liable to pay any tax **neglects or refuses to pay the
same within 10 days after notice and demand**, it shall be lawful
for the Secretary to collect such tax (and such further sum as shall
be sufficient to cover the expenses of the levy) by levy upon all
property and rights to property (except such property as is exempt
under section 6334) belonging to such person or on which there is
a lien provided in this chapter for the payment of such tax.
**(emphasis added)**

70.   In pertinent part 26 U.S.C. 6303(a) and regulations require notice and

demand for payment of all new assessments:

    a. 26 U.S. Code § 6303. Notice and demand for tax

       (a) General rule

       Where it is not otherwise provided by this title, the **Secretary
shall, as soon as practicable, and within 60 days, after the
making of an assessment of a tax pursuant to section 6203, give
notice to each person liable for the unpaid tax,** stating the
amount and demanding payment thereof. Such notice shall be
left at the dwelling or usual place of business of such person, or

shall be sent by mail to such person's last known address.
**(emphasis added)**

71. Dean's debt for 1997 that appears on the 2013 Notice of Levy was no longer collectible after September 3, 2017. (DWD ¶¶ 37, 38, Exhibits B, E; DWD ¶¶ 12, 13)

72. Additionally, all the amounts owing on the original 2013 Notice of Levy for 1997 through 2005 were extinguished as uncollectible on or about September 4, 2017. (DWD ¶ 37, 38, 40, Exhibits B, C, and E)

73. The IRS ceased collecting those debts after the CSED, switching instead to collecting newly created charges that were posted to match incoming levied payments.  (DWD ¶ 37, Exhibit B pg. 9, 10; DWD ¶¶ 29, 30)

74. The statute at 26 U.S.C. § 6331(a) grants authority to levy only taxes which a taxpayer "neglects or refuses to pay… within 10 days after notice and demand." (26 U.S.C. § 6331(a))

75. While 26 U.S.C. § 6303(a) generally requires notice and demand for payment of any newly assessed tax liability within 60 days of the assessment. (26 U.S.C. § 6303(a))

76. Mr. Dean has never received notices or demands of any kind for payment of the interest charges posted to his tax year 1997 Account. (DWD ¶ 33)

77. The United States in its pleadings thus far has admitted that there are "no assessments" for the newly posted interest charges for 1997. (ECF 12, pg. 7, 2nd P), which could explain why no § 6303(a) notice was sent. But there is no excuse for a levy if there has been no failure or refusal by the taxpayer to pay after receipt of notice.

78. Defendant has not claimed or provided evidence that the IRS sent notice and demand for payment of these charges to Mr. Dean and there is no reason to think it did. (entire record)

79. Additionally, the levy begun on June 27, 2013 was expressly for collection of tax debts for tax years 1997 through 2005. When those tax debts reached their Collection Statute Expiration Date on September 3, 2017, and were "written off," each subsequent levy payment represented an unlawful "successive seizure" under § 6331(c) of an

improperly created debt not included on the original levy.

80. IRS records and notices show that the IRS employees responsible for creating and collecting the tax year 1997 interest charges knew or should have known that the CSED had passed and that their collection action against Dean was not in compliance with 26 U.S.C. § 6331(a), 26 U.S.C. § 6303(a) or their regulations. (DWD ¶¶ 39, 40, Exhibits D and E)

81. Those IRS employees willfully, negligently or recklessly disregarded 26 U.S.C. § 6331(a) and 26 U.S.C. 6303(a) and their regulations in connection with the collection action they were undertaking against Dean by creating and collecting interest charges after the CSED. They thus violated 26 U.S.C. § 7433 and caused direct economic damage to Mr. Dean in the amount of $68,818.00, which he is entitled to recover in this action.

### IRS disregard of 26 U.S.C. § 6601(a), (e) and (g) and 26 C.F.R. § 301.6601-1(a)(1) and (f)(1) concerning determining and collecting interest.

