# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

| | | |
|---|---|---|
| WARD DEAN, | ) | |
| | ) | Case No. 3:19-CV-3362-MCR-EMT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## UNITED STATES' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The United States filed a motion to dismiss Plaintiff's complaint, asserting that Dean has not stated a claim for which relief can be granted. *See* ECF 12, 19. Should the Court grant the pending motion to dismiss, this case is terminated. In the alternative, the Court should deny Dean's motion for summary judgment. Dean has not sufficiently demonstrated how he is legally entitled to recover damages. *See* ECF 12. He has failed to show there are genuine issues of material fact not resolved by his conclusory declaration. Dean has failed to show he is entitled to summary judgment.

## ISSUE PRESENTED

*Legal Entitlement to Summary Judgment*

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Dean attached a conclusory declaration to his motion that misstates the factual circumstances of this matter and asserts legal conclusions without any relevant support. Do Dean's unsupported facts show there is no genuine issue of material fact and that Dean is entitled to judgment as a matter of law?

## FACTUAL SUMMARY

Dean accumulated "substantial federal income tax and additions to tax for the years 1997 through 2005." *See* ECF 1, ¶ 11. Those liabilities were assessed in 2007. *Id.* In June of 2013, the IRS issued a notice of levy, informing Dean that it was seizing his "entire Social Security Benefit." *See* Exhibit A (emphasis added). Social Security began paying over the benefits in honor of the levy. *See* ECF 1, ¶ 17. Dean's monthly Social Security levy payments did not pay his entire $2,801,286.72 tax liability owed to the United States prior to the passage of the 10-year Collection Statute Expiration Date ("CSED"). The IRS did not seek to collect Dean's liability through legal action. The CSED passed, resulting in the removal of Plaintiff's tax liabilities from the IRS' bookkeeping system. *See* Pltf's Declaration, ¶14, *see also* 26 U.S.C. ("IRC") § 6502 (stating that collection activity may only

2

occur by levy or judicial proceeding begun within 10 years of the assessment of a tax). The IRS continues to receive payments from the original seizure of benefits pursuant to the completed one-time levy made in June of 2013. The continuing receipt of the levy payments is not an inappropriate action after the CSED.

## **ARGUMENT**

The Court should deny Dean's premature motion for summary judgment as his supporting materials fail to establish that there is no genuine dispute of material fact and that he is entitled to judgment as a matter of law.

### **I.     Dean has not shown there is no genuine dispute of material fact.**

Dean's supporting material does not establish the absence of a genuine dispute of a material fact. *See* FRCP 56(c)(1)(B). Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue of fact is "material" if it might affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). At summary judgment, the moving party has the burden of proving the absence of a genuine issue of material fact, and all factual inferences are drawn in favor of the non-moving party. *See Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). "If reasonable minds could differ on the inferences arising from

undisputed facts, then a court should deny summary judgment." *Miranda v. B&B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992).

At most, Dean established that the IRS timely levied his Social Security benefits, that the IRS removed Dean's tax debts from its books when the CSED occurred and that he received no assessment or demand notices thereafter. *See* Plaintiff's Declaration. None of these facts address what the IRS did after the CSED because the IRS took no steps after the CSED. The IRS merely received payments due to the IRS from the completed levy. The passage of the CSED did not retroactively negate the completed levy and Dean has not and cannot provide any admissible evidence to show otherwise. *See* Fed. R. Civ. P. 56 (c)(2).

Dean does not declare that his tax liabilities were "extinguished." Only that the IRS "expunged" his 1997 through 2005 liabilities from its records. *See* Pltf's Declaration, ¶14. Tax liabilities arise by operation of law upon assessment, and exist until the debt is satisfied. *See Manning v. Seely Tube & Box Co. of New Jersey*, 338 U.S. 561, 565-66 (1950). By Dean's admission, he never fully paid his tax debt. *See* Pltf's Declaration, ¶9. IRC Section § 6502(a), which governs collection activities, expressly says that levies may be made by the IRS, provided that the levy is made within 10 years of the assessment. The levy issued by the IRS, seizing Dean's <u>entire</u> Social Security benefit, occurred well within the 10 year limitation. *See* Exhibit A.

Further, while Dean "has not received any statutory notice and demand to pay tax year 1997 interest charges," he is not entitled to such notice and demand. *See* Plaintiff's Declaration, ¶¶ 33. Notice of deficiency procedures as described by Dean, and stated in 26 U.S.C. §§ 6212, 6213, only apply to "deficiencies" as defined by statute. *See* 26 U.S.C. § 6211 (essentially defined as the difference between tax actually due and tax reported due). The charges and bookkeeping notations identified by Dean are not "deficiencies." They are merely entries used by the IRS to account for the receipt of payments from the levy completed seven years ago.

Dean has also misrepresented the United States' motion to dismiss, claiming that the United States "admitted that new interest charges are posted without assessments." *See* Pltf's Motion for Summary, page 7, ¶10. Aside from the fact that interest accrues by law and need not be formally "assessed" to be a valid debt, *see* 26 U.S.C. §§ 6621, 6622, the United States disagrees with Dean's inference regarding the assessment of interest charges as stated in his motion, as it has not "damaged" Dean. *Id* page 7, ¶12. The levy of Dean's Social Security Benefits was a proper action taken before the passage of the CSED and results in no legal damages to Dean.

