IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| WARD DEAN, | ) |
| | ) |
| Plaintiff | ) |
| v. | ) Case No. 3:19-CV-3362-MCR-HTC |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## REPLY MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The United States' summary judgment motion response memorandum shows: (1) its motion to dismiss for failure to state a claim is baseless, and (2) Dean is entitled to judgment as a matter of law. To either showing, Dean need not reply.

However, Dean files this reply memorandum for cause. That is, the United States slipped into its response a "new matter" not addressed in the original supporting memorandum." *See* N.D. Fla. Loc. R. 56.1(D). But that matter, a U.S. Supreme Court opinion, does not help the United States.

## INTRODUCTION

Dean filed his complaint against the United States under 26 U.S.C. § 7433(a). He alleges that certain IRS employees, in creating and collecting tax period 1997 interest amounts from him after the Collection Statute expired, in order to provide new debts for incoming levy payments to satisfy, subjected him to reckless, or intentional, or negligent, tax collection actions.

Specifically, Dean complains that those IRS employees unlawfully created arbitrary, unassessed "interest charges" to maintain a monthly levy on his Social Security benefits, for each of 24 months, past the 10-year collection statute expiration date (CSED).

The summary judgment record shows that those IRS employees maintained their unlawful collection actions against Dean even though they had **(A)** expunged the liabilities underlying the original levy, **(B)** extinguished its related assessments, and **(C)** released its statutory liens. That record also shows that the same IRS employees created post-CSED interest charges against Dean to allow a previously lawful levy to continue.

Dean therefore requests that the Court order the United States to pay him actual, direct economic damages, in the amount of $64,818.00.

## ARGUMENT

The United States does not genuinely dispute any issue of material facts. It merely disagrees with the conclusions that the Court should draw from the material facts. But its legal position is unsound.

The United States defends the IRS's levy actions against Dean's Social Security benefits with this legal position—

"Tax liabilities arise by operation of law upon assessment, and exist until the debt is satisfied. See *Manning v. Seeley Tube & Box Co. of New Jersey*, 338 U.S. 561, 565-66 (1950)." (Doc. 21 [U.S. Opposition to Summary Judgment] at 4).

Yet *Manning* did not observe that tax liabilities "exist until the debt is satisfied." And no wonder.

First, *Manning* merely applied the "use of money" principle as a statutory construction tool. That principle says a party must pay interest to compensate the other party for the time that it had use of that other party's money. But the "use of money" principle does not apply here. The United States does not argue otherwise.

- 3 -

Second, even if *Manning* holds that tax liabilities "exist until the debt is satisfied," that holding would be meaningless because it could not contradict the statutory language employed in the Internal Revenue Code as interpreted by the U.S. Treasury Regulations. That language entitles Dean to summary judgment.

The United States concedes that the IRS released its tax period 1997 statutory tax lien it held against Dean's property and property rights. (Doc. 12 [Motion to Dismiss] at 3). The Internal Revenue Code, however, permits the IRS to release a statutory tax lien only if:

> "The [IRS] finds that the liability for the amount assessed, together with all interest in respect thereof, **has been fully satisfied or has become legally unenforceable.**" 26 U.S.C. § 6325(a)(1). (emphasis added)

The United States asserts, correctly, that Dean did not fully satisfy his 1997 tax liabilities. (Doc. 21 [U.S. Opposition to Summary Judgment] at 4). The IRS released its related statutory tax lien because it found that Dean's tax period 1997 tax liabilities had become "legally unenforceable." See 26 U.S.C. § 6325(a)(1).

- 4 -

The Court can readily determine when Dean's tax period 1997 tax liabilities became "legally unenforceable." See 26 C.F.R. § 301.6325-1(a)(1) (providing that "the liability for the payment of the tax continues ...until the expiration of the statutory period for collection").

The parties do not dispute that the "expiration of the statutory period for collection" of Dean's 1997 tax liabilities was September 3, 2017. On that day, Dean's "liability for the payment of" those liabilities ended. See 26 C.F.R. § 301.6325-1(a)(1). On that day, too, the IRS's levy on Dean's Social Security benefits was required to end. See also 26 U.S.C. § 6601(g) (interest on any tax may be assessed and collected only "during the period within which the tax to which such interest relates may be collected").

But the IRS's levy—unlike Dean's liability, its assessments, and its liens—did not end as of September 3, 2017. Nor did it end in the next 24 months. To maintain the levy after Dean's debts were written off, the IRS must provide debts for the incoming levy payments to apply to. In what are clearly "new" collection actions, the IRS creates monthly, matching interest charges when there is no underpayment against which to calculate

the interest, and in utter disregard of IRC requirements for determining and assessing interest. (Doc. 20, Plaintiff's Memorandum in Support of Summary Judgment, ¶¶ 63 – 86.) The creation of these lawless charges in reckless or negligent disregard of IRC requirements has damaged Dean in the amount of $64,818.00. The United States is liable to Dean for those damages under 26 U.S.C. § 7433.

## CONCLUSION

IRS employees perform monthly collection actions in disregard of the law in order to continue a levy on Dean's Social Security benefits to collect a tax debt that has become legally unenforceable. Those IRS employees' post-CSED levy actions, specifically the creation of "interest charges" in disregard of IRC requirements—after the IRS had properly expunged Dean's liabilities, extinguished its assessments, and released its liens—were reckless, intentional, or at very least negligent collection actions.

The IRS's unlawful post-CSED collection actions caused Dean actual, direct economic damages, from the loss of his Social Security benefits, in

the amount of $64,818.00. Dean is entitled to that sum as a matter of law under IRC § 7433 — by summary judgment.

Respectfully submitted this 14th day of February, 2020.

By: *[signature]*

Ward Dean, plaintiff, pro se
6708 Plantation Road, Ste C-1
Pensacola, Florida 32504
Phone 850-293-0278
Email: warddeanmd@protonmail.com

## WORD COUNT CERTIFICATION

Pursuant to Northern District of Florida local rule 7.1(F) this **REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** contains 1,002 words, not including the case style, signature block and certificates.

## CERTIFICATE OF SERVICE

On February 14, 2020, I certify that a copy of this **REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** was served on Defendant's counsel by certified U.S. Mail to:

Conor P. Desmond
NDFL NextGen CM/ECF Trial Attorney,
Tax Division U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station Washington, D.C. 20044
202-616-1857 (v)  *  202-514-4963 (f)

By: *[signature]*

Ward Dean, plaintiff, pro se