UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WARD DEAN,

    Plaintiff,

v.                                      Case No. 3:19cv3362-MCR-HTC

UNITED STATES OF AMERICA,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Ward Dean ("Dean"), proceeding *pro se*, files this action against the United States of America ("United States") for unlawfully collecting his monthly Social Security benefits for a tax debt he claims has been "satisfied" because the Collection Statute Expiration Date ("CSED") has come and gone and the Internal Revenue Service ("IRS") filed a release. ECF Doc. 1. This matter is before the Court on two (2) motions: (1) Defendant's Motion to Dismiss (ECF Doc. 12) and (2) Plaintiff's Motion for Summary Judgment (ECF Doc. 20). Both motions center around the answer to the following question: Can the IRS continue to collect money from a levy on Social Security benefits *after* the CSED and the IRS's release of federal tax lien on the underlying tax liability? An answer to that question in the affirmative results in a judgment in favor of the United States and an answer to that question in the negative results in a judgment in favor of Dean.

After considering the parties' written submissions, the record, and the relevant law, the undersigned answers that question in the affirmative. Thus, the undersigned respectfully recommends the United States' motion to dismiss (ECF Doc. 12) be GRANTED and Dean's motion for summary judgment (ECF Doc. 20) be DENIED.

## I.   DEAN'S COMPLAINT

The following facts are derived from Dean's complaint (ECF Doc. 1) as well as documents submitted by the parties, which were attached to, central to, or referenced in, the complaint. These facts are undisputed by the parties.

1.   Dean "owed the United States substantial federal income tax and additions to tax for the years 1997 through 2005." *Id.* at 7.

2.   On September 3, 2007, the IRS assessed tax liabilities against Dean for each of those years. *Id.*

3.   The IRS recorded a Notice of Federal Tax Lien ("NFTL") to secure payment of Dean's 1997 through 2005 tax liabilities. *Id.* at 8. The amount of Dean's liability identified in the NFTL was $2,512,258.43. ECF Doc. 20-1 at 39. The NFTL "notified the public that … the IRS had assessed those tax liabilities on September 3, 2007, and if the IRS did not refile [its NFTL] on or before October 3, 2017, then the Notice itself would legally 'operate as a certificate of [lien] release.'" *Id.*; ECF Doc. 1 at 9.

4.      In June 2013, the IRS served a Notice of Levy on Dean and the Social Security Administration ("SSA").  ECF Doc. 1 at 9.  The Notice of Levy "seize[d] Dean's July 2013 Social Security benefit payment – all of it – and his entire Social Security benefit payment for each month thereafter."  *Id.*  The Notice of Levy reflected an amount due of $2,801,286.72.  ECF Doc. 12-1 at 4.  Pursuant to the levy, the SSA began paying over Dean's benefits to the IRS.

5.      September 3, 2017 was the CSED for Plaintiff's tax liabilities – that is, the date the 10-year statutory period in which the IRS could lawfully initiate collection actions on Plaintiff's tax liabilities ended.  ECF Doc. 1 at 10.

6.      On August 23, 2017, the IRS filed a Certificate of Release of Federal Tax Lien ("RFTL").  *Id.;* ECF Doc. 20-1 at 38.  The RTFL stated that Dean had "satisfied the taxes," that the lien was "released," and authorized the proper IRS officer to "note the books to show the release of this lien."  *Id.*

7.      Despite the filing of the RFTL, "the IRS has seized Dean's monthly Social Security Benefit payment[s] and applied [them] to tax year 1997 'interest' charges."  ECF Doc. 1 at 13.

8.      Dean does not allege he has made full payment on his tax debt.

## II.   MOTION TO DISMISS STANDARD

When evaluating a motion to dismiss under Rule 12(b)(6), the question is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state

a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

Also, in considering a motion to dismiss for failure to state a claim, the Court reads Plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and accepts "[a]ll well-pleaded facts in plaintiff's complaint and all reasonable inferences drawn from those facts . . . as true." *McGinley v. Houston*, 361 F.3d 1328, 1330 (11th Cir. 2004) (citation omitted).  Additionally, the Court may consider documents that are attached to the complaint, referenced in the complaint, or central to its claims.  *See e.g., Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007); *SFM Holdings, Ltd. v. Banc of Am. Secs., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010) ("[i]n ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged"); *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999) (stating that "a document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute").

