# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

Ward Dean,  )
    Plaintiff )
                            )
                v.           ) Case No. 3:19-CV-3362-MCR-HTC
                            )
UNITED STATES OF AMERICA, )
    Defendant )
                            )

## PLAINTIFF'S OBJECTION UNDER FED. R. CIV. P 72(b)(2) AND 28 U.S.C. § 636(b)(1) TO THE MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

*"Learned Hand and John Minor Wisdom, two of our most venerated jurists, described the Internal Revenue Code as a labyrinth."*
> Romano-Murphy v. Commissioner of Internal Revenue, 816 F.3d 707, 709 (11th Cir. 2016)

This case proves the Eleventh Circuit's point. For the Internal Revenue Code labyrinth has led this Court to misconstrue Dean's complaint, misapply judicial authorities, and misjudge the parties' motions.

"Where's *Iqbal*?" Within five Internal Revenue Code sections—four of which the R&R misapprehends in a footnote. That the IRS took unlawful collection actions against Dean therefore is plausible. On a closer look.

FILED USDC FLND PN
MAY 19 '20 PM2:02

# INTRODUCTION

Plaintiff brought this action under IRC § 7433(a) and (b) for damages resulting from unlawful IRS collection actions that took place after the Collection Statute Expiration Date (CSED). (ECF 1). Dean seeks $64,818 in damages plus costs. (ECF 1, Section I, pg. 14)

The IRS levied Dean's Social Security benefits in 2013 but has improperly maintained that collection action after the CSED passed on September 3, 2017. The parties agree that September 3, 2017 is the CSED. In each of the twenty-four months since the CSED the IRS unlawfully applied an incoming levied payment to newly created interest debt posted to Dean's 1997 account after the arrival of the payment. (ECF 1, Sec. E) There is no underlying balance for 1997 owing on IRS records against which to calculate interest at the "underpayment rate" shown in § 6621. (ECF 1, Sec. D, pg. 10; ECF 20-1, 14, 20, 21) The IRS arbitrarily creates interest charges to match incoming payments in disregard of IRC requirements.

All unlawful IRS actions after the CSED have been taken against Dean's 1997 tax year. (ECF 20-1, at 20, 21) The 2013 Notice of Levy included tax debts for the years 1997 through 2004. (ECF 20-1, 37, 38) The IRS wrote-off all balances on the 2013 Notice when the CSED passed. (ECF 20-1, 14, 20, 21, 22, 24 through 34) The IRS extinguished Dean's levied tax debts on its records. Under § 6325 IRS released the § 6321 tax lien that it held against Dean's property and rights to property.  (Complaint, ECF 1, at 10 ¶ 20; ECF 20-1, 38).

Notwithstanding Defendant's claim that "the IRS did not extinguish Dean's liability," (ECF 19, at 6) it did extinguish his tax debts and additions to tax on its records. Current IRS records show Dean has **no collectible tax debts owing for any of the levied tax years, and in particular for 1997.** Nevertheless, the IRS has posted monthly interest charges since the CSED expressly to accommodate the already levied payment that otherwise would have no debt to satisfy. The IRS posts those charges in "related IRS actions" (ECF 12, pg. 7) in aid of the collection

action begun in 2013. It has only had to post new charges since the CSED. (ECF 20-1, 14, 20, 21)

The IRS post-CSED actions in aid of collection disregarded the following IRC requirements:

1. § 6502(a) and 26 C.F.R. § 301.6502-l(a) specifying a ten-year collections statute of limitations; (ECF 1, Count I)

2. § 6331(a) and 26 C.F.R. § 301.6331-1(a)(1) authorizing levy only upon neglect or refusal to pay tax within 10 days after notice of assessment and demand for payment; (ECF 1, Count II)

3. §§ 6601(e), and 26 C.F.R. §§ 301.6601-l(a) requiring that interest on any tax shall be (A) paid only upon notice and demand and (B) assessed, collected, and paid in the same manner as taxes; (ECF 1, Count III)

4. Section 6601(g) and 26 C.F.R. § 301.6601-l(f) which require that interest on any tax may be assessed and collected only during the

statutory period within which the tax to which such interest relates may be collected; (ECF 1, Count III)

5. § 6303(a) and 26 C.F.R. § 301.6303-l(a) require notice of assessment and demand for payment must be sent within 60 days of assessment made under § 6203. (Count IV)

6. In view of the IRS disregard of those IRC requirements in taking post-CSED actions in aid of collection, Dean claims damages under IRC § 7433(a) and (b) in the amount stated plus costs.

Although the Complaint alleges IRS actions in aid of collection that disregard each of the foregoing IRC provisions the Report inadequately disposes of them in a single footnote on pg. 14, n. 3 of the R&R, ECF 23.

The Court should not follow the Report and Recommendation. Instead, the Court should:

1. Recommit the United States' motion to dismiss, and Dean's summary judgment motion, to the Magistrate Judge. The Report and Recommendation's main discussion misconstrues Dean's § 6502 claim. Its

closing footnote misapprehends his § 6331(a), § 6303(a), § 6601(e), and § 6601(g) claims, and they are not discussed elsewhere in the Report.

Alternatively, if the Court is inclined to decide the parties' motions without the Magistrate Judge's further action, it should:

2.   Deny the United States' motion to dismiss.  Dean's complaint plausibly alleges that—

(A) certain IRS employees maintained a levy action against his Social Security benefits after the Collection Statute Expiration Date, and

(B) the maintained levy action violated 26 U.S.C. §§ 6502(a), 6331(a), § 6303(a), and §§ 6601(e) and (g); also, the Court should:

3.   Decide that Dean's summary judgment motion is viable;

4.   Grant Dean's summary judgment motion because the parties agree on all material facts and Dean is entitled to judgment on his § 7433 cause of action as a matter of law; and

5.  Award Dean summary judgment.

## A.   PROCEDURAL BACKGROUND

Following the filing of the Complaint on August 29, 2019, the

Defendant United States moved to dismiss Dean's complaint under Fed. R.

Civ. P. 12(b)(6) for failure to state a claim. ECF 12. Dean filed a

memorandum in opposition, ECF 16. Defendant filed a Reply in support of

its motion, ECF 19.

Before any decision was made on Defendant's Motion to

Dismiss, Plaintiff filed a Motion for Summary Judgment under a Fed. R.

Civ. P 56, ECF  20, with Dean's Declaration in Support, ECF 20-1, which he

incorporated into his Complaint. Defendant replied with ECF 21, U.S.

Memorandum in Opposition to Plaintiff's Motion for Summary Judgment.

And finally, Plaintiff filed a short Reply Memorandum in Support of his

motion, ECF 22 on February 14, 2020.

The Magistrate Judge's Report and Recommendation (Report;

R&R), ECF 23, was filed on April 6, 2020. The Court granted Plaintiff's two

consecutive Motions to Extend Time to object to the Report, extending

Plaintiff's deadline for a total of four weeks to May 18, 2020. This Opposition is timely filed.

The Magistrate Judge's Report recommends that the Court grant the U.S.'s dismissal motion and deny Dean's summary judgment motion as moot.  Dean objects to the Court's adoption of the Report's recommendations because his Complaint states numerous plausible claims on which the Court could grant relief.

Therefore, Dean's summary judgement motion is not moot and must receive a merits ruling.  Because the parties do not genuinely dispute any material fact, and Dean is entitled to a judgment as a matter of law, the Court should award him summary judgment.

Plaintiff will Object in detail below to the Report's findings in the order that they appeared in the Report and Recommendation.

## B.   SPECIFIC OBJECTIONS TO THE REPORT'S OPENING CONCLUSIONS

Plaintiff objects that the Report misconstrues Dean's arguments and more importantly, does not appear to presume true the many key facts

stated in Dean's Complaint, ECF 1 and the incorporated document,

Plaintiff's Declaration and Exhibits in Support of his Motion for Summary

Judgment (ECF 20-1; Dean's Declaration).

Dean presents facts, supported by IRS transcripts of his account

and other IRS records, that show that since the CSED the IRS has taken

actions each month in aid of its levy collections to create liabilities to

accommodate incoming levy payments. Without the newly created debt,

and with Dean having no tax debts on IRS books, there would be no

enforceable unpaid debt for reduction by the levied payments.

Dean has incorporated as an exhibit to his Motion for Summary

Judgment the IRS's official account transcript for his tax year 1997, the tax

year account to which all post-CSED liabilities and payments were posted.

(ECF 20-1, 14, 20, 21) Dean's 1997 IRS account transcript shows that his

"Account Balance Plus Accruals" is "0.00."  That official record therefore

reflects that Dean neither had an assessed, nor had an accrued, 1997

interest amount due. The R&R, however, alleges that Dean still has a tax

liability for 1997 through 2004.  Because that fact finding contradicts Dean's complaint, it is clearly erroneous for the purposes of the Motion to Dismiss.  The facts in Dean's complaint must be taken to be true.