82. The posting of matching interest charges for each new post-CSED levy payment received also violates I.R.C. § 6601(a) and 26 C.F.R. §

301.6601(a). That statute requires that interest be calculated and charged

against "any unpaid amount of tax." (26 C.F.R. § 6601(a)(1)) But since

September 3, 2017, when debts for 1997 became uncollectible, there is no

"unpaid amount of tax" against which interest may be calculated or

charged. (DWD ¶ 37, Exhibit B, pg. 9, 10)

83. According to 26 U.S.C. § 6601(e) and 26 C.F.R. § 6601(f)(1), interest is

"assessed and collected in the same manner as tax and shall be paid

upon notice and demand…" and further states, as does § 6601(g) that:

    a. "Interest on a tax may be assessed and collected at any time
**within the period of limitation on collection after assessment of
the tax to which it relates.** For rules relating to the period of
limitation on collection after assessment, see section 6502."

84. The period of limitation on collection has expired on Dean's 1997 debts,

yet IRS employees continued for the last two years to charge and collect

interest against his 1997 account. (DWD ¶ 37, Exhibit B, pg. 9, 10)

85. IRS employees do not asses and collect these monthly interest charges

"in the same manner as taxes," (ECF 12, pg. 7, 2nd ¶) nor do they provide

"notice and demand for payment" of the new charges. (DWD ¶ 32)

86. The IRS employees identified in this claim allowed these post-CSED

successive levies to continue when they knew, or should have known,

that they were unlawful. Through those IRS employees' reckless,

intentional, and negligent disregard of the several statutes and

regulations cited above, Plaintiff has suffered actual, direct economic

damages. Under I.R.C. § 7433 and Treas. Reg. § 301.7433-1(e), he is

entitled to recover those damages in the amounts stated in the

complaint.

## Conclusion

I.R.C. § 7803(a)(3)(J) guarantees Americans "the right to a fair and just tax

system." To secure that right, taxpayers may seek damages from the United

States under § 7433(a) and (b) whenever an IRS employee unlawfully disregards

an Internal Revenue Code provision or related Regulation "in connection with

any collection of Federal tax with respect to" the taxpayer.

Plaintiff made this claim because he has been damaged by IRS employees

who have subjected his Social Security benefits to a perpetual post-CSED levy.

No statute in the Internal Revenue Code vests the IRS with an indefinite post-

CSED levy power. For each tax collection action, the law provides a Collection

Statute Expiration Date. For Dean's tax years 1997 through 2005 income tax liabilities, that CSED came—and went—over two years ago.

The IRS has partly acknowledged what that Collection Statute Expiration Date requires it to do. When the CSED passed, the IRS (a) expunged Dean's tax liabilities, (b) extinguished its assessments, and (c) released its liens. Yet certain IRS employees maintain the 100% levy on Plaintiff's Social Security benefits, collecting against new and procedurally defective debts, and not those shown on the original levy. That action is as inexplicable as it is unlawful.

The IRS' creation of new unassessed, liabilities without notice and demand for payment is itself part of and directly related to the levy collection action that began in 2013. Each month the IRS receives a levied payment and creates an unassessed charge.  With no collectible liability to satisfy, the payment justifies the new debt while the new debt justifies the payment. The sole object of the exercise is to seize revenue outside the confines and restrictions of the Internal Revenue Code. These unlawful collection actions have caused direct economic damages to Dean under 26 U.S.C. §§ 7433(a) and (b), of $64,818.00 as of August 23, 2019.

The undisputed facts in this case show that Plaintiff is entitled to judgment as a matter of law. Plaintiff moves the Court for summary judgment in his favor and an order for the United States to reimburse his direct economic damages plus any statutory additions, interest, or costs to which he may be entitled.

Respectfully submitted this 17th day of January 2020.

By: _____

Ward Dean, plaintiff,
6708 Plantation Road, Ste C-1
Pensacola, Florida 32504
Phone 850-293-0278
Email: warddeanmd@protonmail.com

**WORD COUNT CERTIFICATION**

Pursuant to Northern District of Florida local rule 7.1(F) this **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** contains 7,315 words, not including the case style, motion, signature block and certificates.

**CERTIFICATE OF SERVICE**

On January 17, 2020, I certify that a copy of **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT, and the DECLARATION OF WARD DEAN IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITH EXHIBITS** was served on Defendant's counsel by certified U.S. Mail to:

Conor P. Desmond
NDFL NextGen CM/ECF Trial Attorney,
Tax Division U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station Washington, D.C.  20044
202-616-1857 (v)
202-514-4963 (f)

By: _____

Ward Dean, plaintiff, pro se