Nothing in any of the materials submitted by Dean shows that an IRS employee or agent "recklessly, or intentionally, or by reason of negligence"

disregarded any provision of Title 26. The IRS, or any of its agents or employees, did not disregard any part of Title 26 simply through the completion of a proper levy. In fact, courts presented with this issue have found that the IRS is empowered to seize the entirety of a taxpayer's stream of future payments and that there is nothing wrong with the IRS' levy of a taxpayer's "right to receive future social security or pension payments." *O'Donnell v. United States*, 2014 WL 5350448 at *3 (S.D. Ill. Oct 21, 2014), *aff'd* 611 F. App'x 879 (7th Cir. May 26, 2015), *see also Enax v. Comm'r of Internal Revenue*, 2011 WL 8150645 at *1 (M.D. Fla. Jan 14, 2011), *Holland v. United States*, 2019 WL 1077123 (E.D. Mich. March 7, 2019), *Clift v. United States Internal Revenue Service*, 2017 WL 417123 at *2 (W.D. Wash Feb 8, 2017); *Bowers v. United States*, 861 F. Supp. 2d 921, 922-923 (C.D. Ill.) *aff'd* 498 F. App'x 623 (7th Cir. Dec 20, 2012), *Hines v. United States*, 658 F. Supp. 2d 139, 145-46 (D.D.C. 2009), *Beam v. United States Government*, 2007 WL 16740783 at *1 (D. Ore June 6, 2007).

Finally, if this Court were to find that Dean has properly stated a claim upon which he is entitled to relief, he is required to show that an IRS employee or agent "recklessly, or intentionally, or by reason of negligence" disregarded any provision of Title 26 through admissible evidence in order to meet the requirements of 26 U.S.C. § 7433. He has failed to carry that burden.

A reasonable person could interpret the facts differently than Dean's incorrect conclusions inferred from the partial facts he has presented in his motion. Therefore, summary judgment is not appropriate and should be denied. *See Miranda*, 975 F.2d at 1534.

## II.   Dean is not entitled to judgment as a matter of law.

Even if this Court were to determine that there is no genuine dispute of material fact, Dean failed to establish that he is entitled to judgment as a matter of law. Dean's motion attempts to shift his burden to show that he is legally entitled to judgment as a matter of law to the United States through his assertion that the United States cited no statutory authority that it can receive his Social Security Benefits "indefinitely." However, the United States cited several cases and statutes to support its position that the IRS can complete a levy of a taxpayer's entire future stream of payments in its motion to dismiss, which remains pending. *See* ECF 12, 19.

To the contrary, as stated in detail in the United States' motion to dismiss, a one-time levy of all future Social Security Benefits is permissible. *See* ECF 12. The one-time levy of all benefits occurred prior to the CSED. The completed levy was made in compliance with applicable law, regardless of how the IRS maintains records of the payments received from that levy. Assessments are "bookkeeping" functions, and have nothing to do with the imposition of tax liability. *Williams-*

*Russell & Johnson, Inc. v. United States*, 371 F.3d 1350, 1353 (11th Cir. 2004). Dean's continued assertion of unsupported claims ignores the history of his tax disputes and misapplies the law.

The IRS may collect all such "property and rights to property" of Dean in existence on the levy date, including his right to receive future social security benefits. 26 U.S.C. § 6331(a), *Holland*, 2019 WL 1077123 *quoting Bowers*, 861 F. Supp. 2d at 923. The levy attached to taxpayer's "entire social security benefit." *See* Exhibit A. Per the completed levy, the IRS began receiving payments from the Social Security Administration in July of 2013.

Even applying the payments from the completed one-time levy of Dean's *entire* Social Security Benefits, Dean has still failed to pay his tax debt. However, after the CSED the IRS is barred from initiating any *new* collection activity. And it has not initiated any new collection activity. Rather the IRS is simply receiving money from the timely made and completed levy.

This is the key distinction: the one-time levy is complete. It is not a "perpetual" levy or an "indefinite" levy. The levy is a onetime occurrence, not a continual action. Even though distributions are made over time, the entire payment stream was seized at once.

The IRS' levy stated that the stream of payments would be applied to Dean's 1997-2005 tax debts.  Once the levy was completed, at that moment, the entire

stream of payments was seized for that purpose. And there is "nothing wrong" with this action. *See O'Donnell v. United States*, 2014 WL 5350448 at *3 ("[A] levy may seize a future stream of payments to which the taxpayer has an unqualified fixed right … there is nothing wrong with" the IRS' levy on a taxpayer's "right to receive future social security or pension payments.")

Once the levy was completed, Dean's property right in the Social Security Benefit payments ended. To the extent that Dean is now challenging the United States' "ownership" to the benefits, otherwise known as an action to quiet title, Dean's claim is deficient. Per 28 U.S.C. § 2410(a), there can only be jurisdiction over an action to quiet title to personal property when the IRS has imposed a lien and the taxpayer challenges the validity of that lien. *Hughes v. United States*, 953 F.2d 531, 538 (9th Cir. 1992). "As to amounts that have already come into the hands of the IRS, no quiet title action will lie." *Id.* at 538 (lien claims do not apply to property that has already been seized by the United States). Dean has stated several times that he does not challenge the validity of the IRS' levy action. As this action asserts a violation of Section 7433, Dean still has to show that Title 26 has been disregarded, and the completion of a levy does not fit that definition.