### III.   ANALYSIS

Plaintiff alleges that the IRS exhibited "reckless, intentional, or negligent disregard" of various provisions of the Internal Revenue Code ("IRC").  ECF Doc. 1 at 17-26.  As relief, he seeks monetary damages in the amount of $64,810.00 plus interest and litigation fees.  *Id.* at 28.  To recover damages from the United States under 26 U.S.C § 7433(a), a plaintiff must, *inter alia*, show that an officer or employee of the IRS disregarded a provision of the IRC.  *See* 26 U.S.C § 7433(a).

For the reasons set forth below, the undersigned finds that Dean has failed to allege facts sufficient to make such a showing.  This is so because the IRS levied Plaintiff's Social Security benefits prior to the CSED; the June 2013 levy gave the IRS the right to seize a future stream of payments; and the levy was not extinguished by the expiration of the limitations period or the release of tax lien.  In other words, because Dean's complaint against the United States is premised on the faulty legal argument that the release or abatement of his federal tax liability resulted in the "satisfaction" of his tax debt for purposes of the pre-existing levy, the complaint is subject to dismissal and any amendment would be futile.

### A.   The Collection Statutory Expiration Date ("CSED")

26 U.S.C. § 6502(a) sets forth a statutory period after assessment during which the United States may collect on a tax debt, which ends on the CSED.  Under § 6502(a), the IRS must commence action to collect a tax, either by levy or proceeding

in court, within ten (10) years after the assessment of the tax.  *See* 26 U.S.C. §

6502(a).  Under that section, a tax debt need not actually be *collected* within the

statutory period (that is, the period prior to the CSED) as long as the levy (or other

collection activity) was *made* within the statutory period.  *See id.*; *In re Babich*, 164

B.R. 581, 584 (N.D. Ohio Dec. 29, 1993); *Rotte v. United States*, 615 F.Supp.2d

1347, 1352-53 (S.D. Fla. 2009) (granting summary judgment on claim that levy

violated § 6502, finding it undisputed that the levy on Social Security benefits was

made within ten (10) years of the assessment); *Foutz v. United States*, 860 F.Supp.

788, 791-92 (D. Utah 1994), *aff'd*, 72 F.3d 802 (10th Cir. 1995) (dismissing action

for refund where collection began within 10-year window).

A levy made during the statutory period remains effective after the CSED.

*See United States v. Weintraub*, 613 F.2d 612, 620–21 (6th Cir. 1979) ("[t]here is no

time limit whatsoever on an action against the taxpayer to enforce a timely levy or

judgment obtained in a timely filed court proceeding").  Dean does not dispute the

June 2013 levy was timely executed before the CSED.  Thus, by timely issuing the

Notice of Levy, the IRS has satisfied § 6502(a)'s statute of limitations and may

continue to receive monies under the levy until the underlying tax debt is satisfied

(which, for the reasons discussed in Sections B and C below, it has not been).  *See*

*United States v. Michel*, 879 F.Supp.2d 291, 300 (E.D. NY 2012) ("[a] levy that is

made within this period of limitations remains enforceable to the extent of the value

of the levied-upon property even if the person who receives the levy does not surrender the subject property within that period") (quoting *CPS Elec., Ltd v. United States*, 200 F. Supp.2d 120, 123 (N.D.N.Y. 2002)).

"In other words, so long as the liability remains unsettled, a single timely proceeding extends the ability of the [IRS] to collect the assessment by levy beyond the ten-year limitations period in § 6502(a)." *United States v. Estate of Chicorel*, 907 F.3d 896, 899 (6th Cir. 2018) (affirming summary judgment in favor of government where government filed a proof of claim within the statutory period but sought to file a suit after the CSED). The expiration of the collection statute on September 3, 2017 does not prevent the IRS from thereafter continuing to accept payments from the SSA under the levy. Thus, contrary to Dean's allegation, the passing of the CSED did *not* extinguish Dean's tax liability such that the liability became "satisfied." *See, e.g., Sachs v. United States,* 2001 WL 1203281, at *3-4 (E.D. Mich. Aug. 20, 2001) (finding that, pursuant to § 6502, the IRS could continue to collect on plaintiff's underlying tax liability after the CSED).