But even if the R&R's finding is correct, it would be immaterial.  For Dean's complaint still states at least this valid claim for relief:  the IRS violated 26 U.S.C. §§ 6331(a), 6502(a), 6303(a), 6601(e) and (g) and related regulations when it applied its levy proceeds to a tax liability that it did not assess until after the Collection Statute Expiration Date.  Plaintiff objects specifically to the following conclusions and statements in the R&R.

## C.    LEVIES ARE NOT FOREVER

Dean objects to the affirmative answer that the Report provides to the question:

> "Can the IRS continue to collect money from a levy on Social Security benefits after the CSED and the IRS's release of federal tax lien on the underlying tax liability?" (ECF 23, pg 1)

The correct answer to the question is NO. There is no support

for such a notion in the IRC other than a single regulation, 26 CFR
301.6343-1(b)(2)(ii), cited in the R&R, pg. 10, but not found anywhere in
Defendant's pleadings. The regulation itself is irrelevant to the complaint
and itself lacks statutory support. More about it later.

Importantly, the Report only focuses on two of the issues, the
CSED and the Release of Federal Tax Lien (RFTL). It overlooks any
discussion of Dean's "written-off" debts and Defendant's actions in
creating new interest debt. An affirmative answer to the Report's proposed
question of whether the levy may "continue" would require an
examination of not only the procedures leading up to the 2013 levy but
must include an examination of post-CSED actions as well. Dean objects
that the Report does not provide that examination.

Additionally, no case cited as support in the Report involves a
levy begun prior to the CSED which continued after it passed, which did
not also involve a timely "proceeding in court" to extend the CSED. (ECF
23, entire) Plaintiff discusses the facts and grounds that distinguish these

authorities in more detail in a later section.

## D.  THE R&R OVERLOOKS KEY FACTS IN THE COMPLAINT AND FAILS TO TAKE THEM AS TRUE

Plaintiff objects to the statement in the R&R that, "...Dean has failed to allege facts sufficient to make such a showing." [of a disregard of IRS provisions in violation of § 7433.] (ECF 23, pg. 5)

Although the Report largely overlooks them, and dismisses them in a single footnote (ECF 23, pg. 14 n.3), Dean alleged facts in the Complaint, ECF 1, Sec. D, ¶¶ 20, 22, 24, Sec. H, ¶¶ 31-35,[1] and ECF 20-1, ¶¶ 26-34 that show procedurally defective debt creation in aid of collection. If these facts are taken as true, they are more than sufficient to warrant an Answer to the Complaint. Plaintiff discusses the Complaint's facts and allegations in Sections G, J, and K below.

---

[1] Plaintiff discovered a numbering error in the Complaint. At the end of Section I, the paragraph numbering goes from 36 to 32 and continues ascending from there in Section J to the end. Plaintiff will use Section letters to clarify the citations where necessary. Plaintiff begs the Court's pardon for any confusion.

## E.   THE REPORT MISCONSTRUES DEAN'S ARGUMENT

Plaintiff objects to the Report's allegation that,

"Dean's complaint against the United States is premised on the faulty legal argument that the release or abatement of his federal tax liability resulted in "satisfaction" of his tax debt for purposes of the pre-existing levy, the complaint is subject to dismissal and any amendment would be futile."(ECF 23, pg. 5)

Nowhere in the Complaint does Dean claim to have satisfied

his liabilities as the Report construes that term under 26 CFR § 301.6325-

1(a)(4). (ECF 1, entire) Instead he alleges that,

"certain IRS employees have seized Dean's Social Security benefit payments to satisfy tax liabilities that are legally uncollectible, unassessed, unsecured, and non-existent." ECF 1, pg. 27

He does not claim to have "satisfied" the tax levied debts as the

regulation at 26 CFR § 301.6325-1(a)(4) and (5) defines the term and as the

Report alleges.

In ECF 20, at 2 and ECF 16 *passim*, Dean carelessly used the

word "satisfy" regarding the fate of the now written-off debts shown on

the original Levy Notice. He did so based on the language on the face of

the Certificate of Release of lien that stated that Dean had "satisfied the tax debts and additions" under § 6325. When Plaintiff wrote those documents he did not realize that "satisfy" was a word of art for purposes of § 6325. To satisfy the criteria for lien release in § 6325 a debt must either be "satisfied" as defined or "has become legally unenforceable." (§ 6325(a)(1)).

Dean's complaint is not premised on the argument that he "satisfied" his tax liabilities. He argues that the debts are no longer enforceable and that the IRS' procedurally defective creation of new debt, which it then pays off with already levied funds is an action in aid of the original collection action.

Further, the Report consistently uses the term as if "satisfaction of tax liability" as defined in of 26 CFR 301.6325-1(a)(4) and (5), were the *only* alternative for release of a lien. In fact, everywhere the option of "satisfaction" appears in lien settlement and relief statutes it is connected by the disjunctive "or" to the phrase "or becomes unenforceable" or words to that effect recognizing the CSED. (See e.g. IRC §§ 6322 and 6325 and

regulations). The Report never cites that part of the law. To properly

construe Dean's Complaint, the Court must read and give meaning to all

the words in the statutes and regulations. *Williams v. Taylor*, 529 U.S. 362,

404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

Dean should have more accurately said that his debts have

become "legally unenforceable."

The Report never once mentions the disjunctive second option

offered in IRC §§ 6322 and 6325, concerning liens and liability, and their

regulations for lien release.

Section 6322, Period of the Lien, states that the lien continues

until the liability is satisfied, "**or becomes unenforceable** by reason of lapse

of time." Similarly, § 6325(a)(1), subtitled, "Liability satisfied or

unenforceable" requires liens to be released when debts are satisfied **or**

**have become "legally unenforceable. "**

The R&R overlooks the fact that those Code sections offer two

distinct possibilities to qualify a tax debt for lien release, i.e., satisfaction of

the debt, or having the debt "become legally unenforceable." Plaintiff

claims the second option has occurred in this case, not the first.  He relies

specifically on a regulation cited in the Report to make the argument that

his levied tax debts are no longer enforceable.

> **"In all cases, the liability for the payment of the tax continues
> until** satisfaction of the tax in full **or until the expiration of the
> statutory period for collection,"** 26 C.F.R. § 301.6325-1
> (emphasis added)

It seems to Plaintiff that "the liability...continues until the

expiration of the statutory period for collection" is a phrase that could be

interpreted to mean that the liability ends at that point. The defendant

claims the liability survives the expiration of the CSED. Though the

preface, "In all cases" appears to imply universal application, Plaintiff does

not contest Defendant's apparent direct contradiction of 26 C.F.R. §

301.6325-1. He alleges only that under the facts of this case the debt is

uncollectible regardless of the existential state of the liability. (26 C.F.R. §

301.6325-1(a)).

The Report's discussion of "debt satisfaction" recurs

throughout the Report but is inapposite. It has no relation to the alleged §

7433 violations and no relation to the argument Dean makes concerning his

now uncollectible tax debts. The complaint is, therefore, not subject to

dismissal on the stated ground.

## F.    DEAN'S COMPLAINT/STATEMENT OF FACTS

Under the subtitle "Dean's Complaint" the R&R switches to a

numbered paragraph format and lists a number of "undisputed facts"

selected from the Complaint (ECF 23, pg. 2).  Plaintiff will follow

Defendant's numbering scheme in replying, referring only to objectionable

statements by number and will supply facts overlooked or dismissed with

an insufficient statement of facts and grounds in the Report relating to the §

7433 violations.

5.        Plaintiff agrees that "September 3, 2017 was the CSED for

Plaintiff's tax liabilities." Plaintiff objects to the legal conclusion following

the words "that is," "the date for the 10-year statutory period in which the

IRS could lawfully initiate collection actions on Plaintiff's tax liabilities

ended." And specifically, Dean objects to the word "initiate" where the implication is that there is such a thing, under the facts of this case, as a levy that can extend past the CSED, if it is "initiated" before the CSED.

In the first place, the statute itself uses the word "made," with its implication completion, of starting and ending. And IRC § 6502 contemplates no involuntary extension without a timely "proceeding in court." The facts in this case do not include such a proceeding. Dean pled that fact in ECF 1, Sec. F, ¶ 27.

The reforms Congress legislated in the IRS Reform and Restructuring Act of 1998 (RRA 98) were loudly and publicly intended to end IRS statute of limitations abuse. Congress said that 10 years was enough time to collect tax debts. The statute specifies the only exceptions and extensions. Plaintiff has offered facts showing that none apply here. (ECF 1, ¶¶ 25 – 28) (See H.R. Rep. No. 105-364, at 69-70 (1998); Joint Tax Committee on Taxation, General Explanation of Tax Legislation Enacted in 1998 (Nov. 24, 1998). 144 Cong. Rec. S4147-01, S4184 (May 4, 1998)

(statement of Sen. Roth)).