Beyond the completion of the levy, there appears to be confusion as to the operation of this levy. The diversion of payments owed to Dean through the Social Security Program occurs over time. It was impossible for the United States to seize

the entirety of Dean's future stream of benefits from the Social Security Trust Fund at the time of completion of the levy because that would run counter to the periodic structure of Social Security payments. *See Hines*, 658 F.Supp. 2d at 145-46 (D.D.C. 2009); *see also* ECF 12, page 5. The United States can only seize the *right* to receive the periodic payment, rather than a purported *total* amount, as the total value of Social Security Benefits an individual can claim is dependent on the date of that individual's death. *See Wessel v. United States (In re Wessel)*, 161 B.R. 155, 159 (Bankr. D.S.C. 1993) (rejecting that "staying alive is … a condition precedent" to the debtor's acquisition of a property right in an annuity, instead concluding that "death terminates this previously created property right.")

Regardless of the operation of the levy, the amounts seized, including any potential future benefits, did not, and will not, fully satisfy Dean's debt owed to the United States for tax years 1997-2005. Based on the documents attached to Dean's declaration, approximately $1,926,141 in liabilities was written off IRS's books.[1] Based on Dean's current monthly Social Security Benefit payment of $2,791,[2] it could take over 58 years to fully pay his debt to the United States.[3] Given that

---

[1] This is a summation of all "write offs" for tax years 1998-2004 completed on September 4, 2017 stated on the transcripts attached to Dean's declaration.

[2] This information was ascertained from the transcripts attached to Dean's declaration, *see* Pltf's Declaration, Exhibit B, page 9.

[3] This estimate does not take into account interest on the debt or cost of living adjustments to Dean's monthly payments levied by the United States. This estimation is provided for illustration purposes only and should not be viewed as a payoff estimation.

Plaintiff is 77 years old, it is impossible that he would live long enough (135 years) for the entire stream of payments to satisfy his liability. Additionally, as the CSED has now passed, the IRS cannot take any new collection actions against Plaintiff, so this is the sole source of money to satisfy Plaintiff's tax debt at this this point. Contrary to Plaintiff's citation of *Whiting,* there is no surplus here. Because there is no surplus, there is nothing to return to Plaintiff following the CSED as he describes. Dean's reliance on the IRS' actions to remove the assessments and liens from its books ignores the fact that the levy was made and completed prior to the CSED. *See* 26 U.S.C. § 6502.

Dean's argument would lead to an absurd result: that the IRS is permitted to seize the *entire* stream of future payments owed to a delinquent taxpayer as stated in *Hines*, but only until the passage of the CSED. Not only does this argument ignore the word "entire" in the notice of the levy, *see* Exhibit A, and disregard the cases on point, but Dean has stated no relevant legal basis for this position. While this is an unusual situation, as most levies or seizures concern a fixed-value asset that is not a stream of payments, this additional requirement that the IRS must return seized assets after the CSED is illogical. The CSED only prevents the IRS from initiating new collection action. It does not negate collection actions already completed prior to the CSED. *See* 26 U.S.C. § 6502 ("such tax may be collected by

levy … only if the *levy is made or the proceeding begun* within 10 years after assessment of the tax.") (emphasis added).

In sum, Dean's motion, declaration, and other cited evidence does not show that he is entitled to judgment as a matter of law. Indeed, he has failed to plead a cause of action upon which relief can be granted.

### III.   The United States will show that there are no genuine issues of material fact and that it is entitled to judgment through a future filing of a declaration.

Should the Court deny the United States' motion to dismiss Dean's insufficiently pleaded complaint, the United States will require time to answer Dean's complaint and to obtain a declaration in support of its own motion for summary judgment.

## CONCLUSION

Dean's Motion for Summary Judgment should be denied as Dean has failed to show the absence of a genuine dispute of material fact and has not shown that he is entitled to judgment as a matter of law.

The United States respectfully requests that the Court stay ruling on Plaintiff's Motion for Summary Judgment pending the Court's ruling on the United States' motion to dismiss or that Plaintiff's Motion be denied.

Dated: February 7, 2020                    Respectfully submitted,

                                           RICHARD E. ZUCKERMAN

Principal Deputy Assistant Attorney
General

*/s/ Conor P. Desmond*
CONOR PATRICK DESMOND
DC Bar Number 1531356
FL NextGen CM/ECF: 6133699
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington, D.C.  20044
202-616-1857 (v) | 202-514-4963 (f)
Conor.P.Desmond@usdoj.gov

Of counsel:
LAWRENCE KEEFE
United States Attorney
Northern District of Florida

## WORD COUNT CERTIFICATION

Pursuant to Northern District of Florida local rule 7.1(F) this Memoranda in Opposition to Plaintiff's Motion for Summary Judgment contains 2872 words, not including the case style, signature block and certificates.

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing Memoranda in Opposition to Plaintiff's Motion for Summary Judgment was served on February 7, 2020 through the Court's CM/ECF system, which automatically sends email notification of such filing to all CM/ECF users.