### B.    The Levy

A review of the regulations and statutes relating to levies leads to the same conclusion. The IRS is authorized to levy upon a taxpayer's property to collect unpaid taxes, even if that property is held by a third-party. 26 U.S.C. § 6331(a) ("[i]f any person liable to pay any tax neglects or refuses to pay the same within 10 days

after notice and demand, it shall be lawful for the Secretary to collect such tax ... by levy upon all property and rights to property ... belonging to such person"). "[A] levy extends only to property possessed and obligations which exist at the time of the levy." 26 C.F.R. § 301.6331–1(a). "Obligations exist when the liability of the obligor is fixed and determinable although the right to receive payment thereof may be deferred until a later date." *Id.* An obligation is fixed and determinable "[a]s long as the events which gave rise to the obligation have occurred and the amount of the obligation is capable of being determined in the future . . . . It is not necessary that the amount of the obligation be beyond dispute." *United States v. Antonio,* 1991 WL 253021, *6 n. 2 (D. Haw. Sept. 24, 1991) (citation omitted).

"An IRS levy is generally a one-time occurrence rather than a continuing event, seizing property in existence at the time the levy is served. I.R.C. §§ 6331(a) and (b)." *Bowers v. United States*, 861 F. Supp. 2d 921, 923 (C.D. Ill.), *aff'd,* 498 F. App'x 623 (7th Cir. 2012). One-time levies are used when the property seized is fixed and determinable. The parties agree Social Security benefits are a fixed and determinable obligation of the SSA and, thus, are subject to one-time levies. *See Bowers,* 861 F. Supp. 2d at 923*; Hines v. United States*, 658 F.Supp.2d 139, 145-46 (D.D.C. 2009) (finding that plaintiff's Social Security payments were property subject to a one-time levy under § 6331); *Overton v. United States*, 74 F.Supp.2d 1034, 1045 (D.N.M. 1999) (finding that Social Security retirement benefits are not

exempt from levy or subject to the limitations on continuous levy for specified payments). Indeed, Dean states in his response brief (ECF Doc. 16) that he "doesn't deny that Social Security levies can work as Defendant alleges." ECF Doc. 16 at 11.

Thus, the June 2013 levy gave "the IRS the right to all property levied upon, and create[d] a custodial relationship between the [SSA] and the IRS so that the property comes into the constructive possession of the government." *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 720 (1985) (citing *Phelps v. United States*, 421 U.S. 330, 334 (1975)). It also resulted in an immediate seizure of Dean's "future stream of payments" from the SSA. *See Bowers,* 861 F. Supp. 2d at 923; *O'Donnell v. United States*, 2014 WL 5350448, at \*3 (S.D. Ill. Oct. 21, 2014) ("a levy may seize a future stream of payments to which the taxpayer has an unqualified fixed right" and there is "nothing wrong with" the IRS's levy on plaintiff's "right to receive future social security or pension payments"), *aff'd* 611 F. App'x 879 (7th Cir. May 26, 2015).

Also, the IRC makes clear that "a levy on a fixed and determinable right to payment which right includes payments to be made *after* the period of limitations expires *does not* become unenforceable upon the expiration of the period of limitations and *will not be released* under this condition unless the liability is

*satisfied*." 26 C.F.R. § 301.6343-1(b)(1)(ii) (emphasis added).[1]   Thus, Dean's position that there is no authority that "lev[ies] of fixed and determinable cash flows will not benefit from the collection statute while levies of other types of revenue streams must stop at the CSED" is simply misplaced.   ECF Doc. 16 at 15.   To the contrary, and as discussed above, the undersigned finds considerable authority to refute Dean's position that the expiration of the CSED resulted in a satisfaction of Dean's federal tax debt for purposes of the June 2013 levy.