6.        Plaintiff objects that the summary of what the RFTL states is

incomplete and inaccurate. The RFTL did not say merely that Dean had

"satisfied the taxes," it says this:

> "…the following named taxpayer, under the requirements of
> section 6325 of the Internal Revenue Code has satisfied the
> taxes listed below and all statutory additions." ECF 20-1, pg. 38

The notice goes on to say, "Therefore, the lien provided by

Code section 6321 for these taxes is released." *Ibid.* The § 6321 lien is the

original automatic lien that comes into existence when a tax is assessed.

*United States v. Cohen*, 271 F. Supp. 709, 714 (S.D. Fla. 1967). That lien no

longer exists for the original debts on the 2013 Notice of Levy. (ECF 1, pg.

38;) The IRS appropriately removed the corresponding debts from its

records of Dean's account when the lien expired as unenforceable. (26 CFR

§ 301.6325-1(a)(1)). The "Release of Lien" did not extinguish the debt. Dean

has never claimed it did.  Working under § 6325 the "appropriate official"

determined the debt was no longer collectible and as such, had to be

extinguished in IRS records. (ECF 20-1, pg. 38; ECF 20-1, 14, 20, 21, 22, 24 through 34; 26 C.F.R. § 301.6325-1(a)(1)). Dean doesn't know if the "appropriate official" personally removed the debts from his accounts, but we can be certain that it was his decision to do so. (*Ibid*.)

Plaintiff also objects that the Report offers a misreading of the second part of the statement on the RFTL. The release does not authorize "the proper IRS officer" to do anything. It authorizes the "proper officer in the office where the lien was filed on October 2, 2007... to note the books to show the release of this lien for these taxes and additions." That is the local county or state officer, not a proper IRS officer.

8.      Plaintiff objects to the Report's implication that Dean's tax debts remain collectible after the passage of the CSED because he has not made full payment on them. Also implied is that Dean is still responsible for or still owes the debts on IRS records. This conclusion ignores important facts in the Complaint, ECF 1, and incorporated into the Complaint by ECF 20-1, Dean's MSJ Declaration. These facts must be taken

as true in deciding the Motion to Dismiss. (*Ala. State Conference of the NAACP v. Alabama*, 264 F. Supp. 3d 1280, 1284 (M.D. Ala. 2017); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## G.   FACTS THE REPORT MUST ACCEPT AS TRUE THAT WERE OVERLOOKED

The Report overlooks or misconstrues the important facts stated in the Complaint. The following statements of fact do not appear to have been accepted as true in the R&R:

**ECF 1, Sec. D, ¶ 20**: "The IRS knew that September 3, 2017, represented what it calls the Collection Statute Expiration Date (CSED) for Dean's tax liabilities. To anticipate that date, the IRS took three legal actions. First, it expunged Dean's tax liabilities from its records. Second, it extinguished its recorded tax assessments from the IRS's accounts receivable. Third, it released the associated tax liens that the United States held against Dean's property and property rights."

**ECF 1, Sec. D, ¶ 22**: "To Dean and the IRS the September 3,

2017 Collection Statute Expiration Date was significant. It caused the IRS to concede that he did not have any unpaid tax liabilities, to acknowledge that its tax assessments against him were no longer collectible, and to announce that the United States no longer had a lien against his property and property rights. At last, Dean had a federal tax fresh start."

ECF 20-1, ¶ 27: "My account transcripts for each year 1997 through 2004 show that on September 4, 2017, the full balance for each year was "written off" and the balance owing for each year is -0-. (ECF 20-1, 14, 20, 21, 22, 24 through 34))"

ECF 20-1, ¶ 28: "My 1997 account transcript shows that on September 3, 2017 the balance of the account was -0- and resulted in a release of a Notice of Federal Tax Lien and the related abatement of the assessment and account balances. (ECF 20-1, pg. 14, 20, 21, 22, 24 through 34))"

ECF 20-1, ¶ 29: "Each month since September 3, 2017 the IRS has received my full Social Security benefit from the Social Security

Administration. (ECF 20-1, pg. 14, 20, 21, 22, 24 through 34)"

      **ECF 20-1, ¶ 30:** "Each month since September 2017 the IRS posts a TC 196, "Interest charged for late payment" to my 1997 account in the exact amount of the levied Social Security payment and approximately two weeks after the levied payment posts to the account. (ECF 20-1, pg. 20, 21)"

      **ECF 1, Sec. H, ¶ 32**: "In each month since September 3, 2017, generally, the IRS will purport to assess a 1997 "interest" charge against Dean in the exact amount of his soon-to-be seized Social Security benefit payment." (the payment is not "soon to be" seized, it has already been seized).

      **ECF 1, Sec. H, ¶ 34**: "The "interest" charges, each purportedly assessed in anticipation of, and in the exact amount of each of the IRS's post-September 3, 2017 seizures were not embraced within totals shown on the June 2013 Notice of Levy." (some slight error in sequence, but the amount always matches. (ECF 20-1, pg. 20,21)

**ECF 1, Sec. H, ¶ 35:** "The IRS purportedly assessed and actually collected the tax year 1997 interest amounts from Dean without ever sending or giving him a statutory notice and demand for their payment."

If we accept these facts as true, it must be concluded that the IRS posted twenty-four procedurally defective interest charges in aid of collections to Dean's tax year 1997 account. Because the CSED had passed, the charges were made in knowing or negligent disregard of I.R.C. §§ 6502(a), 6631(a), 6601(e), 6601(g), 6303(a) and their related regulations. They violated § 7433 and damaged Dean in doing so.

Further, there is a reasonable factual inference, clearly shown on Dean's 1997 Transcript, ECF 20-1, 14-21, that must be granted to Plaintiff when considering the Motion to Dismiss. The inference is that **the levied payments are not reducing any debt shown on the Notice of Levy.** We must infer that levied payments provide Dean with no credit against his levied debts. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010).

Though the IRS received nearly $3000 each month after the CSED, supposedly in payment for the liabilities on the 2013 Notice of Levy, IRS does not apply those payments to Dean's levied liability, but to new debts, specifically created for the purpose in disregard of procedural safeguards. (ECF 1, Sec. H, ¶¶ 31-35; ECF 20-1, 20, 21). These are well pled plausible facts and reasonable inferences that the Court must accept as true. *Paradise Divers, Inc. v. Upmal*, 402 F.3d 1087, 1089 (11th Cir. 2005).

The 2013 Levy debts are no longer collectible. (IRC 6502(a); 26 CFR § 6325-1(a)(1)). Those debts no longer exist on IRS records. (ECF 1, ¶ 20) IRS creates interest charges in aid of collection to provide debts for levied funds to satisfy. (ECF 20-1, 20, 21) There are no official procedures for such an action because it utterly disregards the requirements of the I.R.C. for creating interest debts and fails to reduce the liability subject to the levy. Each monthly posting of a new debt is an essential part of the ongoing collection actions performed after the CSED. Each one damages Plaintiff and violates § 7433.

## H.    MOTION TO DISMISS STANDARD

Plaintiff does not object to the Report's summary of the standard of review for Motions to Dismiss indicating that the Court is obliged to accept stated facts as true, draw factual inferences in Plaintiff's favor, and to liberally construe Plaintiff's *pro se* pleadings. Dean also does not object to the use of exhibits attached to his pleadings in making the decision, and in fact included them for the purpose.

Plaintiff's objection here is that the R&R appears to only accept selected facts as true while overlooking others that expressly show the offenses Dean alleged in the Complaint. The Report discusses no inferences based on the Complaint's facts. (ECF 23, entire). The Court is obliged to draw "all reasonable inferences in the plaintiff's favor." *Randal v Scott*, 601 F.3d 701, 705 (11th Cir. 2010).

A Rule 12(b)(6) motion should not be granted if a plaintiff's

"complaint . . . contain[s] sufficient factual matter, accepted as true, to `state

a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555, 127 S. Ct. 1955, 1974) (2007)).

Plaintiff objects that the Report fails to consider, let alone accept

as true, facts in the complaint plausibly alleging IRS misconduct in post-

CSED actions made in aid of collection. As a result, the R&R conflicts with

controlling precedent concerning standards for accepting the veracity of

the complaint's factual allegations.