> */s/  Conor P. Desmond*
> CONOR P DESMOND
> Trial Attorney, Tax Division
> U.S. Department of Justice

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| WARD DEAN, | ) |
| | ) Case No. 3:19-CV-3362-MCR- |
| Plaintiff, | ) EMT |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### DECLARATION OF REVENUE OFFICER CATHERINE SANDS

1.      I am employed by the Internal Revenue Service as a Revenue Officer in Pensacola, Florida. I have been employed as a Revenue Officer for 28 years.

2.      "Catherine Sands" is a pseudonym that I am authorized to use, including in the execution of this Declaration, under Section 3706 of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, 112 Stat. 685.

3.      As a Revenue Officer, my duties include collecting federal tax liabilities in assigned cases. I also have the duty to investigate assets of taxpayers and to forward recommendations to commence suit to collect taxes and enforce federal tax liens to the United States Department of Justice. I was assigned to collect the federal tax liabilities of Ward Dean.

4.      Through my training and experience as a Revenue Officer, I am familiar with IRS recordkeeping procedure, including the IRS's methods of keeping files related to the collection of outstanding liabilities.

5.      My training and experience have also made me familiar with the IRS's computer system for storing and tracking information about taxpayer's accounts. That computer system is called the

Integrated Data Retrieval System (IDRS). As transactions (such as assessments, payments or levies) occur on a taxpayer's account for a particular tax period, the transactions are electronically recorded in IDRS. The IDRS entries are made automatically in some cases. If they are made manually, IRS policy requires them to be made by, or at the direction of, a person who has personal knowledge of the transaction being recorded. IDRS records are created and maintained in the regular course of IRS business.

6.      IDRS has different "modules," or computer commands, to perform different calculations and display return information as the IRS requires. I use IDRS for various functions almost every working day. Employees throughout the IRS rely on IDRS as a record of taxpayers' accounts.

7.      After reviewing IDRS and collection files related to the unpaid federal income tax liabilities of Ward Dean, I confirmed that the attached document is a copy of the notice of levy that I issued to the Social Security Administration on June 27, 2013.

8.      The attached document is a true and correct copy of the notice of levy I issued to the United States Social Security Administration on June 27, 2013.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _November 15, 2019_



**Internal Revenue Service**
7180 North 9th Av
Pensacola, FL 32504

**Department of the Treasury**

**Date**: 06/27/2013

**Person to Contact / ID Number:**
 Catherine Sands, 59-08390
**Contact Telephone Number:**
 850-475-7336
**Contact Fax Number:**
 888-554-7693

Social Security Administration
Western Program Service Center
Po Box 2912
Richmond, CA 94802-1912000

RE:   Notice of Levy on SSA Benefit
       Ward Dean        -2485

Dear Social Security Administration:

The taxpayer identified in the enclosed notice of levy is not entitled to the exemptions under section 6334(a)(9) of the Internal Revenue Code. Therefore, please disregard the instructions about the exemptions under that Code section on the back of Part 1 of the notice.

Parts 4 and 5 of the notice have been removed, and the Table for figuring the amount exempt from levy is not enclosed. There is no need for the taxpayer to complete the statement of exemptions on Part 3.

<u>This levy attaches to the taxpayer's entire social security benefit.</u>  Please attach Part 3 to the check you send us.

Thank you for your assistance. If you have any questions or need more information, please contact me at the address or the telephone number shown above.

Cordially,

Catherine Sands
Revenue Officer

| Form **668-W(ICS)** | Department of the Treasury – Internal Revenue Service |
|---|---|
| (Rev. July 2002) | **Notice of Levy on Wages, Salary, and Other Income** |

DATE: **06/27/2013**

REPLY TO: **Internal Revenue Service**
    **CATHERINE SANDS**
    **7180 N. 9TH AVE**
    **PENSACOLA, FL 32504**

TELEPHONE NUMBER
OF IRS OFFICE: **(850)475-7336**

NAME AND ADDRESS OF TAXPAYER:
**WARD DEAN**
**8799 BURNING TREE RD**
**PENSACOLA, FL 32514-5604000**

TO:   **SOCIAL SECURITY ADMINISTRATION**
     **WESTERN PROGRAM SERVICE CENTER**
     **PO BOX 2912**
     **RICHMOND, CA 94802-1912000**

IDENTIFYING NUMBER(S): ████-2485

**DEAN**

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/1997 | $143,709.94 | $65,107.30 | $208,817.24 |
| 1040 | 12/31/1998 | $442,431.65 | $158,517.02 | $600,948.67 |
| 1040 | 12/31/1999 | $226,212.69 | $81,991.78 | $308,204.47 |
| 1040 | 12/31/2000 | $208,005.76 | $59,023.45 | $267,029.21 |
| 1040 | 12/31/2001 | $217,112.74 | $84,137.83 | $301,250.57 |
| 1040 | 12/31/2002 | $242,291.54 | $68,752.26 | $311,043.80 |
| 1040 | 12/31/2003 | $289,191.24 | $86,942.05 | $376,133.29 |
| 1040 | 12/31/2004 | $322,707.85 | $105,151.62 | $427,859.47 |
| | | **NO EXEMPTIONS ALLOWED** | | |
| | | | Total Amount Due ⟹ | $2,801,286.72 |

We figured the interest and late payment penalty to  **07/17/2013**

**THIS ISN'T A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.**

The Internal Revenue Code provides that there is a lien for the amount shown above. Although we have given the notice and demand required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us: (1) this taxpayer's wages and salary that have been earned but not paid, as well as wages and salary earned in the future until this levy is released, and (2) this taxpayer's other income that you have now or for which you are obligated.