### C.   The Release of Federal Tax Lien ("RFTL")

Likewise, Dean's tax debt was not satisfied by the RFTL.   Dean argues there is no underlying tax liability on which the IRS can collect or levy because the IRS filed a RFTL, which affirmatively stated Dean's taxes had been "satisfied," the lien was being released and authorized the IRS to so "note" in its "books to show the release."   ECF Doc. 20-1 at 30.   The United States does not dispute that the IRS filed a RFTL in August 2017 and that it further abated the assessments of Dean's accounts with the IRS.   The United States explains, however, that neither event, which are merely standard bookkeeping functions, has any bearing on whether Dean's tax debt has been satisfied.   ECF Doc. 19 at 3-4.   The undersigned agrees.

---

[1] Unlike a levy on a fixed obligation, a levy on property that is contingent on future action, such as salary or wages, is "continuous from the date such levy is first made until such levy is released," and "must be released at the end of the period of limitations in section 6502."   26 U.S.C. § 6331(e); 26 C.F.R. § 301.6343-1(b)(1)(ii).

An assessment reflects the IRS's judgment of what taxes are owed by the taxpayer as recorded on the IRS's books of account. *United States v. Buckner*, 264 B.R. 908, 913 (N.D. Ind. Apr. 10, 2001) (citing *Cohen v. Mayer*, 199 F.Supp. 331, 332 (D.N.J. 1961), *aff'd sub nom.*, *Cohen v. Gross*, 316 F.2d 521 (3d Cir. 1963) (assessment is a "prescribed procedure for officially recording the fact and the amount of a taxpayer's administratively determined tax liability, with consequences somewhat similar to the reduction of a claim to judgment")). However, while an assessment may *reflect* a tax liability, taxpayers are liable for taxes regardless of whether they have been assessed. *Id.* (citing *Ewing v. United States*, 914 F.2d 499, 502–03 (4th Cir. 1990) (rejecting argument that, prior to assessment, taxpayer had no tax liability and therefore no payment of taxes was due)).

The Eleventh Circuit has held that an assessment is merely "a formal determination that a taxpayer owes money. . . .  It is more or less a bookkeeping procedure . . . but it is neither the beginning nor the end of tax liability." *Williams-Russell & Johnson, Inc. v. United States*, 371 F.3d 1350, 1353 (11th Cir. 2004) (citation omitted).  Accordingly, if an assessment is merely a "bookkeeping procedure" and does *not* establish or end a taxpayer's liability, then it necessarily follows that an abatement of an assessment does not extinguish a taxpayer's liability. *See id.* As the United States points out, Dean became liable for his taxes when those taxes became due.

Similarly, regardless of the language relied upon by Dean in the RFTL, the filing of the RFTL was also insufficient to eliminate the underlying debt. Dean's argument to the contrary conflates a lien and a levy because the IRS did not release the levy. "The distinction between a levy and a lien is discussed in *U.S. v. Barbier*, 896 F.2d 377, 379 (9th Cir. 1990). The levy is a quick, forcible means to receive the payment of taxes subject to specific protections set forth in § 6330 and § 6331; whereas a lien serves as a security interest and does not involve the immediate seizure of property." *In re Anderson*, 250 B.R. 707, 711 (Bankr. D. Mont. 2000). A release of levy is authorized by 26 U.S.C. § 6343(a). A release of lien is authorized by 26 U.S.C. § 6325(a). By filing a RFTL, the IRS released its lien but did *not* release the levy. *See, e.g, KPMG Peat Marwick v. Texas Commerce Bank*, 976 F.Supp. 623, 630 (S.D. Tex. 1997) ("a release of levy is not a release of lien").