## I.   OBJECTIONS TO THE REPORT'S ANALYSIS

The Report concludes at the beginning of this section subtitled

"Analysis" that Dean "failed to allege facts sufficient to make such [a §

7433] showing," (ECF 23, pg. 5, 2nd ¶)  The reason offered is that the IRS

levied Dean's Social Security benefits before the CSED. (*Ibid*.) But the

timing of the IRS levy is immaterial to the facts Dean stated in his

Complaint, and those facts do not complain of pre-CSED activity by the

IRS. The Report makes this conclusion without discussing the key facts

stated in the in the Complaint, repeated in Section G above, that allege the

§ 7433 violations. (ECF 23, entire)

The R&R further states,

"the June 2013 levy gave the IRS the right to seize a future
stream of payments; and the levy was not extinguished by the
expiration of the limitations period or the release of tax lien."
(ECF 23, pg. 5)

Dean objects that he has never taken the position that the ***levy***

was extinguished by the expiration of the limitations period or by the

release of the tax lien. (Entire Record)

Dean's cause of action occurred after the CSED. He arguably

had no cause until the October 17, 2017 posting of an unlawful "interest

charge" to his 1997 account. (ECF 20-1, pg. 20). We are here because the

Defendant took that action in aid of the 2013 Levy after the CSED and then

made twenty-three more procedurally defective charges in the next twenty-

three months for the same purpose. Plaintiff is not challenging the original

levy; he is challenging actions that occurred after the CSED to maintain the
levy by providing debts to pay with the levied funds.

The IRS extinguished the tax debts on Dean's 1997 account
administratively under both §§ 6321 and 6325 on September 4, 2017. (ECF
20-1, 20, 38) The § 6321 lien was the original lien that arose with the
assessments. It no longer exists. (ECF 20-1, 38)

A regulation under IRC § 6325 tells us that the "liability…
continues… until expiration of the statutory period for collection." (26 CFR
301.6325-(a)(1)) The Report appears to conclude otherwise, but never really
considers the effect of the passage of the CSED, instead focusing
consistently on Dean's failure to "satisfy" the liability.

The question of the existential survival of the liability is
irrelevant to the offense described in the Complaint in Counts I – IV and
the MTD under consideration.

After the CSED the IRS extinguished Dean's obligation to pay
the debts on the 2013 Levy and removed all evidence of the debt from the

IRS books of account. (ECF 1, ¶ 20; ECF 20-1, 14, 20, 21) Regardless of whether Dean's levied "liability" may still exist, it is uncollectible, and is in fact, not being collected. The IRS collected new debt every month after the CSED. (*Ibid.*).

Dean objects and denies making the argument that the Report attributes to him that forms the basis for the Recommendation that "the release or abatement of his federal tax liability resulted in the "satisfaction" of his tax debt for purposes of the pre-existing levy." (ECF 23, pg. 5) Dean further objects to the statement that "the complaint is subject to dismissal and any amendment would be futile." (ECF 23, pg. 5)

## J.   IRC § 7433 VIOLATIONS, FACTS

Dean's argument stands on the facts stated in the Complaint (ECF 1) and Dean's MSJ Declaration (ECF 20-1). Those facts show violations of the IRC's requirements for creating interest debt under §§ 6502, 6631(a), 6601(e) & (g), and 6303(a).

It is an undisputed fact that in a "related IRS action" to the

original 2013 Levy, (ECF 12, pg. 7) IRS created monthly interest charges against Plaintiff for each of twenty-four months after the CSED. IRS posted the charges to Dean's 1997 tax year account approximately two weeks after each levied payment posted to the account. (ECF 20-1, 20, 21)

The parties agree that the CSED for the subject debts was September 3, 2017 and that it has passed. IRS records show that Dean's account balance for 1997 on September 4, 2017 was "0." (ECF 20-1, 20,21)

The same transcript shows that new interest debts posted to Dean's account after the CSED, in arbitrary amounts set to match the levied payment, in necessary disregard of § 6621, which informs us of the "underpayment rate" that is to be applied to underpaid tax debts. Dean has no such underpayments, however.

The posted monthly charges always exactly matched the incoming payment. The debt always posted after the arrival of the monthly levied payment.

It is also an undisputed fact that Dean never received any

notices of assessment, or demand for payment of any of the charges created

in the twenty-four months following the CSED. (ECF 1, Sec. H, ¶ 35)

## K. DISREGARDED IRC SECTIONS; §7433 VIOLATIONS

Under these facts, Dean's claims in the Complaint's Counts I

through IV are more than facially plausible, and more than sufficient to

survive a FRCP 12(b)(6) challenge.

The IRS had to disregard several IRC requirements to post the

charges in aid of collection that it made against Dean, including the

following:

**Failure to Provide Notice and Demand**

The IRS employees both identified and described in the

Complaint (ECF 1, pg. 5-6) took tax collection activities against Dean that

were reckless, or intentional, or in negligent disregard of 26 U.S.C. §§

6303(a), and 26 C.F.R. § 301.6303-1(a) by failing to send Dean a statutory

notice and demand for payment of the purportedly assessed tax year 1997

"interest" amounts that were posted to his account each month after the

CSED of September 3, 2017.

Three statutes require notice and demand for payment before a levy may be used to collect a tax debt.

(a) 26 U.S.C. § 6303(a);

(b) 26 U.S.C. § 6331(a); and

(c) 26 U.S.C. § 6601(e)(1).

IRS employees also knew, or should have known, that three Treasury regulations required them to send Dean a statutory notice and demand before it could collect any amount of interest for his 1997 tax year:

(a) 26 C.F.R. § 301.6303-1(a)

(b) 26 C.F.R. § 301.6331-1(a)(1); and

(c) 26 C.F.R. § 301.6601-1(f).

IRS failure to provide notice and demand for payment to Dean means that he did not "neglect or refuse" to pay the new interest assessment, under § 6331(a). The IRS collected the post-CSED interest assessments by levy nevertheless, and in disregard of the statutes and

regulations shown above, thus damaging Dean in the amount of $ 64,818

over the course of twenty-four months following the CSED. He is entitled

to recover those damages under IRC § 7433(a).

## Interest Not Assessed and Collected in the Same Manner as Taxes and Within the Limitations Period

In creating post-CSED interest charges without notice and

demand and without a proper underpayment against which to apply the

statutory interest rate, the IRS willfully or negligently disregarded the

requirements of 26 U.S.C. §§ 6601(e), (g), and 26 C.F.R. § 301.6601-1(f).

The IRS employees identified and described in the Complaint

violated § 6601(e)(1) when they did not assess and collect tax year 1997

"interest" amounts in the same manner as they assessed and collected the

underlying federal income tax liability. No internal revenue law or

regulation authorized those IRS employees to assess tax year 1997 "interest"

amounts, after September 3, 2017, in aid of its tax collection activities taken

against Dean.

Those IRS employees knew, or should have known, that with

respect to any tax year 1997 interest amounts, 26 U.S. C. § 6601(g)

provided:

> "Interest prescribed under this section on any tax may be assessed and collected at any time during the period within which the tax to which such interest relates may be collected." (26 U.S. C. § 6601(g)).

The IRS employees identified or described in the Complaint

knew, or should have known, that with respect to any tax year 1997 interest

amounts, 26 C.F.R. § 301.6601-1(f) requires:

> "Interest on a tax may be assessed and collected at any time within the period of limitation on collection after assessment of the tax to which it relates. For rules relating to the period of limitation on collection after assessment, see section 6502." 26 (C.F.R. § 301.6601-1(f)).

Under the facts of this case there is no question that the

monthly charges to Dean's 1997 account were purportedly assessed outside

the "period of limitation on collection" and thus in disregard of 26 U.S. C. §

6601(g) and 26 C.F.R. § 301.6601-1(f).

And finally, under 26 C.F.R. § 301.6601-1(a) interest may only

be calculated against "unpaid amount[s] of tax." IRS employees knew or

should have known that as of September 3, 2017 there was no "unpaid amount" on IRS records for Dean's 1997 tax year against which to apply interest charges. IRS employees' disregard of I.R.C. § 6601 provisions and regulations harmed Plaintiff in the amount of $64,818, to which he is entitled to recovery under I.R.C. § 7433.

## Collection Outside the Limitation Period & No Neglect or Refusal to Pay

IRS employees identified and described in the Complaint took tax collection actions against Dean that were reckless, or intentional, or in negligent disregard of 26 U.S. C. § 6331(a) and 26 C.F.R. § 301.6331-1(a)(1).

Specifically, those IRS employees maintained the June 27, 2013 Notice of Levy against Dean's Social Security benefit payments for each of the twenty-four months after the September 3, 2017 CSED. Those IRS employees did so even though each knew, or should have known, that:

(a) the 10-year statutory and regulatory period to collect those liabilities had expired on September 3, 2017;

(b) neither 26 U.S.C. § 6331(a) nor 26 C.F.R.§ 301.6331-1(a)(1)

authorized them to maintain the IRS's 2013 Notice of Levy in force and

effect against Dean's monthly Social Security benefit payment past

September 3, 2017 or to maintain a continuous levy; and

      (c) Dean did not either neglect or refuse to pay the purported

assessment of 1997 "interest" against which they applied Dean's seized

monthly Social Security payment because he had received no notice of it.