We levy this money to the extent it isn't exempt, as shown in the instructions. Don't offset money this person owes you without contacting us at the telephone number shown above for instructions.

If you don't owe money to this taxpayer, please call us at the telephone number at the top of this form. Instead of calling us you may complete the back of Part 3, attach it as a cover to the rest of this form, and return all parts to IRS in the enclosed envelope.

If you do owe money to this taxpayer, please see the back of this page for instructions on how to act on this notice.

| Signature of Service Representative | | Title |
|---|---|---|
| **CATHERINE SANDS** | | **REVENUE OFFICER** |

**Part 1 –**   For Employer or other Addressee   Catalog No. 35390F   www.irs.gov      Form **668-W(ICS)** (7-2002)

## IF MONEY IS DUE THIS TAXPAYER

Give the taxpayer Parts 2, 3, 4 and 5, as soon as you receive this levy. Part of the taxpayer's wages, salary, or other income is exempt from levy. To claim exemptions, the taxpayer must complete and sign the Statement of Exemptions and Filing Status on Parts 3, 4, and 5 and return Parts 3 and 4 to you within 3 work days after you receive this levy. The taxpayer's instructions for completing the Statement of Exemptions and Filing Status are on the back of Part 5.

Send us the taxpayer's take home pay minus the exempt amount which is described below, on the same dates that payments are made, or are due, to the taxpayer. Unless we tell you that a deduction should not be allowed, allow the taxpayer's payroll deductions which were in effect when you received this levy in determining the take home pay. Do not allow the taxpayer to take new voluntary payroll deductions while this levy is in effect. The method of payment to the taxpayer, for example, direct deposit, has no bearing on take home pay. Direct deposit is not considered a payroll deduction.

When you send us your check, **complete the back of Part 3 of this form**, attach it to the check, and mail them to us in the enclosed envelope. **Make your check payable to United States Treasury. Please write on the check (not on a detachable stub) the taxpayer's name, identifying number(s), kind of tax, and tax periods shown on Part 1, and the words "LEVY PROCEEDS."**

**This levy remains in effect for all wages and salary for personal services until we send you a release of levy.** Wages and salary include fees, commissions, and bonuses. If more than one payment is necessary to satisfy the levy, send additional payments to the Internal Revenue Service address shown on your copy of this levy, and make out your check as described above.

**This levy remains in effect for benefit and retirement income if the taxpayer has a current fixed right to future payments, until we send you a release of levy.**

**For income other than wages and salary, and benefit and retirement income as described above, this levy is effective only for funds you owe the taxpayer now.** We may issue another levy if necessary. However, this levy attaches to all obligations you owe the taxpayer at the time you receive it, even though you plan to make the payment at a later date.

## INSTRUCTIONS FOR FIGURING THE AMOUNT EXEMPT FROM THIS LEVY

There are three steps in figuring the amount exempt from this levy.

1. When you receive the completed Parts 3 and 4 from the taxpayer, use item 1 of the enclosed table (Publication 1494) to figure how much wages, salary, or other income is exempt from this levy. Find the correct block on the table using the taxpayer's filing status, number of personal exemptions claimed, and pay period. Be sure you allow one exemption for the taxpayer, in addition to one for each person listed on Parts 3 and 4, unless, "I cannot claim myself as an exemption," is written next to the taxpayer's signature. If no Social Security Number is provided for a personal exemption, do not allow that exemption, unless "Less than six months old" is written in the space for that person's Social Security Number. If you don't receive the completed Parts 3 and 4, then the exempt amount is what would be exempt if the taxpayer had returned them indicating married filing separate and only the taxpayer is claimed as a personal exemption. Don't use the information on the taxpayer's Form W-4, Employee's Withholding Allowance Certificate, to determine the amount that is exempt from this levy. That information can be different from what is filed on the employee's individual income tax return.

2. If the taxpayer, or the taxpayer's spouse, is at least 65 years old and/or blind, an additional amount is exempt from this levy. To claim this, the taxpayer counts one for each of the following: (a) the taxpayer is 65 or older, (b) the taxpayer is blind, (c) the taxpayer's spouse is 65 or older, and (d) the taxpayer's spouse is blind. Then, this total (up to 4) is entered next to "ADDITIONAL STANDARD DEDUCTION" on the Statement of Exemptions and Filing Status. If the taxpayer has entered a number in this space, use item 2 of the enclosed table to figure the additional amount exempt from this levy.

3. The amount the taxpayer needs to pay support, established by a court or an administrative order, for minor children is also exempt from the levy, but the court or administrative order must have been made before the date of this levy. These children can't be claimed as personal exemptions on Parts 3, 4, and 5.

If the taxpayer's exemptions, filing status, or eligibility for additional standard deduction change while this levy is in effect, the taxpayer may give you a new statement to change the amount that is exempt. You can get more forms from an IRS office. If you are sending payments for this levy next year, the amount that is exempt doesn't change merely because the amount that all taxpayers can deduct for exemptions, filing status, and additional standard deductions on individual income tax returns changes for the new year. However, if the taxpayer asks you to recompute the exempt amount in the new year by submitting a new Statement of Exemptions and Filing Status, even though there may be no change from the prior statement, you may use the new year's exemption table. This change applies to levies you already have as well as this one. If you are asked to recompute the exempt amount and you don't have the new year's exemption table, you may order one by calling 1-800-829-3676. Ask for Publication 1494. This publication is also available at our internet site www.irs.gov. The taxpayer submits the information under penalties of perjury, and it is subject to verification by the Internal Revenue Service.