Because the lien simply represents the IRS's security interest, a release of the lien does not extinguish the underlying debt. *In re Lewis*, 557 B.R. 233, 236 (M.D. Ala. 2016) ("[s]ection 6325(f) is clear and unambiguous: a mere reading confirms that the RFTL is conclusive that the lien referred to in the certificate is extinguished, not the underlying tax liability"). Instead, a RFTL merely extinguishes the security interest, which is only relevant to determining the IRS's standing as against third parties. *See In re Green*, 310 B.R. 772, 776 (Bankr. M.D. Fla. 2004) ("[b]y effecting this post-petition release of lien, the IRS 'relinquished its preferred status as the

holder of a [secured] tax lien'") (citing *In re Miller,* 98 B.R. 110, 112-13 (Bankr. N.D. Ga. 1989) ("[o]nce IRS issued a post-petition Certificate of Discharge releasing its tax lien pursuant to 26 U.S.C. § 6325(b)(2), IRS held only an unsecured claim and no longer held a perfected tax lien against the debtors' property; IRS's attempted post-petition levy on the debtors' property was "a clear and overt violation of the automatic stay")).

Indeed, as Dean points out, by its language, once the CSED passed, as long as the IRS did not re-file the lien, the lien would have been unenforceable.[2] *See, e.g., Enax v. United States*, 243 F. App'x 449, 450 (11th Cir. 2007) (observing that "[a]t the end of the limitations period, the liens self-release unless the IRS had revoked the self-release and re-filed the liens before the limitations period expired"); *Rotte*, 615 F.Supp.2d at 1351 (granting summary judgment because the Notice of Federal Lien itself operated as the certificate of release required under section 6325(a) and automatically released the tax liens at issue when no notice of lien was refiled by the date listed in column(e)); *Boritz v.United States*, 685 F.Supp.2d 113, 127 (granting motion to dismiss on same grounds). Thus, the IRS did not even need to file a RFTL.

---

[2] The Notice of Lien includes: "IMPORTANT RELEASE INFORMATION: For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a)." The date in Column (e) is October 13, 2017.

Moreover, the Internal Revenue Code defines what it means to satisfy a debt for purposes of a release as follows: "Satisfaction of tax liability" occurs when "[t]he taxpayer provides the appropriate official with proof of full payment . . . with respect to the entire tax liability listed in the notice of Federal tax lien." 26 C.F.R. § 301.6325-1(a)(4). Dean has provided no such proof, does not allege that such proof exists, and does not contend that he has actually satisfied the underlying tax liability through full payment.

Accordingly, the undersigned finds that Dean's argument does not hold water. Dean has not satisfied his federal tax debt for purposes of the June 2013 levy, and it has not been extinguished by either the expiration of the statutory period on the CSED or the filing of the RFTL.

## IV.   CONCLUSION

Based on the foregoing, Plaintiff has failed to allege facts sufficient to show that an officer or employee of the IRS disregarded a provision of the IRC, and he is therefore not entitled to recover damages from the United States under 26 U.S.C § 7433(a).[3] Also, for the same reasons the United States' motion to dismiss should

---

[3] Plaintiff alleges that the IRS exhibited "reckless, intentional, or negligent disregard" of 26 U.S.C. §§ 6502(a), 6331(a), 6601(e) and (g), and 6303(a). ECF Doc. 1 at 17-26. However, (1) § 6502(a) provides that a timely levy must be made "within 10 years after the assessment of the tax," and there is no dispute as to the timeliness of the levy here; (2) §§ 6331(a) and 6303(a) provides for notice requirements regarding new collection actions, and there were no "new" collection actions here; and (3) § 6601(e) and (g) provide that interest may be assessed on any tax and collected during the period within which the tax to which such interest relates may be collected, and it has

be granted, the undersigned finds Dean's motion for summary judgment should be denied.

Accordingly, it is respectfully RECOMMENDED that:

1.    Defendant's Motion to Dismiss (ECF Doc. 12) be GRANTED.

2.    Plaintiff's Motion for Summary Judgment (ECF Doc. 20) be DENIED as MOOT.

3.    The clerk be directed to close the file.

Done in Pensacola, Florida this 6ᵗʰ day of April, 2020.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11ᵗʰ Cir. R. 3-1; 28 U.S.C. § 636.

---

been determined that Plaintiff's Social Security benefits may continue to be collected pursuant to the timely levy.