      Those employees knew or should have known that neither 26

U.S.C. § 6331(a) nor 26 C.F.R.§ 301.6331-1(a)(1) authorize creation of

arbitrary interest debts in aid of a continuing post-CSED collection action.

Despite what they knew or should have known, they maintained the

unlawful debt creation for each of the twenty-four months following the

CSED, thus damaging Dean under § 7433 in the amount of $64,818, for

which he is entitled to relief.

## Collection Actions Outside the Statutory Limitation Period

      IRS employees identified and described in the Complaint

willfully or negligently disregarded 26 U.S.C. § 6502(a) and 26 C.F.R. §

301.6502-1(a) in creating arbitrary interest debts in aid of a collection action that should have terminated at the CSED. Those employees revealed their actual or constructive knowledge of the requirements of those IRC sections when they:

    (a) Expunged Dean's 1997 through 2004 tax debts from IRS records

    (b) Extinguished the tax assessments for 1997 through 2004 from the IRS' accounts receivable; and

    (c) Released the associated § 6321 liens against Dean's property and rights to property in compliance with § 6325.

Despite actual or constructive knowledge of IRC requirements, those IRS employees continued to create arbitrary interest debt in aid of a collection action for each of the twenty-four months following the passage of the CSED. In doing so they disregarded the requirements of 26 U.S.C. § 6502(a) and 26 C.F.R. § 301.6502-1(a) and damaged Dean in the amount of

$64,818, for which he is entitled to relief under § 7433.

## L.   THE COLLECTION STATUTE EXPIRATION DATE (CSED)

Plaintiff objects not to the statements opening this section of the R&R (ECF 23, pg. 5-6) but once again to the inference, i.e. that in all circumstances a timely begun levy can continue after the CSED. Such circumstances are extremely limited and not applicable here.

The Report in this section cites five cases to support the inference, and the idea that a timely started levy may continue indefinitely. Only one of the cases features a post-CSED levy, and even in that case the CSED had been extended by a timely "proceeding in court." Additionally, all the cases cited concern third party levies under § 6332. None are against a taxpayer under § 6331 as this one is. The cases show that third party levies are not subject to Collection Statue limits, but levies directly against taxpayers are.

The Report's first three cited cases are: *In re Babich*, 164 B.R. 581,

584 (Bankr. N.D. Ohio Dec. 29, 1993); *Rotte v. U.S.*, 615 F. Supp. 2d 1347,

1352-53 (S.D. Fla. 2009); and *Foutz v. U.S.*, 860 F. Supp. 788, 791-792 (D.

Utah 1994).

Each is distinguishable, and none involves a post-CSED

levy. The *Rotte and Babich* cases actually support Dean's position, not the

Defendant's. Dean will discuss the cases in order of appearance.

*Babich* was a bankruptcy case in which the IRS was

attempting to collect tax debts outside the Statute of Limitations. The Court

found for the petitioners that for the taxes for four of the five years at issue

the IRS was too late. The IRS had not filed liens until after the then six-year

CSED. The court disallowed collection.

For the fifth year and final year at issue in *Babich,* the

court found that the recently passed 10-year statue applied. The case was

decided in 1993. The relevant assessment was made in 1985 and thus under

the new 10-year statute, was collectible until 1995 plus the time the statute

was tolled for the bankruptcy proceeding.

The Report implies here that because a timely collection action was begun during the collection period that it could continue past the CSED. But the CSED had not passed when the *Babich* decision was rendered and had several more years to run. The case offers no support for the R&R's primary conclusion that timely started levies may proceed past the CSED.

In *Rotte v. U.S.*, the plaintiff alleged, *inter alia*, that the government had levied his Social Security benefits after the statute of limitations under § 6502 expired. (*Rotte v. U.S.*, 615 F. Supp. 2d 1347, 1352 (S.D. Fla. 2009)).  The IRS levied Mr. Rotte's Social Security benefit to pay taxes for 1988, 1989, and 1991. (*Ibid.*, 1352) The U.S. provided documents showing that the assessment date for 1988 and 1989 was May 12, 1995, and for 1991, December 6, 1993 placing the CSED for each 10 years later respectively. (*Ibid.*, 1353) The Court found:

> "Defendant has submitted the IRS's Certificates of Assessments and Payment and Other Specified Matters ("Certificates"), which first shows that all monies levied were applied only to Plaintiff's 1988 tax liability. **Furthermore, the Certificates show**

that the IRS did not levy with regard to Plaintiff's 1988 tax
liability beyond February 2005. There is a notation in the
Certificates showing that the IRS abated Plaintiff's 1988, 1989,
and 1991 tax liabilities shortly after the statute of limitations
for collection of these liabilities expired. (*Rotte v. U.S.*, 615 F.
Supp. 2d 1347, 1352-53 (S.D. Fla. 2009)) (emphasis added,
internal references omitted.)

Because none of the levied payments had been applied to 1991

taxes with the expired 2003 CSED, the levy was timely. The IRS ended the

levy in February of 2005 shortly in advance of the CSED, with balances

still showing on each of the tax years. The *Rotte* case shows the IRS

properly ending a levy on Social Security benefits when the CSED arrived.

As it did with Dean's account, IRS abated the remaining

balance of taxes owed by Mr. Rotte as soon as the CSED passed. But unlike

Dean's case, the IRS also properly ended the levy against Mr. Rotte's Social

Security in advance of the CSED.

This case supports Dean's argument, not the Defendant's, even

though the Report accurately states that in *Rotte*, "the levy on Social

Security benefits was made within ten (10) years of assessment." That is

true because the IRS ended the levy when the law required it, even though

the tax debts were not "satisfied," and the levy was on fixed and

determinable Social Security benefits. On these facts, Plaintiff Rotte may

have had nothing to complain about, but Plaintiff Dean does. And he has

plausibly done so, which is why his complaint states a valid claim for relief.

In the *Foutz* case, the Foutz' had signed an extension of the then

6-year statute to a date in 1990 that was a little over a month after Congress

changed the statute to 10 years. At that point, the IRS had plenty of time to

collect before the CSED.

> "The IRS collected a total of $58,303.93 from
> the Foutz's between January 1, 1991 and February 7, 1992 on its
> assessment. **This sum satisfied the Foutz's liability for tax
> years 1966, 1967, and 1968 in full.**" *Foutz v. U.S.*, 860 F. Supp.
> 788, 790 n. 3 (D. Utah 1994) (emphasis added)

There were no post-CSED collections. The case offers no

support for the R&R's conclusion that collections may occur after the

CSED.

It is true that these three cases show that a levy must be started

within the collection period, but Dean has never alleged that his levy was

not properly begun. None of these three cases show that a timely levy may

be continued past the CSED, while the *Rotte* case strongly supports the

opposite conclusion, on remarkably similar facts.

## M.   THE REPORT'S ANALYSIS MISCONSTRUES § 6332 CASES

Plaintiff next objects to the R&R's erroneous conclusion of law

regarding § 6331 levies in the statement: "A levy made during the statutory

period remains effective after the CSED." (ECF 23, pg. 6, 2nd ¶)

The Report cites to *United States v. Weintraub,* 613 F.2d 612, 620-

621 (6th Cir. 1979) on the Report's pg. 6. At first glance the citation appears

to support the conclusion that a timely levy is a perpetual levy--but only

because it is taken out of context. *Weintraub* as cited in the R&R:

> "There is no time limit whatsoever on an action against a
> taxpayer to enforce a timely levy or judgment obtained in a
> timely filed court proceeding." (ECF 23, pg. 6, last ¶; Citing
> Weintraub, *supra* at 621.)

That quote in isolation from the original context implies a

broader scope for the statute of limitations than exists. (The case was not

cited by the Defendant in any pleading).

However, on the same cited pages of *Weintraub*, 620 &

621, we find further information that alters the meaning of the first citation:

> "Section 6502 only concerns actions against taxpayers, however, and not actions under § 6332 against third parties in possession of a taxpayer's property or property rights." (*Weintraub* supra, at 620)

*U.S. v Weintraub* was an action under IRC § 6332 to collect from

a third-party property custodian and not against a taxpayer. The *Weintraub*

court held that IRC § 6502 has no bearing on the § 6332 actions against

third parties. The Report's citation *supra* refers to § 6332 actions against

third parties, not cases under § 6331 such as this one. *Weintraub* makes

clear when read in context that § 6502 most certainly "concerns actions

against taxpayers" such as Dean.