Form **668-W (ICS)** (7-2002)

| Form **668-W(ICS)** | Department of the Treasury – Internal Revenue Service |
| --- | --- |
| (Rev. July 2002) | **Notice of Levy on Wages, Salary, and Other Income** |

DATE: **06/27/2013**

REPLY TO: **Internal Revenue Service**
       **CATHERINE SANDS**
       **7180 N. 9TH AVE**
       **PENSACOLA, FL 32504**

TELEPHONE NUMBER
OF IRS OFFICE: **(850)475-7336**

NAME AND ADDRESS OF TAXPAYER
**WARD DEAN**
**8799 BURNING TREE RD**
**PENSACOLA, FL 32514-5604000**

TO:  **SOCIAL SECURITY ADMINISTRATION**
     **WESTERN PROGRAM SERVICE CENTER**
     **PO BOX 2912**
     **RICHMOND, CA 94802-1912000**

IDENTIFYING NUMBER(S):  █████-2485

**DEAN**

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
| --- | --- | --- | --- | --- |
| 1040 | 12/31/1997 | $143,709.94 | $65,107.30 | $208,817.24 |
| 1040 | 12/31/1998 | $442,431.65 | $158,517.02 | $600,948.67 |
| 1040 | 12/31/1999 | $226,212.69 | $81,991.78 | $308,204.47 |
| 1040 | 12/31/2000 | $208,005.76 | $59,023.45 | $267,029.21 |
| 1040 | 12/31/2001 | $217,112.74 | $84,137.83 | $301,250.57 |
| 1040 | 12/31/2002 | $242,291.54 | $68,752.26 | $311,043.80 |
| 1040 | 12/31/2003 | $289,191.24 | $86,942.05 | $376,133.29 |
| 1040 | 12/31/2004 | $322,707.85 | $105,151.62 | $427,859.47 |

**NO EXEMPTIONS ALLOWED**

| | Total Amount Due   ⇒ | $2,801,286.72 |
| --- | --- | --- |

We figured the interest and late payment penalty to  **07/17/2013**

Although we asked you to pay the amount you owe, it is still not paid.

This is your copy of a Notice of Levy we have sent to collect the unpaid amount. We will send other levies if we don't get sufficient funds to pay the total amount you owe.

This levy requires the person who received it to turn over to us: your wages and salary that have been earned but not paid, as well as wages and salary earned in the future until the levy is released; and (2) your other income that the person has now or is obligated to pay you. This money is levied to the extent it isn't exempt, as explained on the back of Part 5 of this form.

If you decide to pay the amount you owe now, please **bring** a guaranteed payment (*cash, cashier's check, or money order*) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. Make checks and money orders payable to United States Treasury. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If you have any questions or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time for us to call you.

**Please see the back of Part 5 for instructions.**

.

| Signature of Service Representative | | Title |
| --- | --- | --- |
| **/S/ CATHERINE SANDS** | *(signature)* | **REVENUE OFFICER** |

| **Part 2 –**   For Taxpayer | Catalog No. 35390F    www.irs.gov | Form **668-W(ICS)** (7-2002) |

**Excerpts from the Internal Revenue Code**

## Sec. 6331.  LEVY AND DISTRAINT.

(b) Seizure and Sale of Property.—The term "levy" as used in this title includes the power of distraint and seizure by any means.  Except as otherwise provided in subsection (e), a levy shall extend only to property possessed and obligations existing at the time thereof.  In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible).

(c) Successive Seizures.—Whenever any property or right to property upon which levy has been made by virtue of subsection (a) is not sufficient to satisfy the claim of the United States for which levy is made, the Secretary may, thereafter, and as often as may be necessary, proceed to levy in like manner upon any other property liable to levy of the person against whom such claim exists, until the amount due from him, together with all expenses, is fully paid.

(e) Continuing Levy on Salary and Wages.—The effect of a levy on salary or wages payable to or received by a taxpayer shall be continuous from the date such levy is first made until such levy is released under Section 6343.

## Sec. 6332.  SURRENDER OF PROPERTY SUBJECT TO LEVY.

(a) Requirement.—Except as otherwise provided in this section, any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

(d) Enforcement of Levy.

(1) Extent of personal liability.—Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at the underpayment rate established under section 6621 from the date of such levy (or, in the case of a levy described in section 6331 (d)(3), from the date such person would otherwise have been obligated to pay over such amounts to the taxpayer).  Any amount (other than costs) recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made.

(2) Penalty for violation.—In addition to the personal liability imposed by paragraph (1), if any person required to surrender property or rights to property fails or refuses to surrender such property or rights to property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1).  No part of such penalty shall be credited against the tax liability for the collection of which such levy was made.

(e) Effect of honoring levy.—Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)), shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

## Sec. 6333.  PRODUCTION OF BOOKS.

If a levy has been made or is about to be made on any property, or right to property, any person having custody or control of any books or records, containing evidence or statements relating to the property or right to property subject to levy, shall, upon demand of the Secretary, exhibit such books or records to the Secretary.