Based on the out-of-context quote from *Weintraub*, and the fact

that Dean did not dispute that the 2013 Levy was executed before the

CSED, the Report concludes:

> "Thus, by timely issuing the Notice of Levy, the IRS has

satisfied § 6502(a)'s statute of limitations and may continue to receive monies under the levy until the underlying tax debt is satisfied…" (ECF 23, pg. 6 2nd ¶)

Plaintiff objects that this conclusion of law is based on an entirely different type of case than this one, i.e. a § 6332 third party rather than § 6331 taxpayer case. Dean further objects that he has pled sufficient facts to establish that the IRS is not applying the incoming levy payments to the "underlying tax debt." The IRS applies the payments to newly created "interest charges." The Report overlooks those well pled facts.

The Report then offers *U.S. v Michel*, 879 F. Supp. 2d 291,300 (E.D. NY 2012) for further support with this parenthetical citation,

("[a] levy that is made within this period of limitations remains enforceable to the extent of the value of the levied-upon property even if the person who receives the levy does not surrender the subject property within that period") (quoting *CPS Elec., Ltd v. United States*, 200 F. Supp.2d 120, 123 (N.D.N.Y. 2002)). (ECF 23, pg 6-7)

As in the *Weintraub* case, both *Michel* and *CPS Electric* are third party § 6332 cases. They are not collection actions against a taxpayer, but against a third party in possession of a taxpayer's property. That type of

collection action may be extended past the CSED. But as the Weintraub

court clarifies, "Section 6502 only concerns actions against taxpayers,

however, and not actions under § 6332 against third parties." (*Weintraub*,

supra, at 620) The subject levy in this case is against a taxpayer, not against

a third party under § 6332. The current levy should have ended when the

tax debts on the Notice of Levy became unenforceable. (*Rotte v. United*

*States*, 615 F.Supp.2d 1347, 1352-53 (S.D. Fla. 2009)

The Report on pg. 7 quotes as follows from yet another § 6332

third party collection case:

> "In other words, so long as the liability remains unsettled, a
> single timely proceeding extends the ability of the [IRS] to
> collect the assessment by levy beyond the ten-year limitations
> period in § 6502(a)." (ECF 23, pg. 7) citing *United States v. Estate*
> *of Chicorel*, 907 F.3d 896, 899 (6th Cir. 2018)

Plaintiff objects that the Report does not inform us that this case

is also a third party § 6332 case, collecting from a taxpayer's estate, as

opposed to directly from the taxpayer. IRC § 6502 does not apply to third

party collection actions. (*Weintraub*, supra.).

"The government seeks to collect taxes owed by decedent Albert Chicorel. The government initially attempted to do so by filing a proof of claim in Chicorel's probate proceedings." *United States v. Estate of Chicorel*, 907 F.3d 896 (6th Cir. 2018)

The court found, agreeing with the court below, that the government's filing of a proof of claim in the estate's probate proceedings was indeed a "proceeding in court" that tolled the statute of limitations, under both Michigan and federal law. The IRS claim was timely, tolling the statute, and thus a levy against the third party was also timely. But once again, the case here is distinguishable, primarily because it is a § 6331 case, and because there was no "proceeding in court" begun against Dean within the collection period. *Chicorel* is inapposite for the same reasons the earlier cited § 6332 cases are, § 6502 applies to § 6331 levies, not to those of § 6332.

And finally, this section of the Report makes two additional statements, first:

"The expiration of the collection statute on September 3, 2017 does not prevent the IRS from thereafter continuing to accept

payments from the SSA under the levy." (ECF 23, pg. 7, 2nd ¶)

Plaintiff objects that this is a misconstruction of Dean's complaint. Dean agrees that the passage of the CSED does not prevent the IRS from continuing to accept payments from the SSA under the levy. Dean complains that after the CSED the IRS cannot and does not apply the received payments to the debts against which they were allegedly levied. Dean's complaint is for damages caused by the IRS' unlawful creation of new debts for the levied payments to be applied to, not for the IRS' acceptance of the payments. The statement has nothing to do with the complaint.

The second statement is:

"Thus, contrary to Dean's allegation, the passing of the CSED did not extinguish Dean's tax liability such that the liability became 'satisfied.'" (ECF 23, pg. 7, 2nd ¶).

Plaintiff objects that this again is also a misconstruction of Dean's complaint. He has not argued that his debts were "satisfied" when the CSED passed and by the simple passage of that date alone.  He has

argued that they became "uncollectible" when the CSED passed. The passing of the CSED did not extinguish Dean's debts, the "appropriate official" in the IRS administratively extinguished Dean's debts under § 6325 by writing them off IRS books of account after the CSED passed because they had become unenforceable.  The Report parenthetically cites "e.g." *Sachs v. United States*, 2001 WL 1203281 at \*3-4 "finding that, pursuant to § 6502, the IRS could continue to collect on plaintiff's underlying liability after the CSED)."

Once again, the *Sachs* case is a third-party levy case under § 6332. And further, because the court found that the government had indeed "commenced a timely proceeding in court for the collection of tax," the CSED was extended under § 6502(a)(2)(B)."

"Accordingly, the deadline for collecting the tax was extended until the tax liability was satisfied, which occurred on July 13." *Sachs v United States*, supra. at 4).

Once again, the Report's cited case in support of the notion of the propriety of a post-CSED levy is distinguished both factually and

legally. There was no "proceeding in court" against Dean, and his levy is not under § 6332.  And even § 6502(a)(2)(B) limits the expiration of the collection period until "the liability for the tax (or a judgment against the taxpayer arising from such a liability) is satisfied or **becomes unenforceable**." (IRC § 6502(a)(2)(B)).

## N.    THE REPORT'S DISCUSSION OF 'THE LEVY'

Plaintiff has never challenged the IRS authority to levy Social Security benefits continuously from a single levy. The three cases cited in the R&R in support of that notion, *Bowers v. United States*, 861 F. Supp. 2d 921 (C.D. Ill. 2012), *Hines v. United States*, 658 F.Supp.2d 139, 145-46 (D.D.C. 2009) and *Overton v. United States,* 74 F.Supp.2d 1034, 1045 (D.N.M. 1999) confirm the idea,  Plaintiff objects, however, that none of those three cases involve a post-CSED levy.

*Bowers* found that the 15% limit of Sec. 6331(h) does not apply to Sec. 6331(a) levies. Dean does not dispute it. The *Bower's* Court said nothing about the CSED. The levy against Bowers was within the statutory

period.

In *Hines,* the Court found the same thing regarding SS levies. The government counterclaimed for Hines' taxes before the CSED and won judgment against him. Because there was a judgment, there was no post-CSED levy.

*Overton* found merely that Social Security benefits are not exempt from levy or subject to the 15% limit of Sec. 6331(h). None of these cases speak to the CSED issue.

The Report notes Dean's previous statement at ECF 16, pg. 11, where Dean said that he "doesn't deny that Social Security levies can work as Defendant alleges." Dean objects to the implication that he agrees that levies can proceed after the CSED. He would like to clarify that he does not dispute that Social Security levies can work the way the *Bowers, Hines,* and *Overton* Courts say they do, i.e. as one-time levies continuously collected.

Dean does however dispute that those cases or any others show that the IRS may continue such a § 6331 levy past the CSED. None of the

cited cases support, or even address that argument.

The R&R cites *United States v Nat'l Bank of Commerce*, 472 U.S. 713, 720 for the notion that the Defendant is in constructive possession of Dean's Social Security annuity.  He would note, however that the *Nat'l Bank of Commerce* was also a § 6332 action and the CSED was not a factor. But even so, the Nat'l Bank of Commerce court reminded the litigants:

> "Under the succeeding § 6322, the lien generally arises when an assessment is made, and it continues until the taxpayer's liability 'is satisfied **or becomes unenforceable by reason of lapse of time.**'" *United States v. National Bank of Commerce*, 472 U.S. 713, 719 (1985) (emphasis added)

Plaintiff does not dispute that a levy can reach future payments. Plaintiff disputes that a levy may do so after the collection period has expired and only through the lawless creation of new debt after the levied debt has been removed from IRS records.

## O.   THE REPORT RELIES FOR AUTHORITY ON AN INAPPOSITE AND INVALID TREASURY REGULATION

The Report relies on a Treasury Regulation that is inapposite

here.  The R&R at 9-10 discusses and cites 26 C.F.R. § 301.6343-1(b)(1)(ii).

That regulation interprets 26 U.S.C. § 6343, which addresses the IRS's

'[a]uthority to release levy and return property.'

Dean's complaint, however, does not allege that the IRS

violated either § 6343 or its regulations. (ECF 1, entire) Dean seeks no relief

under § 6343. And the United States' Motion to Dismiss, ECF 12, does not

cite the § 6343 regulation to support its motion. (ECF 12, entire). If that

regulation supported the United States' litigating position here, the Report

would not be the first document to say so.