## Sec. 6334.  PROPERTY EXEMPT FROM LEVY.

(a) Enumeration.—There shall be exempt from levy

(4) Unemployment benefits.—Any amount payable to an individual with respect to his unemployment (including any portion thereof payable with respect to dependents) under an unemployment compensation law of the United States, of any State, or of the District of Columbia or of the Commonwealth of Puerto Rico.

(6) Certain annuity and pension payments.—Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. 562), and annuities based on retired or retainer pay under chapter 73 of title 10 of the United States Code.

(7) Workmen's compensation.—Any amount payable to an individual as workmen's compensation (including any portion thereof payable with respect to dependents) under a workmen's compensation law of the United States, any State, the District of Columbia, or the Commonwealth of Puerto Rico.

(8) Judgments for support of minor children.—If the taxpayer is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.

(9) Minimum exemption for wages, salary and other income.—Any amount payable to or received by an individual as wages or salary for personal services, or as income derived from other sources, during any period, to the extent that the total of such amounts payable to or received by him during such period does not exceed the applicable exempt amount determined under subsection (d).

(10) Certain service-connected disability payments.—Any amount payable to an individual as a service-connected (within the meaning of section 101(16) of title 38, United States Code) disability benefit under—
 (A) subchapter II, III, IV, or VI of chapter 11 of such title 38, or
 (B) Chapter 13, 21, 23, 31, 32, 34, 35, 37, or 39 of such title 38.

(11) Certain public assistance payments.—Any amount payable to an individual as a recipient of public assistance under—
 (A) title IV or title XVI (relating to supplemental security income for the aged,

blind, and disabled) of the Social Security Act, or
 (B) State or local government public assistance or public welfare programs for which eligibility is determined by a needs or income test.

(12) Assistance Under Job Training Partnership Act.—Any amount payable to a participant under the Job Training Partnership Act (29 U.S.C. 1501 et seq.) from funds appropriated pursuant to such Act.

(d) Exempt Amount of Wages, Salary, or Other Income.—

(1) Individuals on weekly basis.—In the case of an individual who is paid or receives all of his wages, salary, and other income on a weekly basis, the amount of the wages, salary, and other income payable to or received by him during any week which is exempt from levy under subsection (a) (9) shall be the exempt amount.

(2) Exempt Amount.— For purposes of paragraph (1), the term "exempt amount" means an amount equal to—
 (A) the sum of—
  (i) the standard deduction, and
  (ii) the aggregate amount of the deductions for personal exemptions allowed the taxpayer under section 151 in the taxable year in which such levy occurs divided by
 (B) 52.
Unless the taxpayer submits to the Secretary a written and properly verified statement specifying the facts necessary to determine the proper amount under subparagraph (A), subparagraph (A) shall be applied as if the taxpayer were a married individual filing a separate return with only 1 personal exemption.

(3) Individuals on basis other than weekly.—In the case of any individual not described in paragraph (1), the amount of wages, salary, and other income payable to or received by him during any applicable pay period or other fiscal period (as determined under regulations prescribed by the Secretary) which is exempt from levy under subsection (a) (9) shall be an amount (determined under such regulations) which as nearly as possible will result in the same total exemption from levy for such individual over a period of time as he would have under paragraph (1) if (during such period of time) he were paid or received such wages, salary and other income on a regular weekly basis.

## Sec. 6343.  AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.

(a) Release of Levy and Notice of Release.—

(1) In General.—Under regulations prescribed by the Secretary, the Secretary shall release the levy upon all, or part of, the property or rights to property levied upon and shall promptly notify the person upon whom such levy was made (if any) that such levy has been released if—

(A) the liability for which such levy was made is satisfied or becomes unenforceable by reason of lapse of time,
 (B) release of such levy will facilitate the collection of such liability,
 (C) the taxpayer has entered into an agreement under section 6159 to satisfy such liability by means of installment payments, unless such agreement provides otherwise,
 (D) the Secretary has determined that such levy is creating an economic hardship due to the financial condition of the taxpayer, or
 (E) the fair market value of the property exceeds such liability and release of the levy on a part of such property could be made without hindering the collection of such liability.

For purposes of subparagraph (C), the Secretary is not required to release such levy if such release would jeopardize the secured creditor status of the Secretary.

(2) Expedited determination on certain business property.—In the case of any tangible personal property essential in carrying on the trade or business of the taxpayer, the Secretary shall provide for an expedited determination under paragraph (1) if levy on such tangible personal property would prevent the taxpayer from carrying on such trade or business.

(3) Subsequent levy.—The release of levy on any property under paragraph (1) shall not prevent any subsequent levy on such property.

(b) Return of Property.—If the Secretary determines that property has been wrongfully levied upon, it shall be lawful for the Secretary to return—
 (1) the specific property levied upon,
 (2) an amount of money equal to the amount of money levied upon, or
 (3) an amount of money equal to the amount of money received by the United States from a sale of such property.

Property may be returned at any time.  An amount equal to the amount of money levied upon or received from such sale may be returned at any time before the expiration of 9 months from the date of such levy.  For purposes of paragraph (3), if property is declared purchased by the United States at a sale pursuant to section 6335(e) (relating to manner and conditions of sale), the United States shall be treated as having received an amount of money equal to the minimum price determined pursuant to such section or (if larger) the amount received by the United States from the resale of such property.