And even if the cited regulation is apposite, the R&R report

only cited it to "refute Dean's position that the expiration of the CSED

resulted in a satisfaction of Dean's federal tax debt for purposes of the June

2013 levy." (ECF 23, pg. 10)  Dean, however, has not taken the position

that the debts are "satisfied." His position is that the debts are

unenforceable by passage of time. His position is confirmed by the fact that

the IRS must create new debt for the continuing payments to satisfy and

that levied payments are not applied to the levied debt. (ECF 1, ¶ 20, 22, 23, 31-34.)

And further, even if this regulation is apposite, it has no adverse legal effect on Dr. Dean's complaint. The R&R repeats Dean's claim that "there is no authority" for a post-CSED levy on fixed and determinable sources and calls it "misplaced." (ECF 23, pg. 10) Unfortunately, Dean's statement in ECF 16 at 15 reflects his inexperience in legal writing. What he meant to say, and argues here, is that there is no *statutory authority* for a post-CSED levy. The Treasury Regulation cited in the R&R is **the sole source of authority** for a post-CSED levy in the Report. The regulation is itself unsupported by any statute.

IRC § 6502 controls the amount of time the IRS has to collect taxes. There is no exemption or extension in that statute of the time allowed to collect "fixed and determinable" sources past the CSED.  (IRC § 6502; 26 C.F.R. § 301.6502-1)

It is well settled that statutes may not be amended by

regulation.

> "But the section contains nothing to that effect, and, therefore, **to uphold this addition to the tax would be to hold that it may be imposed by regulation, which, of course, the law does not permit."** *United States v. Calamaro*, 354 U.S. 351, 359, 77 S.Ct. 1138, 1143, 1 L.Ed.2d 1394; *See also: Koshland v. Helvering*, 298 U.S. 441, 447 (1936) ("But where, as in this case, the provisions of the act are unambiguous, and its directions specific, **there is no power to amend it by regulation.**"); *Manhattan Co. v. Commissioner*, 297 U.S. 129, 134 (1936) ("A regulation [which] operates to create a rule out of harmony with the statute, is a mere nullity. *Lynch* v. *Tilden Produce Co.*, 265 U.S. 315, 320-322; *Miller* v. *United States*, 294 U.S. 435, 439-440, and cases cited") (**emphasis added**)

The Report's cited regulation, 26 C.F.R. § 301.6343-1(b)(1)(ii), has no statutory support and is invalid for lack of it. It fails to serve as authority for levy in this case.

## P.   THE RELEASE OF FEDERAL TAX LIEN (RFTL)

Dean does not claim that his tax debt was "satisfied" by the RFTL, despite the language on its face saying Dean had "satisfied" them. His complaint is that they became unenforceable by passage of time. The "appropriate official" under 26 CFR § 301.6325-1, who issued the RFTL,

either wrote the debts off or ordered them administratively written off as a result of the passing of the CSED. The RFTL itself did not cancel any debts. It cancelled the government's lien against Dean's property and rights to property.

The IRS did more than merely release the lien. It also abated the assessment. As the Report notes, the IRS makes an assessment when it records the taxpayer's liability on its books. (See § 6203 and regulations) It follows then, that the IRS abates an assessment when it expunges the taxpayer's liability from its books. The RFTL did not cancel Dean's debts. The IRS cancelled Dean's debts administratively when the CSED passed. (ECF 20-1, 14, 20, 21, 22, 24 through 34)

This final section of the R&R spends considerable time revisiting the question of "satisfaction" of Dean's debt, and in an irrelevant but thorough analysis of the all the reasons Dean's liability for the debts on his released levy has survived the abatement of his assessments and the IRS' reduction of his debts to zero on its records of account.

The Report's discussions of "satisfaction of tax debt" never mention or consider any possibility for the second debt elimination option that appears in every controlling statute, i.e. the debt's becoming unenforceable by passage of time. The Report focuses exclusively on only one of the two statutory possibilities for extinguishing tax debt shown in every relevant IRC entry. This is a fatal flaw in the Report's legal conclusions.

In the code sections and regulations describing the rules for release of liens, IRC §§ 6321, 6322 and 6325, and collection time limits, § 6502 and 26 CFR § 301.6502-1(c) the requirement of "satisfaction" of the tax debt is always presented in the alternative to the debt's becoming unenforceable with the disjunctive connector "or." Dean claims his debts are unenforceable, not "satisfied." For example:

Section 6325 - Release of lien or discharge of property:

> "**(1) Liability satisfied or unenforceable** The Secretary finds that the liability for the amount assessed, together with all interest in respect thereof, has been **fully satisfied or has become legally unenforceable**;" 26 U.S.C. § 6325 (2nd emphasis

added)

Section 6322 - Period of lien:

"Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue **until the liability** for the amount so assessed (or a judgment against the taxpayer arising out of such liability) **is satisfied or becomes unenforceable by reason of lapse of time."** 26 U.S.C. § 6322 (emphasis added)

§ 301.6325-1(a)(1) Release of lien or discharge of property: (with a

comment about the liability).

"(a) Release of lien - (1) Liability satisfied or **unenforceable.** The appropriate official shall issue a certificate of release for a filed notice of Federal tax lien, no later than 30 days after the date on which he finds that the entire tax liability listed in such notice of Federal tax lien either has been **fully satisfied** (as defined in paragraph (a)(4) of this section) **or has become legally unenforceable. In all cases, the liability for the payment of the tax continues until satisfaction of the tax in full or until the expiration of the statutory period for collection,...**" 26 C.F.R. § 301.6325-1

§ 301.6502-1 Collection after assessment:

(c) Proceeding in court for the collection of the tax. If a proceeding in court for the collection of a tax is begun within the period provided in paragraph (a) of this section (or within any extended period as provided in paragraph (b) of this section), **the period during which the tax may be collected by**

**levy is extended until the liability for the tax or a judgment against the taxpayer arising from the liability is satisfied or becomes unenforceable**. 26 C.F.R. § 301.6502-1 (emphasis added)

Though the "unenforceable" alternative for liability relief appears in every statute and regulation touching on the matter, there is no mention in the R&R of the second alternative to "satisfaction" of tax debt. Proper statutory construction requires consideration of all the words in a statute.

"it is a well-established rule of statutory construction that courts must give effect, if possible, to every clause and every word of a statute." *Jaggernauth v. U.S. Att'y Gen.*,432 F.3d 1346, 1354 (11th Cir.2005) (per curiam) (citing *Williams v. Taylor*,529 U.S. 362, 404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). *United States v. Pirela,* 809 F.3d 1195, 1199 (11th Cir. 2015)

The Report consistently misconstrues the lien statutes and regulations by omitting consideration of the second option for lien and debt relief.

Further, the Complaint under § 7433 alleges numerous procedural defects in the IRS' creation of new debts that have nothing to do

with the effect of the RFTL.

Plaintiff does not assert that the RFTL "satisfied" his tax debt as the term "satisfy" is defined in the statute. The Report cites "ECF Doc. 20-1, at 30" to show where Dean did so, but ECF 20-1 at 30 is the last page of his 2001 account transcript showing the "write-off" credit that brought his account balance to -0-. Dean claims he owes no taxes to the IRS. That transcript at ECF 20-1, 30 confirms the fact.

Thus, *the removal of the lien*, *per se* did not "satisfy" the debt for 2001. It was the IRS' administrative credit of $215,918.74 to Dean's 2001 account, unrelated to and separate from the lien, that appears to have satisfied the debt, or at least to have extinguished, abated, or expunged it in some manner other than "satisfaction" as that term is defined in Report's cite to 26 C.F.R. § 301.6325-1(a)(4).

The "appropriate officer" does indeed have the discretion under the 26 C.F.R. § 301.6325-1(a)(5)(i) through (iv) to determine what constitutes proof of full payment. "...proof of full payment means" the list

of payment proofs listed in subsections (i) through (iv) with the last stating: "(iv) Any other manner of proof acceptable to the appropriate official." In Dean's case that official appears to have exercised his authority to determine that a tax debt was no longer owing.

The Report acknowledges that "The United States does not dispute that the IRS filed a RFTL in August 2017 and that it further abated the assessments of Dean's accounts with the IRS." The statement does not answer the question of whether Dean's *tax debts* were abated, though IRS transcripts show they were, and the IRS credits no payments to that debt simply because that debt no longer exists on IRS records. These facts are clearly stated in Dean's Complaint and must be taken as true in considering Defendant's MTD. *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1273-74 (11th Cir. 2008).