(d) RETURN OF PROPERTY IN CERTAIN CASES.—IF—
 (1) any property has been levied upon, and
 (2) the Secretary determines that—
  (A) the levy on such property was premature or otherwise not in accordance with administrative procedures of the Secretary,
  (B) the taxpayer has entered into an agreement under section 6159 to satisfy the tax liability for which the levy was imposed by means of installment payments, unless such agreement provides otherwise,
  (C) the return of such property will facilitate the collection of the tax liability, or
  (D) with the consent of the taxpayer or the National Taxpayer Advocate, the return of such property would be in the best interests of the taxpayer (as determined by the National Taxpayer Advocate) and the United States,
the provisions of subsection (b) shall apply in the same manner as if such property had been wrongly levied upon, except that no interest shall be allowed under subsection (c).

Form **668-W(ICS)** (7-2002)

| Form **668-W(ICS)** (Rev. July 2002) | Department of the Treasury – Internal Revenue Service<br>**Notice of Levy on Wages, Salary, and Other Income** |
|---|---|

DATE: 06/27/2013

REPLY TO: **Internal Revenue Service**
**CATHERINE SANDS**
**7180 N. 9TH AVE**
**PENSACOLA, FL 32504**

TELEPHONE NUMBER
OF IRS OFFICE: **(850)475-7336**

NAME AND ADDRESS OF TAXPAYER:
**WARD DEAN**
**8799 BURNING TREE RD**
**PENSACOLA, FL 32514-5604000**

TO: **SOCIAL SECURITY ADMINISTRATION**
**WESTERN PROGRAM SERVICE CENTER**
**PO BOX 2912**
**RICHMOND, CA 94802-1912000**

IDENTIFYING NUMBER(S): ▆▆▆-2485

DEAN

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/1997 | $143,709.94 | $65,107.30 | $208,817.24 |
| 1040 | 12/31/1998 | $442,431.65 | $158,517.02 | $600,948.67 |
| 1040 | 12/31/1999 | $226,212.69 | $81,991.78 | $308,204.47 |
| 1040 | 12/31/2000 | $208,005.76 | $59,023.45 | $267,029.21 |
| 1040 | 12/31/2001 | $217,112.74 | $84,137.83 | $301,250.57 |
| 1040 | 12/31/2002 | $242,291.54 | $68,752.26 | $311,043.80 |
| 1040 | 12/31/2003 | $289,191.24 | $86,942.05 | $376,133.29 |
| 1040 | 12/31/2004 | $322,707.85 | $105,151.62 | $427,859.47 |

**NO EXEMPTIONS ALLOWED**

| Employer or Other Addressee: Please complete the back of this page. | Total Amount Due  ⇒ | $2,801,286.72 |
|---|---|---|

We figured the interest and late payment penalty to  **07/17/2013**

Statement of Exemptions and Filing Status *(To be completed by taxpayer; Instructions are on the back of Part 5)*
My filing status for my income tax return is (check one): ☐ Single; ☐ Married Filing a Joint Return;
☐ Married Filing a Separate Return; ☐ Head of Household; or ☐ Qualifying Widow(er) with dependent child

ADDITIONAL STANDARD DEDUCTION: _____ *(Enter amount only if you or your spouse is at least 65 and/or blind.)*

I certify that I can claim the people named below as personal exemptions on my income tax return and that none are claimed on another Notice of Levy. No one I have listed is minor child to whom (as required by court or administrative order) I make support payments that are already exempt from levy. I understand the information I have provided may be verified by the Internal Revenue Service. Under penalties of perjury, I declare that this statement of exemptions and filing status is true.

| Name (Last, First, Middle Initial) | Relationship *(Husband, Wife, Son, Daughter, etc.)* | Social Security Number (SSN) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

| Taxpayer's Signature | Date |
|---|---|
|  |  |

**Part 3a –**   Return to IRS          Catalog No. 35390F   www.irs.gov          Form **668-W(ICS)** (7-2002)

## RETURN PARTS 3A AND 3B WITH THE INFORMATION BELOW COMPLETED

**TAXPAYER'S NAME**_(S)_ <u>WARD DEAN</u>

**IDENTIFYING NUMBER**_(S)_
    _(as shown on the front)_ <u>▮▮▮-2485</u>

### SECTION 1. — Levy Acknowledgment

Signature of person responding

Printed name of person responding

Your telephone number     (    )

Date and time this levy received

### SECTION 2. — Levy Results _(Check all applicable boxes.)_

☐   Check attached in the amount of $_____

☐   Additional checks will be sent:

☐   _____ (weekly, bi-weekly, monthly, etc.)

☐   _____ approximate amount of each payment

☐   Taxpayer no longer employed here, as of _____ (date).

☐   Remarks

### SECTION 3. — Additional Information _(Please complete this section if this levy does not attach any funds.)_

Taxpayer's latest address, if different from the one on this levy.

Taxpayer's telephone number: (_____)

Name and address of taxpayer's employer:
    _(if different from addressee)_

Other information you believe may help us:

---

**Part 3b —**   Return to IRS        Catalog No. 35390F    www.irs.gov          Form **668-W(ICS)** (7-2002)