The Report directs us to Defendant's ECF 19, 3-4 for an explanation of Defendant's actions in abating Dean's debts and whether they have been "satisfied." But the reference points to a page of counsel's

opinions, not authorities.  And counsel's opinions are self-contradictory, offer no authorities in support, and are deeply confusing to a non-lawyer.

Defendant states, "The debt still exists." (ECF 19, at 4) In the next sentence he says, "However, the withdrawal effectively ended Plaintiff's tax debt to the United States…" (*Ibid.*) The Defendant's position seems to be that Dean has a liability but no debt. Plaintiff is struggling to understand that notion.  Defendant continues, "Plaintiff's tax debt does not exist…" (*Ibid.*)  And "the tax debt is no longer listed on IRS books because the IRS cannot take any new actions to collect on these actions."

Because the debt no longer exists on IRS records, the IRS cannot possibly reduce it with the incoming levied payments. The debt has already been reduced to zero by passage of time and the IRS administrative actions in writing it off.

IRS records supporting the Complaint clearly show that Dean does not owe the IRS anything for the years at issue as a matter of fact. That must be accepted for the purposes of the MTD. And if we accept those facts

as true it means that since the CSED, the IRS must create procedurally

defective new debts each month in aid of the ongoing collection action. It is

that lawless action that Dean complains of under § 7433.

## Q.  NEW COLLECTION ACTIONS BY THE IRS

And thus we arrive at the question at the heart of Dean's § 7433

complaint, which the Report dismissed in the negative with a single

footnote, "Does the procedurally defective creation of new debt each

month to accommodate an incoming levy payment constitute a "new"

collection action?"  On pg. 14, n. 3 the R&R provides the only discussion of

Counts I – IV in the Complaint. It is short enough to reproduce fully here:

> Plaintiff alleges that the IRS exhibited "reckless, intentional, or
> negligent disregard" of 26 U.S.C. §§ 6502(a), 6331(a), 6601(e)
> and (g), and 6303(a). ECF Doc. 1 at 17-26. However, (1) § 6502(a)
> provides that a timely levy must be made "within 10 years after
> the assessment of the tax," and there is no dispute as to the
> timeliness of the levy here; (2) §§ 6331(a) and 6303(a) provides
> for notice requirements regarding new collection actions, and
> there were no "new" collection actions here; and (3) § 6601(e)
> and (g) provide that interest may be assessed on any tax and
> collected during the period within which the tax to which such
> interest relates may be collected, and it has  been determined

that Plaintiff's Social Security benefits may continue to be collected pursuant to the timely levy. (ECF 23, pg. 14, n. 3)

Thus, in a single paragraph the R&R disposes of a host of otherwise unconsidered facts in Dean's Complaint by simply declaring, with no analysis or reference to authority, that "there were no new collection actions here." Plaintiff objects that the Report's discussion of the Complaints facts and allegations is wholly inadequate.

Whether the IRS' monthly creation of new debt for the 2013 Levy payments to satisfy is a new or related collection action is a question that merits a much closer analysis than the Report provides.

The facts Dean stated in ECF 1, and ECF 20-1, and restated above, fully supported by IRS records show that after the CSED the IRS extinguished Dean's relevant tax debts on its records. They also show the creation of new "interest" debt each month for Dean's 1997 tax year. The monthly creation of new debt to accommodate incoming levy payments is indeed a plausibly pled new collection action. Dean's liability for the written-off debts or whether they were "satisfied" or uncollectible is

irrelevant **because those are not the debts the IRS is paying with the levied payments.**

R.    **SUMMARY**

The Internal Revenue Code "labyrinth" prompted a Report and Recommendation that, necessarily, reached the incorrect conclusion. For the R&R presents an incomplete question, supplies an immaterial answer, addresses an inapplicable argument, and produces an inadequate footnote.

Dean's complaint, and his summary judgment motion, claim that the IRS unlawfully maintained a levy on his Social Security benefits after the 1997 tax Collection Statute Expiration Date. See 26 U.S.C. § 6502(a). The parties do not dispute (a) that September 3, 2017, is the CSED and (b) that the IRS maintained its levy for at least 24 months after the CSED.

Dean supports his 26 U.S.C. § 6502(a) claims with cites to three IRS actions that are legally consistent. One, the IRS released its 1997 federal tax lien against him. Two, the IRS expunged his 1997 tax liability from its

records. Three, the IRS extinguished its 1997 assessment(s) against him. Those assessment(s) had (a) recorded the now expunged tax liability and (b) created the now released tax lien.

But Dean's claims involve far more than only the tax collection statute of limitations and the IRS's three actions that are legally consistent with his claims.  He also claims that the IRS—to aid in maintaining its levy action against him—took the following unlawful actions:

(1)  entered monthly post-CSED assessments against him for purportedly due interest amounts, in the amount of the monthly levy proceeds,

(2)  applied his monthly levy proceeds to those monthly post-CSED interest assessments, and thereby,

(3)  collected those post-CSED interest assessments without statutory notice and demand issued to him, and absent his neglect or refusal to pay them.

Dean contends that those, distinct, IRS collection actions violate

the following IRC statutes and regulations:

  (i) 26 U.S.C. § 6331(a) (post-CSED assessment to aid collection);

  (ii) 26 U.S.C. § 6303(a) (no IRS notice and demand; no taxpayer
refusal or neglect to pay);

  (iii) 26 U.S.C. § 6601(e) (interest "shall be paid upon notice and
demand, and shall be assessed, collected, and paid in the same manner as
taxes"); and

  (iv)  26 U.S.C. § 6601(g) (interest "may be assessed and collected
at any time during the period within which the tax to which such interest
relates may be collected").

  Dean's factual claims are undisputed, and at very least,
plausible.  The Report and Recommendation simply misapprehended and
misconstrued them.

## CONCLUSION

  Dean's complaint against unlawful IRS collection actions states
claims for relief that are, at least, plausible.  Yet the Report and

Recommendation's discourse on the word "satisfied" and its footnote on four Internal Revenue Code sections misapprehends those claims.

Yes, Dean requests that the Court overrule the R&R, deny the United States' motion to dismiss, grant Dean's motion for summary judgment, and award him summary judgment. But another outcome would better accord with our "fair and just tax system." See 26 U.S.C. § 7803(a)(3)(J).

That is, the Court should recommit the United States' motion to dismiss, and Dean's motion for summary judgment, to the Magistrate Judge for a second look. Then the parties could have true *de novo* review.

Respectfully submitted on this 18th day of May 2020:

By: _____

Ward Dean, plaintiff.
6708 Plantation Road, Ste C-1
Pensacola, Florida 32504
Phone 850-293-0278
Email: warddeanmd@protonmail.com

## CERTIFICATE OF SERVICE

On May 18, 2020, I certify that a copy of this **PLAINTIFF'S OBJECTION UNDER FED. R. CIV. P 72(b)(2) AND 28 U.S.C. § 636(b)(1) TO THE MAGISTRATE JUDGE'S REPORT & RECOMMENDATION** was served on Defendant's counsel in a postage paid wrapper by U.S. mail to:

Conor P. Desmond
NDFL NextGen CM/ECF Trial Attorney,
Tax Division U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station Washington, D.C. 20044
202-616-1857 (v)
202-514-4963 (f)

I also sent a courtesy copy of this **Objection** to Defendant's counselor this email address:     Conor.P.Desmond@usdoj.gov

_____

Ward Dean, plaintiff.                    May 18, 2020



# UNITED STATES POSTAL SERVICE®

# PRIORITY MAIL®

PRESS FIRMLY TO SEAL

P S00001000014

EP14F Oct 2018
OD: 12 1/2 x 9 1/2

USPS.COM/PICKUP

* Domestic only.

**Date of delivery specified***

■ **USPS TRACKING™ included to many major international destinations.**

■ **Limited international insurance.***

■ **Pick up available.***

■ **Order supplies online.***

■ **When used internationally, a customs declaration label may be required.**

* Domestic only



CHECKED
MAY 18 2020



To schedule free
Package Pickup,
scan the QR code.

* Domestic only.   × For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.



USPS TRACKING®

9505 5065 9736 0139 2251 34

# P

## PRIORITY MAIL 1-DAY®

EXPECTED DELIVERY DAY: 05/19/20

0494005181602259

U.S. POSTAGE
PM 1-DAY
$7.75
32504  0006
Date of sale
06/18/20
1148203 SSK

C003

0006

**FROM:** Ward Dean, MD
6708 Plantation Rd
Ste C-1
Pensacola, FL 32504

SHIP
TO:
Clerk of Court
100 N PALAFOX ST
PENSACOLA FL 32502-4839

PRIORITY MAIL
FLAT RATE
POSTAGE REQUIRED

USPS TRACKING® NUMBER

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments.
Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; October 2018; All rights reserved.